UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:25-cv-22896-JEM

FRIENDS OF THE EVERGLADES, INC., a Florida not-for-profit corporation, and CENTER FOR BIOLOGICAL DIVERSITY, a 501(c)(3) nonprofit organization,

   Plaintiffs,

vs.

KRISTI NOEM, in her official capacity as Secretary of the UNITED STATES DEPARTMENT OF HOMELAND SECURITY; TODD LYONS, in his official capacity as Acting Director of the UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; KEVIN GUTHRIE, in his official capacity as Executive Director of the Florida Division of Emergency Management; and MIAMI-DADE COUNTY, a political subdivision of the State of Florida,

   Defendants.

## [PROPOSED] ORDER GRANTING TEMPORARY RESTRAINING ORDER

THIS MATTER is before the Court on Plaintiffs' Expedited Motion for Temporary Restraining Order (the "Motion," ECF No. _____). Having reviewed the Motion and its exhibits and the Complaint, and being otherwise duly advised in the premises, it is ORDERED AND ADJUDGED that the Motion is GRANTED for the reasons stated below:

## BACKGROUND

On or about June 23, 2025, the State of Florida's Division of Emergency Management (the "Division") commenced construction of an immigrant detention center at the Dade-Collier

Training and Transition Airport ("TNT Site"), a limited-use pilot training facility owned by Miami-Dade County and within the Big Cypress National Preserve and the Everglades ecosystem. According to the Complaint and Motion, this work commenced with no public notice. Florida officials, including Governor DeSantis, have publicly stated that the construction of this immigration detention center was specifically requested by the federal government, that it will be "fully funded" by the federal government, and that the facility is to be used to detain individuals in the custody of United States Immigration and Customs Enforcement (ICE). Kristi Noem, the Secretary of the United States Department of Homeland Security (DHS), has also stated that the facility will be funded with federal funds.

Plaintiffs Friends of the Everglades, Inc., and Center for Biological Diversity, Inc. ("Plaintiffs") are nonprofit environmental conservation organizations whose members visit and use the Big Cypress National Preserve and the surrounding Everglades area for aesthetic and recreational purposes. The Preserve was created "in order to assure the preservation, conservation and protection of the natural, scenic, hydrologic, floral and faunal and recreational values in the Big Cypress Watershed." Pub. L. No. 93-440(a). The Preserve is managed as a unit of the National Park System "in a manner which will assure their natural and ecological integrity in perpetuity' in accordance with the provisions of this Act and with the provisions of the Act of August 25, 1916 (39 Stat. 535; 16 U.S.C. 1-4), as amended and supplemented." Pub. L. No. 100-301 § 4(a), Big Cypress National Preserve Addition Act of 1988. The Big Cypress National Preserve provides habitat for numerous threatened and endangered species including the Florida Bonneted Bat, the Florida Panther, wood stork, Everglades snail kite, and others.

In Count I of the Complaint, Plaintiffs seek a declaratory judgment that Defendants Noem, Lyons and Guthrie commenced construction of the immigration detention center without first

preparing and publishing an Environmental Impact Statement (EIS) as required under the National Environmental Policy Act (NEPA), 42 U.S.C. § 4321 *et seq.* Plaintiffs also seek preliminary and permanent injunctive relief, and they have requested an expedited temporary restraining order to maintain the status quo until the Court may consider their motion for a preliminary injunction.

The Court finds that a temporary restraining order is appropriate in this case, for the following reasons:

First, the Court finds that Plaintiffs have established that they are likely to succeed on the merits of Count I of the Complaint. "NEPA requires that federal agencies consider in an EIS the environmental effects of proposed major actions." *Okeelanta Corp. v. United States Army Corps of Engineers*, 132 F.4th 1320, 1344 (11th Cir. 2025) (citing 42 U.SC. § 4332(2)(C)). Based on the exhibits attached to the Motion, and given the speed with which Defendant Guthrie has commenced construction of the detention center, it appears that Plaintiffs are likely to prove that the Defendants did not prepare an EIS considering the environmental impacts of the detention center, as NEPA requires. A "fundamental purpose of NEPA is to ensure that important effects will not be overlooked or underestimated only to be discovered after resources have been committed or the die otherwise cast." *Florida Wildlife Fed'n v. U.S. Army Corps of Engineers*, 404 F.Supp.2d 1352, 1366-67 (S.D. Fla. 2005).

