UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
No. 25-cv-22896-JEM

FRIENDS OF THE EVERGLADES, INC., et al.

    Plaintiffs,

v.

KRISTI NOEM, et al.,

    Defendants.

**DEFENDANT KEVIN GUTHRIE'S OMNIBUS
<u>RESPONSE TO PLAINTIFFS' THREE SUPPLEMENTAL REPLY BRIEFS</u>**

On July 3, 2025, Plaintiffs filed their reply. Doc. 24. Since then, Plaintiffs have filed three additional "Notices," accompanied by exhibits going beyond what was included in their motion and reply. *See* Docs. 25, 26, 27. Those filings—made without leave of the Court—were improper. "[A]t some point, briefing must end," *Archdiocese of Milwaukee v. Underwriters at Lloyd's, London*, 955 F. Supp. 1066, 1070 (E.D. Wis. 1997), which is why the local rules require that "[a]ll materials in support of any motion, response, or reply, including affidavits and declarations, … be served with the filing," S.D. Fla. R. 7.1(c)(1). There is, of course, a place for supplemental authority, S.D. Fla. R. 7.8; but "[s]upplemental filings should not raise issues for the first time that could have, with reasonable diligence, been raised before," *Girard v. Aztec RV Resort, Inc.*, 2011 WL 4345443, at *3 (S.D. Fla. Sept. 16, 2011). Here, Plaintiffs offer no reason they could not have included the content of their "Notices" and exhibits in their briefing. Accordingly, the Court should disregard the Notices and direct Plaintiffs to cease filing additional briefs without leave of Court.

Regardless, the Notices do not advance Plaintiffs' cause. The Facebook post from Secretary Noem, for example, confirms Defendants' position that there has been no final federal

1

funding decision.  Secretary Noem said the project "*will* be funded largely" from FEMA's Shelter and Services Program ("SSP").  Doc. 25-1 (emphasis added).  That is an informal statement of future intent, not final agency action.  *Cf. Apter v. Dep't of Health & Human Servs.*, 80 F.4th 579, 595 (5th Cir. 2023) (social media post was not final agency action).  And even if this Facebook post were final agency action, it would only confirm that NEPA does not apply.  The SSP reimburses "non-Federal entities" for "sheltering and related activities … in support of relieving overcrowding in short-term holding facilities of U.S. Customs and Border Protection."  Further Consolidated Appropriations Act, 2024, Pub. L. 118-47, div. C, tit. II, 138 Stat. 460, 598 (Mar. 23, 2024).  The SSP does not convert those "non-Federal entities" into federal entities under NEPA—if it did, then the Roosevelt Hotel in New York would have become a federal project just because the Biden administration paid to house illegal aliens there.  So, too, would Plaintiffs' theory federalize the hundreds of state and local jails that house illegal immigrants under 287(g) agreements—apparently requiring each such local jail to comply with NEPA anytime a change to the facility is made.  Plaintiffs' NEPA theory is boundless and would have the statute's requirements follow every dollar of federal money into every nook and cranny of state and local government.  No court has ever endorsed such an outlandish reading of the statute.

Plaintiffs' late-breaking photos also do not aid them.  Docs. 26-1, 27-1.  For one, the photos do nothing to address the central legal issue in the case: Plaintiffs complain about a *state* project on *state* land that already houses a *state* airfield, and thus NEPA law for *federal* projects does not apply.  Mere "federal involvement in nonfederal decision-making" is not sufficient to trigger NEPA.  *United States v. S. Fla. Water Mgmt. Dist.*, 28 F.3d 1563, 1573 (11th Cir. 1994).  After five filings, Plaintiffs still cannot overcome this point, and none of the cases Plaintiffs cite find NEPA applicable in a context remotely like this one.  *See Sw. Williamson Cnty. Cmty. Ass'n, Inc. v. Slater*,

243 F.3d 270, 286 (6th Cir. 2001) (NEPA did not apply to a state highway corridor); *Md. Conservation Council, Inc. v. Gilchrist*, 808 F.2d 1039, 1042 (4th Cir. 1986) (applying NEPA to a highway project that required at least one, and possibly three, federal approvals for construction); *Fath v. Tex. Dep't of Transp.*, 2016 WL 7442868, at *1, *6-7 (W.D. Tex. Sept. 6, 2016) (NEPA applied when state agency "entered into a formal memorandum of understanding" to step into the shoes of a federal agency); *Sierra Club v. U.S. Fish & Wildlife Serv.*, 235 F. Supp. 2d 1109, 1121 (D. Or. 2002) (applying NEPA to a wildlife study that would be funded in large part by a federal agency); *Bunch v. Hodel*, 642 F. Supp. 363, 375 (W.D. Tenn. 1985) (NEPA required in light of "44 years of continuous and exclusive federal water level management of Reelfoot Lake").

Nor do the photos advance Plaintiffs' claims of irreparable harm.  On the contrary, the photos confirm Defendants' position that the project is taking place within the existing footprint of a working airfield.  Indeed, the fact that Plaintiffs quibble with relatively minor paving projects significantly undercuts their claimed irreparable harm.  Plaintiffs' photos do not reveal construction on pristine land; far from it, they show land that was largely lime rock, gravel, or existing dirt road within the footprint of the airfield.  It is simply implausible that small-scale paving on previously developed land will cause irreparable environmental harm when the paving is next to a nearly two-mile-long paved runway.

Dated: July 11, 2025

James Uthmeier
  *Attorney General of Florida*
Jeffrey Paul DeSousa (FBN 110951)
  *Acting Solicitor General*
Nathan A. Forrester (FBN 1045107)
  *Chief Deputy Solicitor General*
Robert S. Schenck (FBN 1044532)
  *Assistant Solicitor General*
**Office of the Attorney General**
The Capitol, PL-01
Tallahassee, FL 32399
jeffrey.desousa@myfloridalegal.com

Respectfully submitted,

s/ *Jesse Panuccio*
Jesse Panuccio (FBN 31401)
Evan Ezray (FBN 1008228)
**BOIES SCHILLER FLEXNER LLP**
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida 33301
jpannucio@bsfllp.com

*Counsel for Kevin Guthrie, in his official capacity as Executive Director of the Florida Division of Emergency Management*

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2025, the foregoing was filed with the Clerk of Court using CM/ECF, which will serve a Notice of Electronic Filing on all counsel of record.

s/ *Jesse Panuccio*
Jesse Panuccio