**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:25-cv-22896-JEM**

FRIENDS OF THE EVERGLADES, INC., a Florida
not-for-profit corporation, and CENTER FOR
BIOLOGICAL DIVERSITY, a 501(c)(3) nonprofit
organization,

        Plaintiffs,

vs.

KRISTI NOEM, in her official capacity as Secretary
of the UNITED STATES DEPARTMENT OF
HOMELAND SECURITY; TODD LYONS, in his
official capacity as Acting Director of the UNITED
STATES IMMIGRATION AND CUSTOMS
ENFORCEMENT; KEVIN GUTHRIE, in his official
capacity as Executive Director of the Florida Division
of Emergency Management; and MIAMI-DADE
COUNTY, a political subdivision of the State of
Florida,

        Defendants.

**PLAINTIFFS' EXPEDITED MOTION FOR RULING ON MOTION FOR A**
**TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiffs respectfully move for the entry of an order ruling on their June 27, 2025,

Expedited Motion for a Temporary Restraining Order and Preliminary Injunction, (D.E. 5,

hereinafter the "PI Motion"), which has been fully briefed since July 3, 2025. Plaintiffs respectfully

request that the Court rule on the PI Motion, or refer the matter to the Magistrate Judge for

expedited resolution, by no later than Friday, July 18, 2025. Should the Court believe it helpful,

Plaintiffs will appear at the Court's convenience to present argument in support of the PI Motion.

In support of this motion, Plaintiffs state as follows:

## Introduction

During the week of June 16, 2025, Florida Attorney General James Uthmeier announced that Florida would commandeer the Dade-Collier Training and Transition Airport ("TNT Site") from Miami-Dade County under the Governor's emergency powers to construct a mass detention center to detain noncitizens in partnership with the federal government. To Plaintiffs' knowledge, work commenced on the site during the week of June 22, 2025. The Federal Government has promised to pay for the work. (D.E. 25.)

On June 27, 2025, Plaintiffs filed a Complaint for Declaratory and Injunctive Relief (D.E. 1) and their PI Motion. (D.E. 5.)[1] The Complaint and PI Motion demonstrate that the Defendants' activities on the TNT Site require compliance with the National Environmental Policy Act, 42 U.S.C. § 4321, *et seq.* ("NEPA"), and alleged that Defendants failed to comply with NEPA's requirements. Among other things, NEPA requires an assessment of alternatives to the action, and the preparation of an environmental impact statement, after public participation, to evaluate the environmental effects of the project. *See generally Okeelanta Corp. v. United States Army Corps of Eng'rs*, 132 F.4th 1320, 1344 (11th Cir. 2025) ("NEPA requires that federal agencies consider in an EIS the environmental effects of proposed major actions, which include actions that an agency permits. NEPA is 'essentially procedural, designed to ensure 'fully informed and well-considered decision[s]' by federal agencies.") (quoting *Vt. Yankee Nuclear Power Corp. v. NRDC*, 435 U.S. 519, 558 (1978)).

All Defendants have responded in opposition to the PI Motion, with the final response received from the Federal Defendants on July 3, 2025. (D.E. 21.) Defendants' responses all but

---

[1] The PI Motion requested issuance of a temporary restraining order under Rule 65. As all Defendants have now appeared, preliminary injunctive relief is requested.

2

concede that no NEPA evaluation has occurred, instead arguing that the action is exempt from NEPA. Within 24 hours of receiving the final opposition memorandum from the Federal Defendants, Plaintiffs filed a consolidated reply memorandum addressing the opposition briefs received from the Federal Defendants, the State, and Miami-Dade County.[2] (D.E. 24, filed July 3, 2025.)

Plaintiffs' PI Motion requested an expedited ruling and noted that DHS and ICE had publicly stated they intended to commence detaining individuals at the TNT Site as early as July 1, 2025. (D.E. 5, at 5.) In fact, the Federal Defendants or their agents have transported immigration detainees to the TNT Site.[3] The conditions at the TNT Site have been described as inhumane and unsanitary, and ignited a public outcry.[4] Elected State officials have been denied access to the Site.[5] The Miami-Dade County Mayor has expressed "grave concerns" over conditions at the Site and requested an opportunity to inspect it, which has been denied.[6]

The environmental impacts from work at the Site and ongoing operations are patent, and include filling and paving of previously open areas, *see* D.E. 27, and ongoing light pollution from operation of a mass detention center, *see* D.E. 24-4, which is significant because this is an unprecedented use of the TNT Site within the Big Cypress National Preserve, which is home to

---

[2]  Plaintiffs are no longer seeking injunctive relief as against the County.

[3]    *See*   https://www.pbs.org/newshour/nation/first-immigration-detainees-arrive-at-alligator-alcatraz-in-florida-everglades.

