UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:25-cv-22896-KMW

FRIENDS OF THE EVERGLADES, INC., a Florida not-for-profit corporation, and CENTER FOR BIOLOGICAL DIVERSITY, a 501(c)(3) nonprofit organization,

        Plaintiffs,

vs.

KRISTI NOEM, in her official capacity as Secretary of the UNITED STATES DEPARTMENT OF HOMELAND SECURITY; TODD LYONS, in his official capacity as Acting Director of the UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; KEVIN GUTHRIE, in his official capacity as Executive Director of the Florida Division of Emergency Management; and MIAMI-DADE COUNTY, a political subdivision of the State of Florida,

        Defendants.

**PLAINTIFFS' RENEWED MOTION FOR TEMPORARY RESTRAINING ORDER AND REQUEST FOR EVIDENTIARY HEARING**

Plaintiffs, by undersigned counsel, hereby renew their prior Expedited Motion for a Temporary Restraining Order (D.E. 5), and request an evidentiary hearing on Plaintiffs' Expedited Motion for a Preliminary Injunction within 14 days of the TRO.

**BACKGROUND**

More than three weeks ago, on June 27, 2025, Plaintiffs filed their Complaint for injunctive and declaratory relief, accompanied by an Expedited Motion for Temporary Restraining Order and Preliminary Injunction. (D.E. 5, the "PI Motion.")  As demonstrated in the

PI Motion, the State has constructed, and continues to expand, an immigration detention facility within the Big Cypress National Preserve at breakneck pace to detain noncitizens for alleged immigration violations. The PI Motion requested a TRO prior to July 1, 2025, the date the State announced it intended to begin housing detainees at the facility. *Id.* Regrettably, the Court, which identified a conflict under 28 U.S.C. 455 (*see* D.E. 37), was unable to take up the TRO request, and the State and Federal Defendants commenced transporting immigration detainees to the TNT Site. State officials have publicly claimed that as many as 900 people are now being detained at the Site, and the State has plans to expand the number of detainees to as many as 4,000. *See* D.E. 34-1. Operations to support the detention center (which currently has capacity for 1,000 contractors on site) and its expansion are ongoing. This expansion inevitably will result in significant environmental impacts that have not been evaluated and assessed as a result of Defendants' failure to comply with the National Environmental Policy Act (NEPA) and the Administrative Procedure Act (APA).

Plaintiffs have made the requisite showing for immediate injunctive relief based on the irreparable harms to their procedural rights, the environment, and their members' interests. *See* D.E. 5, 34 & 38. The need for immediate injunctive relief has become even more obvious and urgent since hundreds of detainees have been moved to the Site. Every day there are disturbing reports of inhumane and chaotic conditions at the Site.[1] There are allegations that detainees, the majority of whom reportedly do not have criminal convictions or pending criminal charges,[2] are

---

[1]  *See* https://www.nytimes.com/2025/07/16/us/the-chaotic-early-days-inside-floridas-alligator-alcatraz-detention-center.html; https://www.washingtonpost.com/nation/2025/07/16/alligator-alcatraz-conditions/; https://elpais.com/us/migracion/2025-07-10/sin-agua-para-banarse-y-solo-sandwiches-para-comer-afloran-las-primeras-denuncias-por-las-malas-condiciones-en-alligator-alcatraz.html.

[2]  https://www.wlrn.org/light/immigration/2025-07-16/the-chaotic-early-days-inside-floridas-alligator-alcatraz-detention-center.

being denied access to counsel and due process,[3] which has prompted another lawsuit. *See C.M. et al. v. Noem*, et al., Case No. 1:25-cv-23182, filed U.S. Dist. Ct. S.D. Fla. July 16, 2025 (attached as Ex. 1). As demonstrated by the Miccosukee Tribe of Indians of Florida (the "Tribe") in its Motion to Intervene (D.E. 33), Tribal members have been directly and adversely impacted by the operation of the Site. These impacts to human health and the public interests are factors to be evaluated under NEPA. *See* 42 U.S.C. § 4321 (NEPA is intended to "to promote efforts which will prevent or eliminate damage to the environment and biosphere *and stimulate the health and welfare of man*.") (emphasis added).

And, significantly, Plaintiffs have introduced evidence of the ongoing and material environmental harms posed by operations on the Site, *see* D.E. 38-6 (Impacts of the Big Cypress Detention Center on the Florida Panther and Its Habitat, by Randy Kautz); D.E. 38-8 (Opinion on Impacts of Construction and Operation of Migrant Detention Facility on the Endangered Florida Panther, by Rober A. Frakes, Ph.D); and D.E. 38-10 (Report: Strategic Searches for Florida Bonneted Bat Roosts in Big Cypress National Preserve).

