UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
No. 25-cv-22896-KMW

FRIENDS OF THE EVERGLADES, INC., et al.

    Plaintiffs,

v.

KRISTI NOEM, et al.,

    Defendants.

**DEFENDANT KEVIN GUTHRIE'S SUPPLEMENTAL RESPONSE TO PLAINTIFFS'
REQUESTS FOR A TEMPORARY RESTRAINING ORDER**

Defendant Kevin Guthrie ("FDEM") files this supplemental response to Plaintiffs' request for a temporary restraining order or preliminary injunction, which Plaintiffs have repeatedly supplemented or amended since filing their initial motion. *See* Doc. 5 (motion filed on June 27, 2025); Doc. 25 (supplemental notice on July 7, 2025); Doc. 26 (supplemental notice on July 7, 2025); Doc. 27 (supplemental notice on July 8, 2025); Doc. 31 (expedited motion for ruling on July 11, 2025); Doc. 34 (supplemental notice on July 15, 2025); Doc. 38 (supplemental notice on July 16, 2025); Doc. 40 (amended motion on July 17, 2025); Doc. 49 (supplemental notice on July 21, 2025). In addition to the reasons already stated, Doc. 16, which FDEM incorporates here, Plaintiffs are not likely to succeed on the merits because, as Plaintiffs' recent filings confirm, venue is not proper in this Court.

The federal venue statute provides that "[a] civil action may be brought in":

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

1

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).[1]  Here, Plaintiffs cannot satisfy paragraph (1) because the Federal Defendants do not reside in the State.  *E.g.*, *Trujillo v. Garland*, 2023 WL 2374445, at *6 (S.D. Fla. Mar. 6, 2023) (collecting cases); *Rogers v. Civil Air Patrol*, 129 F. Supp. 2d 1334, 1338 (M.D. Ala. 2001) (residence of federal officer was in Washington, D.C. or Virginia).  Thus, for venue to be proper, Plaintiffs must show either that a "substantial part of the events or omissions giving rise to the claim occurred" in the Southern District or that "a substantial part of property that is the subject of the action is situated" here.  28 U.S.C. § 1391(b)(2); *see Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003). (statute "emphasizes the importance of the place where the wrong has been committed").  Plaintiffs cannot demonstrate either.

Plaintiffs' claim is that defendants made the "decision to construct a mass migrant detention and deportation center … without conducting any environmental reviews as required under NEPA."  Doc. 1 at ¶ 3.  *See also id.* ¶ 73 (Count I, stating "[t]he failure to conduct the required environmental review under NEPA violates federal law"); *id.* ¶ 77 (Count II, stating that "USDHS and ICE have approved or are implementing the use of the TNT Site without providing Plaintiffs and the public with an opportunity for notice and comment, and without adhering to required environmental review procedures under NEPA and other federal laws"); *id.* ¶ 82 (Count III, alleging that FDEM "convert[ed] county-owned property into a federal detention center without

---

[1] A separate provision, section 1391(e), governs venue over federal officials.  But it is of no moment here.  "[I]f suit is sought to be maintained not only against a federal defendant embraced within Section 1391(e) but also against an [a]dditional person[], there must be proper venue as specified in the pertinent statutes as to each."  *Little v. King*, 768 F. Supp. 2d 56, 65 n.7 (D.D.C. 2011) (alterations in original) (quotation omitted).  That is, Plaintiffs must independently satisfy venue for FDEM.  *E.g.*, *Scott v. Chastain*, 2010 WL 2673283, at *7 n.5 (D. Minn. 2010).

legislative authority, environmental review, or compliance with local land use requirements"); *id.* ¶ 93 (Count IV, alleging that Miami-Dade County agreed or acquiesced "in allowing the TNT Site for use as a mass detention center").[2] But the address of the TNT Site is in Ochopee, an unincorporated community in Collier County, which is in the Middle District of Florida, not the Southern District. *See* Dade-Collier Training and Transition Airport (TNT), https://www.miami-airport.com/dade_collier.asp. And *all* the detention facilities, *all* the buildings, and *all* the paving at issue are sited in Collier County, not Miami-Dade. *See* Ex. 1 (Gadea-Guidicelli Decl.) ¶ 2.[3] Indeed, Plaintiffs concede this point in their own declarations, which state that all the facilities, pavement, and activity at the site are in Collier County. *See* Decl. of R. Arwood at Photos 31 & 35 (Doc. 26-1 at 11, 16).

Nor do Plaintiffs allege any Miami-Dade-based decisionmaking related to their claims. *See Awad v. Mayorkas*, 2022 WL 1215521, at *2 (M.D. Fla. Apr. 7, 2022) ("For purposes of determining where a claim arose in a case brought under the APA, courts generally focus on where the decisionmaking process occurred." (quotation omitted)). On the contrary, Plaintiffs' theory

---

[2] Count IV does not justify venue in this District for three reasons. *First*, Plaintiffs appear to have abandoned it. They now say they are not seeking an injunction against Miami-Dade County. Doc. 31 at 3 n.2. *Second*, even if Count IV might properly allow claims against Miami-Dade to be filed here, it would not permit claims against the other Defendants in this District. "[V]enue must be proper for each party. The fact that a claim for some of the plaintiffs or against some of the defendants arose in a particular district does not make that district a proper venue for parties as to whom the claim arose somewhere else." Wright & Miller, 14D Fed. Prac. & Proc. Juris. § 3807 (4th ed.); *see also Burger King Corp. v. Thomas*, 755 F. Supp. 1026, 1029 (S.D. Fla. 1991) ("When multiple claims are pled, venue must be proper for each claim."). *Third*, even as to Miami-Dade itself, the claim did not substantially occur in the County. As the County explains, it did not make any decision related to the detention center because, under State law, Miami-Dade had no authority to reject the State's emergency declaration or submit it to county law. Doc. 12 at 6-9. Thus, all the decisions at issue in Count IV were made by State officials in either Tallahassee or Collier County.

