UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:25-cv-22896-KMW

FRIENDS OF THE EVERGLADES, INC., a Florida not-for-profit corporation, and CENTER FOR BIOLOGICAL DIVERSITY, a 501(c)(3) nonprofit organization,

        Plaintiffs,

vs.

KRISTI NOEM, in her official capacity as Secretary of the UNITED STATES DEPARTMENT OF HOMELAND SECURITY; TODD LYONS, in his official capacity as Acting Director of the UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; KEVIN GUTHRIE, in his official capacity as Executive Director of the FLORIDA DIVISION OF EMERGENCY MANAGEMENT; and MIAMI-DADE COUNTY, a political subdivision of the State of Florida,

        Defendants,

and

THE MICCOSUKEE TRIBE OF INDIANS,

        Proposed Intervenors.

**PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY
IN SUPPORT OF PRELIMINARY INJUNCTION MOTION**

Pursuant to Fed. R. Civ. P. 26(d), Plaintiffs, through undersigned counsel, hereby move for the entry of an order compelling expedited discovery responses to the discovery requests attached, and in support state as follows:

**Factual Background**

1. In this action, Plaintiffs have filed a motion (D.E. 5) for a preliminary injunction to halt operation of an undocumented immigrant detention center in the process of being constructed and operated by the Federal and State Defendants at the Dade-Collier Training and Transition Airport (the "TNT Site"), which is within the Big Cypress National Preserve. Plaintiffs renewed their PI Motion on July 17, 2025. (D.E. 40.)

2. In the Federal Defendants' opposition to the PI Motion, the Federal Defendants have asserted that the construction and operation of the TNT Site is not "federal action" and therefore the activities there are not subject to the requirements of the National Environmental Policy Act ("NEPA"). (D.E. 21, at 1.) The Federal Defendants have supported their opposition with a declaration from Thomas P Giles, Acting Deputy Executive Associate Director for the U.S. Department of Homeland Security ("DHS"), signed July 2, stating: "ICE's role concerning the development of the TNT Detention Facility has been limited to touring the facility to ensure compliance with ICE detention standards, and meeting with officials from the State of Florida to discuss operational matters. The ultimate decision of who to detain at the TNT Detention Facility belongs to Florida." (D.E. 21-1 ¶¶ 6, 7.) It is unclear from Mr. Giles's declaration whether an agreement of any sort, including an agreement under the Immigration and Nationality Act, exists between the Federal Defendants and the State. (*Id.* ¶¶ 7-8: "*If* Florida decides to detain any illegal aliens at the [Site] they would do so under the authority delegated pursuant to section 287(g) …. Many Florida entities have entered 287g agreements since President Trump took office….") (emphasis added).)

3. Similarly, State Defendant Kevin Guthrie has argued that NEPA is inapplicable because, in his view, the TNT Site "was approved by the *State* and is being built by the *State* [such

that] the plan cannot be said to be 'federal' for purposes of NEPA." (D.E. 16, at 8 (emphases in original).)

4. However, both State and Federal officials have made public statements that contradict the positions asserted by these Defendants in this action. For instance, Defendant Noem declared on social media on July 2 that the detention center "will be funded largely by FEMA's Shelter and Service Program" (D.E. 25-1), contrary to the assertions of FEMA Administrator David Richardson in a declaration executed that *same day* and filed in this action. (D.E. 21-2.) Similarly, Defendant Guthrie represented to state and federal lawmakers that the detention center was "requested" by DHS and that the facility "is being operated in conjunction with ICE, and under ICE guidelines." (D.E. 34-1 ¶¶ 9-11.)

5. Moreover, DHS transport vehicles have been observed arriving and departing from the TNT Site (D.E. 24-2 & 47-1), further casting doubt on the Federal Defendants' claim that the "ultimate decision of who to detain at the TNT Detention Facility belongs to Florida." (D.E. 21-1 ¶ 6.)

6. Additionally, both the Federal Defendants and the State have argued that operations at the Site are unlikely to cause any environmental impacts, and therefore injunctive relief is not proper. (D.E. 21, at 7 (Federal Defendants arguing that claims of environmental harm are "speculative and conclusory"); D.E. 16, at 6 (State Defendant arguing "any environmental impact from the facilities construction or operation is likely to be minimal").)

7. During a status conference on July 21, 2025, this Court set an evidentiary hearing on Plaintiffs' PI Motion for August 6, 2025. (D.E. 54.)

8. In order to ventilate the facts regarding the Federal and State Defendants' contentions, Plaintiffs have served limited document requests and interrogatories focused on the

3

issues raised by these Defendants. In addition, Plaintiffs have requested an opportunity to visit the TNT Site in order to have individuals with environmental expertise survey the Site's environmental conditions. Attached as exhibits 1-5 are Plaintiffs' requests for production and interrogatories to the Federal and State Defendants, and a request under Rule 34 to visit the Site. Plaintiffs requested responses to these requests within seven days, that is by July 30, 2025.

