UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
No. 25-cv-22896-KMW

FRIENDS OF THE EVERGLADES, INC., et al.

    Plaintiffs,

v.

KRISTI NOEM, et al.,

    Defendants.

**DEFENDANT FDEM'S OPPOSITION TO
PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY**

Defendant Kevin Guthrie, in his official capacity as Executive Director of the Florida Department of Emergency Management ("FDEM"), opposes Plaintiffs' Motion for Expedited Discovery in Support of Preliminary Injunction Motion, and in support states:

**INTRODUCTION**

For nearly a month, Plaintiffs insisted that the Court must act *immediately* on their motion for a preliminary injunction and that they were ready to proceed with a hearing. *See* Docs. 5, 24, 31. In their many filings, Plaintiffs never once mentioned the need for discovery. Then, at the status conference held on July 21, 2025, the Court repeatedly asked the parties to surface any issue necessary to proceed with all pending motions. At the close of the hearing, the Court even asked if there was anything else—anything at all—the parties needed to raise. Throughout that status conference, Plaintiffs did not once ask for, or even mention, pre-hearing discovery. Instead, they pressed the Court to set an evidentiary hearing as soon as possible. The Court granted that request, setting a hearing for August 6, less than two weeks from now. The Court ordered the parties to set

1

a schedule for the exchange of exhibit and witness lists, but it made no provision for discovery outside the Federal Rules of Civil Procedure and the Local Rules. Having received everything they requested, Plaintiffs now attempt a bait-and-switch and demand that Defendants respond to voluminous discovery requests within seven days. Plaintiffs claim they need this expedited discovery to "evaluat[e] the issues in this matter." Doc. 55 at 4. If that is true, then Plaintiffs were misrepresenting their position when they repeatedly told the Court they were ready for a hearing on their preliminary-injunction motion.

At this point, with Defendants busily preparing for a day-long evidentiary hearing just twelve days away, it would be highly prejudicial to turn away from those preparations to address far-reaching discovery requests with 75% less time than the Rules permit. The Court should hold Plaintiffs to their representations and deny this late-breaking, prejudicial request.

If, however, the Court credits Plaintiffs' new claim that they are not ready to have their motion heard and grants discovery prior to the filing of initial disclosures and a motion to dismiss (it should not), then the Court should cancel the currently scheduled hearing and allow the parties to proceed in an orderly and fair manner. Any such early discovery regime must be reciprocal to avoid prejudice and due process violations: Defendants must be afforded a sufficient opportunity to take discovery from Plaintiffs and all of their declarants and witnesses.

## **ARGUMENT**

For six reasons, the motion should be denied.

*First*, as Plaintiffs' own citations show, their demand is "exceptional." *Mullane v. Almon*, 339 F.R.D. 659, 663 (N.D. Fla. 2021). "Expedited discovery is not the norm." *St. Louis Grp., Inc. v. Metals & Additives Corp., Inc.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011). "[T]o obtain expedited discovery, the burden is on the moving party to show good cause for departing from the usual

discovery procedures." *Hospitalists Mgmt. Grp., LLC v. Fla. Med. Affiliates, Inc.*, 2014 WL 2565675, at *1 (M.D. Fla. June 6, 2014). And contrary to Plaintiffs' suggestion, Doc. 55 at 5, "[e]xpedited discovery is not automatically granted merely because the party seeks a preliminary injunction," *Betty's Best, Inc. v. Individuals, P'ships & Unincorporated Assocs. Identified on Schedule 'A'*, 2023 WL 7279324, at *2 (S.D. Fla. Nov. 3, 2023); *Kayvan v. Pompeo*, 2020 WL 553940, at *2 (N.D. Cal. Feb. 4, 2020). Instead, even when a request for an injunction is pending, a requesting party must show good cause with case-specific evidence that expedited discovery is warranted. *See Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009). Plaintiffs fail that test: their single page of argument, Doc. 55 at 5-6, barely tries to articulate any case-specific reason for expedited discovery here.

*Second*, Plaintiffs' tactical decision to sandbag—to demand an immediate evidentiary hearing, make no mention of the need for discovery, and only after securing the hearing demand far-reaching discovery be produced **within a week**—counsels strongly against expedition. *See Mills v. Hamm*, 734 F. Supp. 3d 1226, 1261 (M.D. Ala. 2024) (delay counsels against expedited discovery); *Jaccard Corp. v. Mr. Bar-B-Q, Inc.*, 2010 WL 11546113, at *2 (W.D.N.Y. Feb. 12, 2010) ("delay in moving for expedited discovery" counselled against expedition); *Goldenwest Logistics, LLC v. Elevation Trucking Servs., Inc.*, 2023 WL 5667861, at *1 (C.D. Cal. July 13, 2023) (same). This case has been pending for nearly a month. If Plaintiffs wanted early, expedited discovery, they could have made their intention known at any time. But they did not. Instead, "Plaintiffs made no mention of the need for expedited discovery until after the Court, at Plaintiffs' insistence, had established compressed briefing deadlines and a hearing date for their motions." *Wilson v. Gordon*, 2014 WL 12788888, at *3 (M.D. Tenn. Aug. 14, 2014). "[I]f Plaintiffs truly needed expedited discovery, they should have filed a motion seeking it in time for Defendants and

3

the Court to allow for such discovery in setting deadlines for briefing and arguing their preliminary injunction … motion[.]" *Id.*  It is "**brutally unfair** for plaintiffs to … shorten the time" Defendants have to respond to discovery when Plaintiffs' own demand for an immediate hearing created the exigency in the first place.  *Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*, 234 F.R.D. 4, 7 (D.D.C. 2006) (emphasis added).