The Court further finds that Plaintiffs are likely to succeed in demonstrating that the construction of the detention center constitutes a major federal action. Major federal actions include any action that is subject to "substantial Federal control and responsibility." 42 U.S.C. § 4336e(10)(A). *See also Sierra Club v. Van Antwerp*, 526 F.3d 1353, 1360 (11th Cir. 2008) (defining a "major federal action" as "an action significantly affecting the quality of the human environment"). Florida officials have publicly confirmed that the detention center project was

requested by federal officials and that it will be funded by the federal government. Moreover, any detention of individuals for purported violations of federal immigration law must necessarily be undertaken at the direction of ICE or other federal agencies. *See Arizona v. United States*, 567 U.S. 387 (2012) (holding federal law preempts state immigration law enforcement); *Florida Immigrant Coal. v. Uthmeier*, ---F. Supp. 3d---, No. 25-21524-CV, 2025 WL 1423357, at *7-10 (S.D. Fla. Apr. 29, 2025) (same); *Farmworker Ass'n of Fla., Inc. v. Moody*, 734 F.Supp.3d 1311, 1332-37 (S.D. Fla. 2024) (same). *See also* Fla. Stat. § 908.13(2)(c) (state may not engage in noncitizen transport except "under the direct control and supervision of the United States Immigration and Customs Enforcement").

The Court also finds that Plaintiffs will suffer irreparable harm in the absence of a temporary restraining order. An injury is irreparable if it cannot be remedied through monetary damages. *Ferrero v. Assoc. Materials Inc.*, 923 F.2d 1441, 1449 (11th Cir. 1991). "[W]hen a decision to which NEPA obligations attach is made without the informed environmental consideration that NEPA requires, the harm that NEPA intends to prevent has been suffered." *Sierra Club v. Marsh*, 872 F.2d 497, 500 (1st Cir. 1989).

A violation of NEPA is an injury to a party's procedural rights. *Ouachita Watch League v. Jacobs*, 463 F.3d 1163, 1173 (11th Cir. 2006) ("the plaintiffs were harmed when their procedural rights under NEPA were violated"); *Ctr. for a Sustainable Coast v. U.S. Army Corps of Eng'rs*, 100 F.4th 1349, 1356-57 (11th Cir. 2024) (same). "For procedural rights cases, though injury in fact remains a firm requirement, standards for both causation and redressability are relaxed. So long as a plaintiff alleges that the challenged (or omitted) procedure protects a concrete interest, causation and redressability typically follow." *Ctr. for a Sustainable Coast*, 100 F.4th at 1353. Plaintiffs have stated that, had the Defendants prepared an EIS, they would have taken the

opportunity to participate in the process and comment on the EIS. Plaintiffs have also adequately shown that, had Defendants sought and obtained an EIS as NEPA requires, the Site would have been found unsuitable for this purpose, given its location within Big Cypress National Preserve, its proximity to Everglades National Park, the potential harmful effects on multiple endangered species, and the billions of public dollars that have been devoted to preserving and restoring the Everglades ecosystem. These facts are sufficient to show that Plaintiffs have a concrete and redressable injury. *See Ctr. for a Sustainable Coast v. U.S. Army Corps of Eng'rs*, 100 F.4th 1349, 1356-57 (11th Cir. 2024); *see also Miccosukee Tribe of Indians of Florida v. United States*, No. 08-21747-CIV, 2008 WL 11332080, at *11 (S.D. Fla. Nov. 14, 2008) ("the risk implied by a violation of NEPA is that real environmental harm will occur through inadequate foresight and deliberation"). Plaintiffs' injuries are also irreparable absent injunctive relief. *Miccosukee Tribe*, 2008 WL 11332080 at *11 ("[i]rreparable harm results where environmental concerns have not been addressed by the NEPA process"); *Protect Key West, Inc. v. Cheney*, 795 F. Supp. 1552, 1563 (S.D. Fla. 1992) (same).