[4]   *See, e.g.,*  https://www.newsweek.com/immigration-migrant-alligator-alcatraz-ice-detained-2096868; https://www.cbsnews.com/miami/news/alligator-alcatraz-detainees-allege-inhumane-conditions-at-immigration-detention-center/; https://www.yahoo.com/news/alligator-alcatraz-detainees-describe-spoiled-230853523.html; https://www.miamiherald.com/news/local/immigration/article310130645.html.

[5]   *See*  https://www.cbsnews.com/miami/news/democratic-lawmakers-denied-entry-to-alligator-alcatraz-immigration-detention-site/

[6]    https://www.nbcmiami.com/news/local/mayor-critical-of-alligator-alcatraz-told-she-cannot-access-facility/3654765/

3

federally protected nocturnal species and an internationally recognized dark sky park.[7]   As discussed further below, other environmental harms continue to occur, as well as harms to Plaintiffs' procedural rights under NEPA.

## Argument

The PI Motion, which has been pending now for two weeks, is urgent—which is why Plaintiffs requested expedited relief.[8]   In *In re Fort Worth Chamber of Commerce,* 100 4.th 528 (5th Cir. 2024), the Fifth Circuit explained that delay in resolving a motion for preliminary injunction can be considered an effective denial under certain circumstances. *Id.* at 534. There, the plaintiff requested expedited review of its motion for preliminary injunction and advised the district court that the plaintiff would consider the motion denied absent a ruling within three days. The district court denied the request for expedited review. The plaintiff appealed arguing that the failure to rule was effective denial, appealable under 28 U.S.C. § 1292(b). The Court of Appeals found that indeed the District Court had effectively denied preliminary injunctive relief "by not properly ruling on it." *Id.* at 535. The Court explained that while a plaintiff "cannot simply say they need an expedited ruling and then appeal by claiming effective denial when they don't get on

---

[7]   *See* https://www.nps.gov/bicy/planyourvisit/astronomy-programs.htm ("Big Cypress National Preserve [is] home to some of the last remaining dark skies in the country and [is] committed to protecting the night sky resource.").

[8]   Plaintiffs did not designate their motion as an "emergency" under S.D. Fla. L.R. 7.1(d)(1), as local rules preclude such a designation where the motion would become moot if not resolved within seven days. Plaintiffs' PI Motion did not meet this criterion, and it is not moot as the NEPA violation is ongoing and may be remedied by putting a halt to further and on-going activity at the TNT Site. *See, e.g., Tennessee Valley Auth. v. Hill*, 437 U.S. 153 (1978) (where Court halted construction of a dam that had been "virtually completed" based on a NEPA violation); *Fla. Wildlife Fed'n v. United States Army Corps of Eng'rs*, 404 F. Supp. 2d 1352, 1357 (S.D. Fla. 2005) (wherein court granted the plaintiffs' request for injunctive relief and enjoined ongoing construction on wetlands in Palm Beach County); *Manatee Cty. v. Gorsuch*, 554 F. Supp. 778, 795 (M.D. Fla. 1982) (enjoining further dumping of dredged material, even when the defendants argued it would "cause serious contractual difficulties and would substantially increase the cost of the project.").

their preferred timeline," where there is a basis for urgency and a diligent plaintiff, the failure to rule is effective denial. *Id.*; *see also Amazon.com Servs. LLC v. Nat'l Lab. Rels. Bd.*, 136 F.4th 577, 582 (5th Cir. 2025) (holding that a plaintiff claiming effective denial of preliminary injunctive relief based on failure to rule must demonstrate diligence in requesting a ruling). Accordingly, Plaintiffs respectfully request that the Court act on the PI Motion no later than July 18.

Here, Plaintiffs requested ruling on their PI Motion, which included a TRO request, by July 1, 2025, to preserve the status quo before detained persons were transferred to the site and it commenced operation, which causes further harm. (D.E. 5, at 5.) After Defendants responded in opposition to the TRO motion, Plaintiffs filed their reply within 24 hours, late in the evening before the July 4 holiday. Meanwhile, with each passing day there is ongoing harm to Plaintiffs' procedural rights under NEPA, *see Okeelanta Corp.*, 132 F.4th at 1337 (explaining the "special nature of … injury [arising from] failure to follow NEPA …."), and material and significant harm to environmental resources. These harms include harm to Plaintiffs' members' recreational, aesthetic, and other interests in the environment, as demonstrated in the declarations attached to the PI Motion. (DE 5-1, 5-2 & 5-3.)  These harms are ongoing and warrant immediate consideration.

WHEREFORE, Plaintiffs respectfully request that the Court rule on their PI Motion, or refer the matter to the Magistrate Judge for expedited resolution, by no later than Friday, July 18, 2025. Plaintiffs are prepared to appear at the Court's convenience to address any questions the Court may have.