Importantly, while the State has operated under an Executive Order claiming an emergency pertaining to immigration, Governor DeSantis recently announced that he was suspending plans to build a second immigration detention center at the Florida National Guard training site at Camp Blanding because of a lack of need.[4] In addition, according to published reports, the TNT Site is receiving detainees from *out of state*, suggesting that the detention center is not, in fact, serving a Florida emergency.[5]

---

[3]   https://www.miamiherald.com/news/local/immigration/article310625140.html ("' A Black Hole': Attorneys Say They Still Can't Reach Clients and Alligator Alcatraz")
[4]   *See* https://floridaphoenix.com/2025/07/16/is-desantis-slowing-down-plan-for-a-second-migrant-detention-center-at-camp-blanding/
[5]   *See* https://www.elnuevodia.com/english/news/story/they-keep-transferring-people-

3

In their oppositions to the PI Motion, the State and Federal Defendants make no pretense of even attempting to comply with federal environmental laws in opening and operating the TNT Site. Instead, they argue—in the teeth of numerous contrary public statements—that the entire project is a State endeavor with no federal involvement. As demonstrated in Plaintiffs' Reply in support of the PI Motion (D.E. 24), and further explained in the amicus brief of the Florida Immigrant Coalition (D.E. 36-1), however, there is no legal authority for the State to detain individuals for federal immigration violations without federal authorization, direction and control. *See, e.g., Florida Immigrant Coal. v. Uthmeier*, ---F. Supp. 3d---, No. 25-21524-CV, 2025 WL 1423357, at *7-10 (S.D. Fla. Apr. 29, 2025). Moreover, contrary to the declarations submitted in opposition to Plaintiffs' Motion, State and Federal officials have repeatedly conceded in public statements that the detention center is a federal facility managed by ICE. *See, e.g.,* D.E. 25-1; D.E. 34-1. Indeed, just one day ago, White House Deputy Chief of Staff Stephen Miller declared on national television that the detention center at the TNT Site is an "ICE facility."[6]

Plaintiffs submit that the evidence will show the TNT Site is, at an irreducible minimum, a Federal and State partnership or joint venture sufficient to trigger NEPA obligations. *See Biderman v. Morton*, 497 F.2d 1141, 1147 (2d Cir. 1974); *see also Goos v. I.C.C.*, 911 F.2d 1283, 1294 (8th Cir. 1990) (holding that whether an agency action or project is a major federal action for NEPA purposes turns on legal control: whether some federal action "is a legal condition precedent to accomplishment of an entire nonfederal project"); *Fund For Animals v. Clark*, 27 F.Supp.2d 8, 12–13 (D.D.C. 1998) (federal action found where federal defendants "had

---

immigrants-detained-in-puerto-rico-end-up-at-the-feared-alligator-alcatraz/
[6] https://x.com/Acyn/status/1945647869513678982.

a hand in developing the bison management plan" along with state agency, and state agency engaged "federal defendants to seek their help in developing a plan to manage the bison [such that] having become so intimately involved in the discussion and planning of the hunt, the federal defendants cannot now claim to have no responsibility under NEPA with respect to the hunt or the supplemental feeding programs"). This partnership includes that the construction of this mass detention center was allegedly specifically requested by the federal government, that it will be "fully funded" by the federal government, and that the facility is to be used to detain individuals in the custody of United States Immigration and Customs Enforcement (ICE).

Where NEPA has been violated, injunctive relief is proper. *See Tennessee Valley Auth. v. Hill*, 437 U.S. 153 (1978) (where Court halted construction of a dam that had been "virtually completed" based on a NEPA violation); *Fla. Wildlife Fed'n v. United States Army Corps of Eng'rs*, 404 F. Supp. 2d 1352, 1357 (S.D. Fla. 2005) (wherein court granted the plaintiffs' request for injunctive relief and enjoined ongoing construction on wetlands in Palm Beach County); *Manatee Cty. v. Gorsuch*, 554 F. Supp. 778, 795 (M.D. Fla. 1982) (enjoining further dumping of dredged material, even when the defendants argued it would "cause serious contractual difficulties and would substantially increase the cost of the project").

### A TRO and Expedited Evidentiary Hearing Are Appropriate in This Case

"The purpose of a temporary restraining order, like a preliminary injunction, is to protect against irreparable injury and preserve the status quo until the district court renders a meaningful decision on the merits." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1231 (11th Cir. 2005). Given Defendants' ongoing expansion of the TNT Site – and their undisputed failure to comply with NEPA and the APA – a TRO is urgently needed in this case to preserve the status quo, to prevent further injury to Plaintiffs' established interests, and to allow this Court to reach a

5

decision on the merits of Plaintiffs' claims. Accordingly, for the reasons stated herein and in their original Expedited Motion (D.E. 5), Plaintiffs respectfully request that the Court:

1. Enter a Temporary Restraining Order with notice (as all Defendants have notice) pursuant to Federal Rule of Civil Procedure 65 to halt any further construction at the TNT Site, including filling, paving, lighting and installation of additional infrastructure, pausing the transport of additional detainees to the Site, and ceasing any operations related to detaining or preparing for the detention of anyone not detained at the Site as of the date of the Court's TRO order; and

2. Schedule an expedited evidentiary hearing pursuant to Rule 65(b)(3), with an expedited schedule to exchange exhibit[7] and witness lists and provide those exhibits to be used at the hearing.