[3] Within the site, only a tiny sliver of unpaved runway is situated in Miami-Dade County. No portion of the detention facility lies on that sliver of extended runway. Gadea-Guidicelli Decl. ¶ 3.

3

hinges on proving a Federal-State partnership. *E.g.*, Doc. 24 at 1-2. When a cause of action challenges government policy, venue is proper where the policy was made, not where the effects of the policy were felt. *E.g.*, *Stanton-Negley Drug Co. v. Pa. Dep't of Pub. Welfare*, 2008 WL 1881894, at *5 (W.D. Pa. Apr. 24, 2008) ("While Plaintiffs may feel the impact of those polices in the Western District of Pennsylvania, their due process and equal protection claims are directed at the policies and policymakers. Here, the polices are implemented and the policymakers reside in the Middle District of Pennsylvania."). Here, all relevant decisionmaking was made or is being made by officials in Washington, DC; in Tallahassee, Florida; or onsite at the facility in Collier County, Florida. *See Aracely, R. v. Nielsen*, 319 F. Supp. 3d 110, 128-29 (D.D.C. 2018) (venue to challenge immigration policy proper in District of Columbia where immigration policy was made); *Harvard v. Inch*, 408 F. Supp. 3d 1255, 1262-63 (N.D. Fla. 2019) (venue to challenge statewide policy was in Tallahassee because State policy was set there).[4] No relevant decisionmaking is occurring in Miami-Dade County. *See Pres. Soc'y of Charleston v. U.S. Army Corps Corps of Eng'rs*, 893 F. Supp. 2d 49, 55 (D.D.C. 2012) (transferring NEPA case to the forum "wherein the project itself, the decisionmakers, and the affected community are all located, thus giving [that District Court] a strong interest in the outcome"); Gadea-Guidicelli Decl. ¶ 5.

Plaintiffs' only factual allegation to support venue in the Southern District is that "the TNT Site is owned by defendant Miami-Dade County." Doc. 1 ¶ 7. But Miami-Dade's ownership has nothing to do with the claims. *See* Wright & Miller, 14D Fed. Prac. & Proc. Juris. § 3806 (4th ed.) (explaining that venue must be analyzed with respect to the specific claim at issue). As Plaintiffs themselves explain, FDEM "took control of the Site." Doc. 1 ¶ 38. The County, in other words,

---

[4] As FDEM previously explained, the relevant decisions are being made by the State in Tallahassee or onsite in Collier County. Doc. 16. FDEM incorporates those arguments here.

no longer controls what happens there. And thus nothing done or currently occurring in Miami-Dade bears a substantial nexus to the claims. The County's activities, said otherwise, "do not have a close nexus with the cause of action … and they are therefore irrelevant." *Jenkins Brick Co.*, 321 F.3d at 1373. Indeed, Plaintiffs have abandoned a Miami-Dade nexus to their claims: although they originally sued Miami-Dade County, Doc. 1, they have recently made clear that they are not seeking an injunction against the County, Doc. 31 at 3 n.2.

This case, in short, is about State policy decisions made in Tallahassee affecting property located in Collier County. Because Plaintiffs have not shown a likelihood of success in proving venue, they are unlikely to succeed on the merits, which justifies denying a TRO or preliminary injunction. *See Crenshaw v. Antokol*, 238 F. Supp. 2d 107, 113-14 (D.D.C. 2002). If the Court concludes that venue is improper in this District, the proper procedure would be to transfer the case to the Middle District or to dismiss. *See* 28 U.S.C. § 1406.[5]

Dated: July 21, 2025                                                            Respectfully submitted,

| | |
|---|---|
| James Uthmeier<br>  *Attorney General of Florida*<br>Jeffrey Paul DeSousa (FBN 110951)<br>  *Acting Solicitor General*<br>Nathan A. Forrester (FBN 1045107)<br>  *Chief Deputy Solicitor General*<br>Robert S. Schenck (FBN 1044532)<br>  *Assistant Solicitor General*<br>**Office of the Attorney General**<br>The Capitol, PL-01<br>Tallahassee, FL 32399<br>jeffrey.desousa@myfloridalegal.com | s/ *Jesse Panuccio*<br>Jesse Panuccio (FBN 31401)<br>Evan Ezray (FBN 1008228)<br>**BOIES SCHILLER FLEXNER LLP**<br>401 East Las Olas Blvd., Suite 1200<br>Fort Lauderdale, Florida 33301<br>jpannucio@bsfllp.com<br><br>*Counsel for Kevin Guthrie, in his official capacity as Executive Director of the Florida Division of Emergency Management* |

---

[5] Defendant FDEM intends to further raise its venue challenge in its forthcoming motion to dismiss. *See* Doc. 44.

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 21, 2025, the foregoing was filed with the Clerk of Court using CM/ECF, which will serve a Notice of Electronic Filing on all counsel of record.

                                              s/ *Jesse Panuccio*
                                              Jesse Panuccio