9. Plaintiffs respectfully submit that responses to the information sought in the attached discovery requests will assist the Court in evaluating the issues in this matter, and therefore further the administration of justice, and an equitable resolution of the issues.

### **Legal Standards**

Control over the course of discovery and scheduling is committed to the "broad discretion" of the trial court. *Johnson v. Bd. of Regents*, 263 F.3d 1234, 1269 (11th Cir. 2001); *Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1322 (11th Cir. 2004). "Pursuant to Rule 26(d) and (f), federal courts in their discretion may allow parties to conduct expedited discovery in advance of a Rule 26(f) conference where 'good cause' for such discovery is shown." *TracFone Wireless, Inc. v. SCS Supply Chain LLC*, 330 F.R.D. 613, 615 (S.D. Fla. 2019) (citing *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002); *Qwest Comm. Int'l Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003)); *see also Fender Musical Instruments Corp. v. Amuic Music*, No. 25-CV-20575, 2025 WL 1755080, at *5 (S.D. Fla. Apr. 15, 2025) (ordering expedited discovery in advance on injunction hearing and holding: "[T]he Court may order the expeditated discovery Plaintiff seeks if there is 'good cause for such discovery.'"). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *TracFone Wireless*, 330 F.R.D. at 615 (quoting *Semitool*, 208 F.R.D. at 276); *see also Certified Collectibles*

*Grp., LLC v. Terrazas*, No. 8:24-CV-0301-KKM-AAS, 2024 WL 670427, at *3 (M.D. Fla. Feb. 7, 2024) (entering TRO and granting expedited discovery in advance of injunction hearing); *Am. Airlines, Inc. v. Individuals & Entities Associated With the Domains & Email Address Identified in Exhibit A*, No. 22-22080-CIV, 2022 WL 22828035, at *5 (S.D. Fla. July 22, 2022) (Williams, J.) (entering TRO, ordering expedited discovery, and setting injunction hearing in Lanham Act case).

Courts hold that "[b]ecause of the expedited nature of injunctive proceedings, expedited discovery is more likely to be appropriate when a plaintiff is seeking a preliminary injunction." *Mullane v. Almon*, 339 F.R.D. 659, 663 (N.D. Fla. 2021); *see also Optic-Elec. Corp. v. United States*, 683 F. Supp. 269, 271 (D.D.C. 1987) (permitting expedited discovery given pending injunctive relief request); *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996) (holding "courts have routinely granted expedited discovery in cases involving challenges to constitutionality of government action").

## **Argument**

Requiring expedited responses to the discovery requests attached will assist the Court "in consideration of the administration of justice," *see Fender Musical Instruments Corp.*, 2025 WL 1755080, at *4, insofar as the parties' positions regarding Federal involvement at the TNT Site, and the environmental impacts of operations there, inherently raise factual as well as legal issues. The Court's adjudication and resolution of these issues will be facilitated by the disclosure of information directly relevant to the questions before the Court. *See Ellsworth Assocs., Inc.*, 917 F. Supp. at 844 ("granting the[] Motion will expedite the resolution of this case). This information will thus advance the administration of justice, which is ultimately a search for truth.

Meanwhile, Defendants will not be unduly prejudiced. For starters, the information sought would largely constitute public records anyway.[1] Further, as review of the attached discovery requests will demonstrate, the requests are limited and targeted, and focus on (1) the interactions between the State and Federal Defendants in connection with the construction and operation of the Site, including whether any Section 287(g) agreement has been reached; (2) the environmental analyses (if any) and impacts evaluated or otherwise anticipated in connection activities at the Site; and (3) the connections between the Site and the Southern District of Florida—an issue belatedly raised in the State Defendant's Supplemental Response to Plaintiffs Requests for a Temporary Restraining Order. (*See* D.E. 50.) These targeted discovery requests should not pose an undue burden on the Federal and State Defendants given the limited time frame involved (development of the plans for the Site reportedly began in June) and the narrow focus of the requests. *Cf. Ellsworth Assocs., Inc.*, 917 F. Supp. at 844 (permitting expedited discovery where "[t]he plaintiffs have narrowly tailored their requests for expedited discovery").

WHEREFORE, Plaintiffs respectfully request that the Court enter an order expediting responses to the discovery requests attached hereto as Exhibits 1 to 5 as requested in the discovery requests.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with counsel for the Federal and State Defendants in a good faith effort to resolve the issues raised in this motion but have been unable to resolve the issues.

Dated:   July 24, 2025

---

[1] Indeed, on June 24, 2025 Plaintiffs submitted a public record requests seeking most of the documents referenced in the discovery requests (Exhibit 6), but to date only a handful of documents have been produced by the State Defendant.