*Third*, "the prejudice to Defendants from the extremely shortened discovery deadline that Plaintiffs seek clearly outweighs Plaintiffs' need for expedited discovery."  *Wilson*, 2014 WL 12788888, at *3.  Quite simply, "it would be overly burdensome to require Defendants to respond to the requests prior to the" rapidly impending preliminary-injunction hearing.  *Goldenwest Logistics, LLC*, 2023 WL 5667861, at *1; *see also Betty's Best, Inc.*, 2023 WL 7279324, at *2 ("[T]he requests on Defendants are burdensome, as they seek a wide scope of discovery in the midst of preparations for the hearing on the Motion for Preliminary Injunction."); *Jani-King of Miami, Inc. v. Leicht*, 2023 WL 2825689, at *3 (N.D. Tex. Mar. 17, 2023) ("[T]he minimal period of time before the hearing also poses a considerable burden on Defendants.").

That is especially true given the scope of the requests.  Courts "are unlikely to find good cause for expedited discovery when the movant seeks broad or unlimited discovery."  *Mullane*, 339 F.R.D. at 664.  But here, Plaintiffs are asking for essentially "full discovery" in "seven days." *Herley Indus., Inc. v. R Cubed Eng'g, LLC*, 2020 WL 6504588, at *9 (E.D. Pa. Nov. 5, 2020). They ask, for example, for "[c]ommunications between FEMA, and ICE and/or DHS and FDEM or any other State of Florida official or employee relating to the use of the TNT site as a detention center."  Doc. 55-2 at 2 (Request No. 3).  That request, which reaches "any" Florida "official or employee" would require a massive document collection and review effort.  Plaintiffs add to that request a trio of demands for "[a]ll documents" having anything to do with the environment and

4

the site. Doc. 55-2 at 2 (Request Nos. 8-10). And even then, Plaintiffs demand that fourteen interrogatories be answered imminently, Doc. 55-4, including one asking for a detailed accounting of "any and all communications" between Florida and federal officials about the facility, *id.* at 7 (Request No. 13). All that sweeps far beyond the limited discovery courts rarely permit on an expedited basis. *E.g.*, *Intra Mgmt. Sols., Inc. v. Schnairsohn*, 2024 WL 4472002, at *1 (S.D. Fla. Sept. 3, 2024) (permitting "one deposition per side" with "no document discovery"); *SimplexGrinnell, L.P. v. Quality Commc'ns of Fla, Inc.*, 2005 WL 8154701, at *2 (S.D. Fla. Aug. 25, 2005) ("No interrogatories shall be permitted during the expedited discovery period.").[1]

*Fourth*, Plaintiffs' requests were served so late that there is no time for reciprocal discovery. Plaintiffs' delay in serving discovery has left less than two weeks before the preliminary-injunction hearing, and only a week before Plaintiffs' proposed deadline to exchange exhibits and witness lists. In a case where Plaintiffs have filed thirteen declarations, that does not leave enough time for reciprocal discovery. *See* Docs. 5-1, 5-2, 5-3, 24-4, 24-5, 26-1, 27-1, 34-1, 38-4, 38-6, 38-8, 47-1, 49-1. Indeed, if Defendants asked to depose each of Plaintiffs' potential witnesses, they would have to take a deposition every day between today and the date of the preliminary-injunction hearing, counting weekends and days on which the Court has set argument. That is impossible. If there is to be pre-hearing discovery (there should not be), the only way to avoid a prejudicial due-

---

[1] It is no answer to say, as Plaintiffs suggest, Doc. 55 at 6, that discovery will not be burdensome because some of the documents Plaintiffs request are public records. Florida's public-records laws, recognizing the burden of collecting voluminous documents, permit agencies a "reasonable" amount of time to respond to requests. Fla. Stat. § 119.07. That permits Florida agencies more than a week to comply. *Exec. Off. of Governor v. Fla. Ctr. for Gov't Accountability, Inc.*, 408 So. 3d 839, 845 (Fla. 1st DCA 2025) ("The Center's demand that its two robust records requests be completed within a week was unfeasible and impractical given the breadth of the requests and the circumstances surrounding it."). Nor do the public-records laws permit interrogatories like the burdensome ones Plaintiffs seek here. *Doe v. DeSantis*, 390 So. 3d 1245, 1249 (Fla. 1st DCA 2024).

process violation is to allow reciprocal inquiries into Plaintiffs' evidence. *See Agilysys, Inc. v. Hall*, 2016 WL 10988769, at *2 (N.D. Ga. Nov. 22, 2016) (denying a motion to expedite discovery and explaining "the Court finds that it would be inequitable for Plaintiff to engage in such broad discovery while Defendants are restricted from doing so").