The balance of equities and the public interest also weigh in favor of a temporary restraining order. "Environmental injury, by its nature, can seldom be adequately remedied by money damages and is often permanent or at least of long duration, *i.e.,* irreparable. If such injury is sufficiently likely, therefore, the balance of harms will usually favor the issuance of an injunction to protect the environment." *Amoco Prod. Co. v. Vill. of Gambell, AK*, 480 U.S. 531, 545 (1987). Moreover, a "fundamental purpose of NEPA is to ensure that important effects will not be overlooked or underestimated only to be discovered after resources have been committed or the die otherwise cast." *Florida Wildlife Fed'n*, 404 F.Supp.2d at 1366-67. Absent injunctive relief, this purpose will be undermined.

5

"There is generally no public interest in the perpetuation of unlawful agency action." *League of Women Voters of United States v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016) (internal citations omitted). "To the contrary, there is a substantial public interest in having governmental agencies abide by the federal laws that govern their existence and operations." *Id.* Given that Plaintiffs' have established a likelihood of success in establishing that Defendants have violated NEPA – and likelihood of success "is generally the most important factor" in considering preliminary injunctive relief, *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1232 (11th Cir. 2005) – the Court finds that a temporary restraining order would serve the public interest.

Accordingly, Plaintiffs' Motion for a Temporary Restraining Order is GRANTED as follows:

1. Defendants Noem, Lyons, and Guthrie and any of their officers, agents, servants, employees, attorneys and any other persons who are in active concert or participation with any of the Defendants are hereby restrained and enjoined from engaging in any pre-construction activities, construction, conversion, or use of the TNT Site;

2. Defendants Noem, Lyons, and Guthrie and any of their officers, agents, servants, employees, attorneys, and any other persons who are in active concert or participation with any of the Defendants are hereby restrained and enjoined from authorizing or permitting further development or use of the TNT Site; and

3. Defendant Miami-Dade County and any of its officers, agents, servants, employees, attorneys, and any other persons who are in active concert or participation with any of the Defendants are hereby restrained and enjoined from acquiescing in the use of the TNT Site for any purpose other than the limited-use pilot training for which the Site was used prior to June 23, 2025.

Rule 65(c) of the Federal Rules of Civil Procedure provides that a court "may issue a preliminary injunction ... only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). "[T]he amount of security required by the rule is a matter within the discretion of the trial court…and the court may elect to require no security at all." *BellSouth Telecomm., Inc. v. MCImetro Access Transmission Servs., LLC*, 425 F.3d 964, 971 (11th Cir. 2005) (internal citations omitted). The Court finds it appropriate to require Plaintiffs to post a nominal $100 bond.

Plaintiffs' Motion for Preliminary Injunction shall be scheduled for hearing upon further order of the Court.

Plaintiffs shall serve this Order upon all Defendants within 24 hours of entry of this Order.

DONE AND ORDERED in Chambers in Miami, Florida, at _____ p.m., this ____ day of _____ 2025.

Honorable Jose E. Martinez
United States District Court Judge

*Copies furnished to:*
Paul J. Schwiep, Esq.
   PSchwiep@CoffeyBurlington.com
   YVB@CoffeyBurlington.com
   Service@CoffeyBurlington.com
Scott A. Hiaasen, Esq.
   SHiaasen@CoffeyBurlington.com
   LPerez@CoffeyBurlington.com
Tania Galloni, Esq.
   tgalloni@earthjustice.org
Dominique Burkhardt, Esq.
   dburkhardt@earthjustice.org