Dated:   July 11, 2025

Respectfully submitted,

EARTHJUSTICE
4500 Biscayne Boulevard, Suite 201
Miami, Florida  33137
Telephone:  (305) 440-5432

By:_____s/   Tania Galloni_____
    Tania Galloni, Fla. Bar No. 619221
    tgalloni@earthjustice.org
    Dominique Burkhardt, Fla. Bar No.
    100309
    dburkhardt@earthjustice.org
    Alisa Coe, Fla. Bar No. 10187
    acoe@earthjustice.org

*Counsel for Friends of the Everglades*

CENTER FOR BIOLOGICAL DIVERSITY
Post Office Box 2155
St. Petersburg, FL 33731
Telephone:  (727) 755-6950

By:_____s/   Elise Pautler Bennett_____
Elise Pautler Bennett, Fla. Bar No. 106573
ebennett@biologicaldiversity.org
Jason Alexander Totoiu, Fla. Bar No. 871931
jtotoiu@biologicaldiversity.org

*Counsel for Center for Biological Diversity*

COFFEY BURLINGTON, P.L.
2601 South Bayshore Drive, Penthouse One
Miami, Florida  33133
Telephone:  (305) 858-2900

By:_____s/   Paul J. Schwiep_____
    Paul J. Schwiep, Fla. Bar No. 823244
    PSchwiep@CoffeyBurlington.com
    Scott Hiaasen, Fla. Bar No. 103318
    SHiaasen@CoffeyBurlington.com
    YVB@CoffeyBurlington.com
    LPerez@CoffeyBurlington.com
    service@CoffeyBurlington.com

*Counsel for Plaintiffs*

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 11, 2025, I electronically filed the foregoing with the

Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this

day on all counsel of record on the Service List below via transmission of Notice of Electronic

Filing generated by CM/ECF.

s/   Paul J. Schwiep

| Service List | |
|---|---|
| **Nathan A. Forrester**<br>    Chief Deputy Solicitor General<br>nathan.forrester@myfloridalegal.com<br>**Robert S. Schenck**<br>    Assistant Solicitor General<br>robert.schenck@myfloridalegal.com<br>Office of the Attorney General<br>The Capitol, PL-01<br>Tallahassee, Florida  32399-1050<br>Telephone:  (850) 414-3300<br>jenna.hodges@myfloridalegal.com<br><br>*Counsel for Defendant Kevin Guthrie, in his official capacity as Executive Director of the Florida Division of Emergency Management* | BOIES SCHILLER FLEXNER LLP<br>**Jesse Panuccio, Esq.**<br>jpanuccio@bsfllp.com<br>**Evan Ezray, Esq.**<br>eezray@bsfllp.com<br>401 East Las Olas Boulevard, Suite 1200<br>Fort Lauderdale, Florida  33301<br>Telephone:  (954) 356-0011<br><br>*Counsel for Defendant Kevin Guthrie, in his official capacity as Executive Director of the Florida Division of Emergency Management* |
| GERALDINE BONZON-KEENAN<br>Miami-Dade County Attorney<br>**Christopher J. Wahl**<br>    Assistant County Attorney<br>wahl@miamidade.gov<br>**David M. Murry**<br>    Assistant County Attorney<br>dmmurray@FlyMIA.com<br>Stephen P. Clark County<br>111 Northwest 1st Street, Suite 2810<br>Miami, Florida  33128<br>Telephone:  (305) 375-5151<br>kgriffin@FlyMIA.com<br>victor.rodriguez3@miamidade.gov<br><br>*Counsel for Miami-Dade County* | HAYDEN P. O'BYRNE<br>United States Attorney<br>**Carlos J. Raurell**<br>    Assistant U.S. Attorney<br>carlos.raurell@usdoj.gov<br>99 Northeast 4th Street<br>Miami, Florida  33132<br>Telephone:  (305) 961-9243<br>ADAM R.F. GUSTAFSON<br>Acting Assistant Attorney General<br>Environment and Natural Resources Division<br>    United States Department of Justice<br>**Peter M. Torstensen, Jr.**<br>    Deputy Assistant Attorney General<br>Environment and Natural Resources Division<br>    United States Department of Justice<br>**Hayley A. Carpenter** |

|  | Trial Attorney |
|---|---|
|  | hayley.carpenter@usdoj.gov |
|  | Natural Resources Section |
|  | Ben Franklin Station |
|  | P.O. Box 7611 |
|  | Washington, D.C. 20044-7611 |
|  | Telephone:  (202) 305-0242 |
|  |  |
|  | *Counsel for Kristi Noem, in her official capacity as Secretary, United States Department of Homeland Security, and Todd Lyons, in his official capacity as Acting Director, United States Immigration and Customs Enforcement* |