Dated:  July 17, 2025.

Respectfully submitted,

| EARTHJUSTICE | COFFEY BURLINGTON, P.L. |
|---|---|
| 4500 Biscayne Boulevard, Suite 201 | 2601 South Bayshore Drive, Penthouse One |
| Miami, Florida  33137 | Miami, Florida  33133 |
| Telephone:  (305) 440-5432 | Telephone:  (305) 858-2900 |
| By:     s/   Tania Galloni | By:     s/   Paul J. Schwiep |
| Tania Galloni, Fla. Bar No. 619221 | Paul J. Schwiep, Fla. Bar No. 823244 |
| tgalloni@earthjustice.org | PSchwiep@CoffeyBurlington.com |
| Dominique Burkhardt, Fla. Bar No. 100309 | Scott Hiaasen, Fla. Bar No. 103318 |
| dburkhardt@earthjustice.org | SHiaasen@CoffeyBurlington.com |
| Alisa Coe, Fla. Bar No. 10187 | YVB@CoffeyBurlington.com |
| acoe@earthjustice.org | LPerez@CoffeyBurlington.com |
|  | service@CoffeyBurlington.com |
| *Counsel for Friends of the Everglades* | *Counsel for Plaintiffs* |

---

[7] Plaintiffs have served requests for records on State and Federal agencies under FOIA and the Florida Public Records Act, Fla. Stat. § 119.01 *et seq.*, but have yet to receive any documents.

CENTER FOR BIOLOGICAL DIVERSITY
Elise Pautler Bennett, Fla. Bar No. 106573
ebennett@biologicaldiversity.org
Jason Alexander Totoiu, Fla. Bar No. 871931
jtotoiu@biologicaldiversity.org
Post Office Box 2155
St. Petersburg, FL 33731
Telephone: (727) 755-6950

*Counsel for Center for Biological Diversity*


### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 17, 2025, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the Service List below via transmission of Notice of Electronic Filing generated by CM/ECF.

    s/ Paul J. Schwiep

| Service List | |
|---|---|
| **Nathan A. Forrester**<br>   Chief Deputy Solicitor General<br>nathan.forrester@myfloridalegal.com<br>**Robert S. Schenck**<br>   Assistant Solicitor General<br>robert.schenck@myfloridalegal.com<br>Office of the Attorney General<br>The Capitol, PL-01<br>Tallahassee, Florida 32399-1050<br>Telephone: (850) 414-3300<br>jenna.hodges@myfloridalegal.com<br><br>*Counsel for Defendant Kevin Guthrie, in his official capacity as Executive Director of the Florida Division of Emergency Management* | BOIES SCHILLER FLEXNER LLP<br>**Jesse Panuccio, Esq.**<br>jpanuccio@bsfllp.com<br>**Evan Ezray, Esq.**<br>eezray@bsfllp.com<br>401 East Las Olas Boulevard, Suite 1200<br>Fort Lauderdale, Florida 33301<br>Telephone: (954) 356-0011<br><br>*Counsel for Defendant Kevin Guthrie, in his official capacity as Executive Director of the Florida Division of Emergency Management* |

7

| | |
|---|---|
| GERALDINE BONZON-KEENAN<br>Miami-Dade County Attorney<br>**Christopher J. Wahl**<br>    Assistant County Attorney<br>wahl@miamidade.gov<br>**David M. Murry**<br>    Assistant County Attorney<br>dmmurray@FlyMIA.com<br>Stephen P. Clark County<br>111 Northwest 1st Street, Suite 2810<br>Miami, Florida  33128<br>Telephone:  (305) 375-5151<br>kgriffin@FlyMIA.com<br>victor.rodriguez3@miamidade.gov<br><br>*Counsel for Miami-Dade County* | HAYDEN P. O'BYRNE<br>United States Attorney<br>**Carlos J. Raurell**<br>    Assistant U.S. Attorney<br>carlos.raurell@usdoj.gov<br>99 Northeast 4th Street<br>Miami, Florida  33132<br>Telephone:  (305) 961-9243<br>melissa.Jiminson@usdoj.gov<br>_____<br><br>ADAM R.F. GUSTAFSON<br>Acting Assistant Attorney General<br>Environment and Natural Resources Division<br>    United States Department of Justice<br>**Peter M. Torstensen, Jr.**<br>    Deputy Assistant Attorney General<br>Environment and Natural Resources Division<br>    United States Department of Justice<br>**Hayley A. Carpenter**<br>    Trial Attorney<br>hayley.carpenter@usdoj.gov<br>Natural Resources Section<br>Ben Franklin Station<br>P.O. Box 7611<br>Washington, D.C. 20044-7611<br>Telephone:  (202) 305-0242<br><br>*Counsel for Kristi Noem, in her official capacity as Secretary, United States Department of Homeland Security, and Todd Lyons, in his official capacity as Acting Director, United States Immigration and Customs Enforcement* |