Respectfully submitted,

| | |
|---|---|
| EARTHJUSTICE<br>4500 Biscayne Boulevard, Suite 201<br>Miami, Florida  33137<br>Telephone:  (305) 440-5432<br><br>By:      s/   Tania Galloni<br>    Tania Galloni, Fla. Bar No. 619221<br>    tgalloni@earthjustice.org<br>    Dominique Burkhardt, Fla. Bar No. 100309<br>    dburkhardt@earthjustice.org<br>    Alisa Coe, Fla. Bar No. 10187<br>    acoe@earthjustice.org<br><br>*Counsel for Friends of the Everglades* | COFFEY BURLINGTON, P.L.<br>2601 South Bayshore Drive, Penthouse One<br>Miami, Florida  33133<br>Telephone:  (305) 858-2900<br><br>By:      s/   Paul J. Schwiep<br>    Paul J. Schwiep, Fla. Bar No. 823244<br>    PSchwiep@CoffeyBurlington.com<br>    Scott Hiaasen, Fla. Bar No. 103318<br>    SHiaasen@CoffeyBurlington.com<br>    YVB@CoffeyBurlington.com<br>    LPerez@CoffeyBurlington.com<br>    service@CoffeyBurlington.com<br><br>*Counsel for Plaintiffs* |

CENTER FOR BIOLOGICAL DIVERSITY
Elise Pautler Bennett, Fla. Bar No. 106573
ebennett@biologicaldiversity.org
Jason Alexander Totoiu, Fla. Bar No. 871931
jtotoiu@biologicaldiversity.org
Post Office Box 2155
St. Petersburg, FL 33731
Telephone:  (727) 755-6950

*Counsel for Center for Biological Diversity*

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on July 24, 2025, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the Service List below via transmission of Notice of Electronic Filing generated by CM/ECF.

                                                             s/   Paul J. Schwiep

| Service List | |
|---|---|
| **Nathan A. Forrester**<br>    Chief Deputy Solicitor General<br>nathan.forrester@myfloridalegal.com<br>**Robert S. Schenck**<br>    Assistant Solicitor General<br>robert.schenck@myfloridalegal.com<br>Office of the Attorney General<br>The Capitol, PL-01<br>Tallahassee, Florida  32399-1050<br>Telephone:  (850) 414-3300<br>jenna.hodges@myfloridalegal.com<br><br>_____<br><br>BOIES SCHILLER FLEXNER LLP<br>**Jesse Panuccio, Esq.**<br>jpanuccio@bsfllp.com<br>**Evan Ezray, Esq.**<br>eezray@bsfllp.com<br>401 East Las Olas Boulevard, Suite 1200<br>Fort Lauderdale, Florida  33301<br>Telephone:  (954) 356-0011<br>jpanuccio@BSFLLP.com<br><br>*Counsel for Defendant Kevin Guthrie, in his official capacity as Executive Director of the Florida Division of Emergency Management* | HAYDEN P. O'BYRNE<br>United States Attorney<br>**Carlos J. Raurell**<br>    Assistant U.S. Attorney<br>carlos.raurell@usdoj.gov<br>99 Northeast 4th Street<br>Miami, Florida  33132<br>Telephone:  (305) 961-9243<br>melissa.Jiminson@usdoj.gov<br><br>_____<br><br>ADAM R.F. GUSTAFSON<br>Acting Assistant Attorney General<br>Environment and Natural Resources Division<br>    United States Department of Justice<br>**Peter M. Torstensen, Jr.**<br>    Deputy Assistant Attorney General<br>Environment and Natural Resources Division<br>    United States Department of Justice<br>**Hayley A. Carpenter**<br>    Trial Attorney<br>hayley.carpenter@usdoj.gov<br>Natural Resources Section<br>Ben Franklin Station<br>P.O. Box 7611<br>Washington, D.C. 20044-7611<br>Telephone:  (202) 305-0242<br><br>*Counsel for Kristi Noem, in her official capacity as Secretary, United States Department of Homeland Security, and Todd Lyons, in his official capacity as Acting Director, United States Immigration and Customs Enforcement* |
| GERALDINE BONZON-KEENAN<br>Miami-Dade County Attorney<br>**Christopher J. Wahl**<br>    Assistant County Attorney<br>wahl@miamidade.gov<br>**Monica Rizo Perez**<br>    Assistant County Attorney<br>rizo@miamidade.gov<br>Monica.Rizo@miamidade.com<br>**David M. Murry** | **Todd R. Friedman, Esq.**<br>todd@toddfriedmanpa.com<br>TODD R. FRIEDMAN, P.A.<br>1101 Brickell Avenue<br>Suite S-700<br>Miami, Florida 33131<br>Telephone:  (786) 536-7190<br><br>*Counsel for The Miccosukee Tribe of Indians* |

|  |  |
|---|---|
| Assistant County Attorney<br>DMMurray@FlyMIA.com<br>Stephen P. Clark County<br>111 Northwest 1st Street, Suite 2810<br>Miami, Florida 33128<br>Telephone: (305) 375-5151<br>Victor.Rodriguez3@miamidade.gov<br>Madalis.Gonzalez@miamidade.gov<br>KGriffin@FlyMIA.com<br><br>*Counsel for Miami-Dade County* |  |