*Fifth*, Plaintiffs have demonstrated no real need for discovery.[2] They attempt to justify discovery by pointing to so-called gaps or contradictions in Defendants' evidence. Doc. 55 at 2-3. Of course, that same evidence is what prompted Plaintiffs to demand an immediate evidentiary hearing a week ago and Plaintiffs offer no reason for their about-face.

But regardless, Plaintiffs have identified no inconsistencies. To start, there is nothing unclear about Mr. Giles' declaration—virtually every Florida law-enforcement agency has a 287(g) agreement with the federal government. Far from being mysterious, those agreements are available on ICE's website. *See* U.S. Immigration and Customs Enforcement, Delegation of Immigration Authority Section 287(g), https://www.ice.gov/identify-and-arrest/287g. Nor is Secretary Noem's Facebook post, as Defendants have previously explained, Doc. 28 at 1-2, inconsistent with the Richardson Declaration. Secretary Noem made a statement of future intent. *See id.* at 2. Nothing about that contradicts Mr. Richardson's uncontested factual claim that no

---

[2] That distinguishes the bulk of Plaintiffs' cases. In basically all of them, courts permitted expedited discovery to identify trademark defendants or misused marks, when there was concern about concealment or spoliation, such that the evidence was unlikely to be discoverable on a normal discovery timeline. *Fender Musical Instruments Corp. v. Amuic Music*, 2025 WL 1755080, at *5 (S.D. Fla. Apr. 15, 2025); *Certified Collectibles Grp., LLC v. Terrazas*, 2024 WL 670427, at *1 (M.D. Fla. Feb. 7, 2024); *Am. Airlines, Inc. v. Individuals & Entities Associated With the Domains & Email Address Identified in Exhibit A*, 2022 WL 22828035, at *1 (S.D. Fla. July 22, 2022); *TracFone Wireless, Inc. v. Holden Prop. Servs., LLC*, 299 F.R.D. 692, 694 (S.D. Fla. 2014). That is obviously not the case here.

Plaintiffs' remaining cases either deny expedited discovery, *e.g.*, *Mullane*, 339 F.R.D at 668, or offer essentially no reasoning, *e.g.*, *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996); *Optic-Elec. Corp. v. United States*, 683 F. Supp. 269, 271 (D.D.C. 1987).

federal funding has yet issued. Doc. 21-2 ¶ 4. Finally, there is nothing untoward with DHS transport vehicles arriving at the facility. Yes, DHS transportation vehicles enter the facility. But that does not make the site a federal project. What matters is federal "control," not federal "involvement." *United States v. S. Fla. Water Mgmt. Dist.*, 28 F.3d 1563, 1572 (11th Cir. 1994). A few trucks transporting detainees fall well short of that mark.

In all events, all these supposed inconsistencies were known to Plaintiffs prior to the status conference. The Court repeatedly asked Plaintiffs to surface all issues on all pending motions, including all scheduling requests. Plaintiffs stayed silent on their supposed need for discovery. They should not be afforded a highly prejudicial mulligan.

*Sixth*, as FDEM explained, venue is not proper in this Court. *See* Doc. 50. It follows that this Court lacks jurisdiction to order merits discovery. *Cf. Laser Spallation Techs., LLC v. Boeing Co.*, 2024 WL 3915091, at *2 (C.D. Cal. May 22, 2024) (explaining that venue is a "threshold issue[]"). At a minimum, however, the Court should decide venue first and then decide discovery. The Court has already set a hearing on the venue issue for next week, so any delay would be minimal. And deciding venue first would properly sequence the issues: threshold venue issues would go first, followed by the merits.

## CONCLUSION

For all the foregoing reasons, the Court should deny Plaintiffs' motion for expedited discovery.

Dated: July 25, 2025

James Uthmeier
  *Attorney General of Florida*
Jeffrey Paul DeSousa (FBN 110951)
  *Acting Solicitor General*
Nathan A. Forrester (FBN 1045107)
  *Chief Deputy Solicitor General*
Robert S. Schenck (FBN 1044532)
  *Assistant Solicitor General*
**Office of the Attorney General**
The Capitol, PL-01
Tallahassee, FL 32399
jeffrey.desousa@myfloridalegal.com

Respectfully submitted,

s/ *Jesse Panuccio*
Jesse Panuccio (FBN 31401)
Evan Ezray (FBN 1008228)
**BOIES SCHILLER FLEXNER LLP**
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida 33301
jpannucio@bsfllp.com

*Counsel for Kevin Guthrie, in his official capacity as Executive Director of the Florida Division of Emergency Management*

## CERTIFICATE OF SERVICE

    I hereby certify that on July 25, 2025, the foregoing was filed with the Clerk of Court using CM/ECF, which will serve a Notice of Electronic Filing on all counsel of record.

s/ *Jesse Panuccio*
Jesse Panuccio