**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:25-cv-22896-KMW**

FRIENDS OF THE EVERGLADES, INC., a Florida
not-for-profit corporation, and CENTER FOR
BIOLOGICAL DIVERSITY, a 501(c)(3) nonprofit
organization,

        Plaintiffs,

vs.

KRISTI NOEM, in her official capacity as Secretary
of the UNITED STATES DEPARTMENT OF
HOMELAND SECURITY; TODD LYONS, in his
official capacity as Acting Director of the UNITED
STATES IMMIGRATION AND CUSTOMS
ENFORCEMENT; KEVIN GUTHRIE, in his official
capacity as Executive Director of the Florida Division
of Emergency Management; and MIAMI-DADE
COUNTY, a political subdivision of the State of
Florida,

        Defendants.

and

THE MICCOSUKEE TRIBE OF INDIANS,

        Proposed Intervenors.

**PLAINTIFFS' REPLY TO DEFENDANT GUTHRIE'S**
**SUPPLEMENTAL RESPONSE OBJECTING TO VENUE**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF CITATIONS ............................................................................................................ ii

INTRODUCTION ................................................................................................................... 1

   I.  The State Has Waived Any Venue Challenge. ................................................................. 1

   II.  Venue in this District is Proper. ....................................................................................... 3

      A.  Plaintiff Friends of the Everglades Resides in the Southern District of Florida. ........ 3

      B.  A Substantial Part of the Events or Omissions Giving Rise to Plaintiffs' Claims
          Occurred in this District ................................................................................................ 4

          1.  Plaintiffs Allege Substantial Events and Omissions in this District ..................... 4

          2.  Defendant Guthrie's Arguments Lack Merit. ....................................................... 6

          3.  Failing to Comply with NEPA is a Substantial Omission in this District Giving
              Rise to Plaintiffs' Claims ..................................................................................... 8

          4.  Venue in this District is Also Proper in Light of Substantial Events and
              Omissions Affecting Proposed Intervenor, the Miccosukee Tribe. ..................... 9

      CONCLUSION ................................................................................................................... 10

# TABLE OF CITATIONS

Page

## Cases

*Am. Patriot Ins. Agency, Inc. v. Mut. Risk Mgmt., Ltd.*,
    364 F.3d 884 (7th Cir. 2004) ................................................................................... 1, 3

*Arval Serv. Lease S.A. v. Clifton,3:14-CV-1047-J-39MCR*,
    2014 WL 12614422 (M.D. Fla. Nov. 21, 2014) ..................................................... 3

*Barnstead Broad. Corp. v. Offshore Broad. Corp.*,
    869 F. Supp. 35 (D.D.C. 1994) ............................................................................... 2

*Bautista-Perez v. Holder*,
    681 F. Supp. 2d 1083 (N.D. Cal. 2009) ................................................................. 2

*C2F, Inc. v. Bee Paper Co.*,
    No. 08-CV-479, 2008 WL 4791012 (D. Or. Oct. 28, 2008) ................................. 7

*Canal Ins. Co. v. Yelder*,
    2010 WL 2640241 (M.D. Ala. June 22, 2010) ...................................................... 3

*Careplus Health Plans, Inc. v. Crespo*,
    No. 8:05CV2010-T-27MAP, 2006 WL 1382102 (M.D. Fla. May 19, 2006).......... 6

*Earth Island Inst. v. Quinn*,
    56 F.Supp.3d 1110 (N.D. Cal. 2014) ...................................................................... 4

*George Washington Univ. v. DIAD, Inc.*,
    No. CIV. A. 96-301-LFO, 1996 WL 470363 (D.D.C. Aug. 9, 1996).................... 2

*Goodwyn, Mills & Cawood, Inc. v. Black Swamp, Inc.*,
    956 F. Supp. 2d 1323 (M.D. Ala. 2012) ....................................................... 3, 4, 5, 6

*Gulf Oil Corp. v. Gilbert*,
    330 U.S. 501 (1947) ................................................................................................. 3

*Gulf States Reg'l Ctr., LLC v. Jaddou*,
    No. 23-CV-1354, 2024 WL 3553533 (E.D. La. July 25, 2024)............................. 2

*Harris Corp. v. Nat'l Iranian Radio & Television*,
    691 F.2d 1344 (11th Cir. 1982)............................................................................... 3

*Hartford Cas. Ins. Co. v. Sany Am., Inc.*,
    991 F. Supp. 2d 1303 (N.D. Ga. 2014) ................................................................... 6

*Harvard v. Inch*,
    408 F. Supp. 3d 1255 (N.D. Fla. 2019) .................................................................. 7

*Hendricks v. Bank of Am., N.A.*,
  408 F.3d 1127 (9th Cir. 2005) ............................................................................... 2

*Home Ins. Co. v. Thomas Indus., Inc.*,
  896 F.2d 1352 (11th Cir. 1990) ............................................................................. 3

*Jenkins Brick Co. v. Bremer*,
  321 F.3d 1366 (11th Cir. 2003) ......................................................................... 4, 6

*Manchester Knitted Fashions, Inc. v. Amalgamated Cotton Garment & Allied Indus. Fund*,
  967 F.2d 688 (1st Cir. 1992) ............................................................................. 1, 2

*Manley v. Engram*,
  755 F.2d 1463 (11th Cir. 1985) ............................................................................. 1

*Morgan v. North MS Med. Ctr., Inc.*,
  403 F.Supp.2d 1115 (S.D. Ala. 2005) ................................................................... 6

*Nat'l Wildlife Fed'n v. Harvey*,
  437 F. Supp. 2d 42 (D.D.C. 2006) ..................................................................... 7, 9

*Natural Res. Def. Council, Inc. v. Tennessee Val. Auth.*,
  340 F. Supp. 400 (S.D.N.Y. 1971) ......................................................................... 4

*Nebraska Data Centers, LLC v. Khayet*,
  No. 8:17CV369, 2018 WL 2184456 (D. Neb. May 10, 2018) ............................... 2

*Neirbo Co. v. Bethlehem Shipbuilding Corp.*,
  308 U.S. 165 (1939) ............................................................................................... 1

*Piper Aircraft Co. v. Reyno*,
  454 U.S. 235 (1981) ............................................................................................... 3

*Pres. Soc'y of Charleston v. U.S. Army Corps of Eng'rs*,
  893 F. Supp. 2d 49 (D.D.C. 2012) ......................................................................... 7

*Reyes v. JA & M Developing Corp.*,
  2012 WL 3562024 (S.D. Fla. 2012) ....................................................................... 3

*Southern Visions, LLP v. Red Diamond, Inc.*,
  No. 1:18-CV-04566, 2018 WL 8221528 (N.D. Ga. Dec. 10 ................................. 3

*Stanton-Negley Drug Co. v. Pa. Dep't of Pub. Welfare*,
  No. 07-1309, 2008 WL 1881894 (W.D. Pa. Apr. 24, 2008) ................................. 7

*Steen v. Murray*,
  770 F.3d 698 (8th Cir. 2014) ............................................................................. 7, 8

*TLC Vision (USA) Corp. v. Freeman*,
    No. 4:12CV01855 ERW, 2013 WL 2181267 & n.9 (E.D. Mo. May 20, 2013) ...................... 2

*United States v. Dardashti*,
    No. 15-CV-22317, 2016 WL 6561480 (S.D. Fla. Apr. 15, 2016) ............................................ 1

*W. Org. of Res. Councils v. U.S. Bureau of Land Mgmt.*,
    No. 4:20-CV-76, 2021 WL 718857 (D. Mont. Feb. 24, 2021) ............................................ 7, 8

*Western Watersheds Project v. Schneider*,
    2019 WL 4863483 (D. Id. Oct. 2, 2019) .................................................................................... 4

**Statutes**

28 U.S.C. § 1391(b)(2) & (e)(1)(B) ................................................................................. 4, 6, 9, 10

28 U.S.C. § 1391(b)(2) & (e)(1)(B)–(C) ......................................................................................... 3

28 U.S.C. § 1391(e)(1)(C) ............................................................................................................... 3

42 U.S.C. § 4321 ............................................................................................................................... 4

## INTRODUCTION

Plaintiffs filed this urgent action to prevent irreparable environmental harm from the construction, expansion, and operation of a mass immigration detention center in the heart of the Everglades. Defendants litigated for weeks in this District against Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction. *See* D.E. 12, 16, 21, 26, 28, 35. It was only after the case was reassigned to this Court that State Defendant Guthrie objected to venue.

Defendant Guthrie now claims that Plaintiffs are not likely to succeed on the merits of their PI Motion because they are not likely to establish proper venue in the Southern District of Florida. D.E. 50 at 5. The argument fails because the State has waived any objection to venue. Even if the objection were not waived, venue in this District is proper because Plaintiff Friends of the Everglades resides here and a substantial part of the events and omissions that give rise to Plaintiffs' claims occurred in this District.

## I.    The State Has Waived Any Venue Challenge.

It is well established that venue "is merely a privilege of the parties, and defects of venue may be waived by the parties." *Manley v. Engram*, 755 F.2d 1463, 1468 (11th Cir. 1985) (internal citations omitted). "Indeed, the right to object to improper venue may be waived in any of several ways: by express waiver, by conduct amounting to waiver as a matter of law, or by failure to interpose a timely and sufficient objection." *Id.*; *see also Neirbo Co. v. Bethlehem Shipbuilding Corp.,* 308 U.S. 165, 168 (1939) (venue privilege "may be lost by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct").

"A party need not actually file an answer or a motion before waiver may be found." *United States v. Dardashti,* No. 15-CV-22317, 2016 WL 6561480, at *2 (S.D. Fla. Apr. 15, 2016) (Williams, J.) (finding that defendant waived challenge to service by failing to raise the issue in initial court filing). If a party "stalls in pleading improper venue because [it] wants to find out which way the wind is blowing, then conventional principles of waiver or equitable estoppel come into play and if invoked by the plaintiff block the challenge to venue." *Am. Patriot Ins. Agency, Inc. v. Mut. Risk Mgmt., Ltd.*, 364 F.3d 884, 888 (7th Cir. 2004). Waiver cures any defect in venue. *Manley*, 755 F.2d at 1468.

Because a venue challenge "can be raised so easily," courts "strictly apply the waiver rule" and require defendants to raise venue in their "first defensive move." *Manchester Knitted Fashions, Inc. v. Amalgamated Cotton Garment & Allied Indus. Fund*, 967 F.2d 688, 692 (1st

Cir. 1992). Significantly, "opposition to a motion for preliminary injunction can be such a 'first responsive pleading' or defensive move." *Bautista-Perez v. Holder*, 681 F. Supp. 2d 1083, 1091 (N.D. Cal. 2009) (citing *Hendricks v. Bank of Am., N.A.*, 408 F.3d 1127, 1135 (9th Cir. 2005)).

Applying these principles, courts have found that, where a defendant fails to challenge venue in its initial response to a motion for injunctive relief, the issue is waived. For instance, in *Gulf States Reg'l Ctr., LLC v. Jaddou*, No. 23-CV-1354, 2024 WL 3553533 (E.D. La. July 25, 2024), the court held that the defendant waived a venue challenge by failing to raise the issue in its response to plaintiff's motion for preliminary injunction. *Id.* at *4. Indeed, the *Gulf States* court specifically found that "a period of nearly two weeks was sufficient time to raise such a challenge." *Id.* ("[a]pplicable law does not allow USCIS to actively litigate the merits of its case and then claim the court before which it voluntarily litigated is not the proper venue").

Multiple other courts have similarly held that a venue challenge is waived if not raised in a defendant's initial response to a request for preliminary injunctive relief. *See, e.g., Barnstead Broad. Corp. v. Offshore Broad. Corp.*, 869 F. Supp. 35, 38–39 (D.D.C. 1994) (citing *Manchester Knitted Fashions*, 967 F.2d at 691–92).[1] Here, the State submitted its initial opposition to Plaintiffs' motion for injunctive relief on June 30, 2025, and did not challenge the venue of this action at the time. *See* D.E. 16. On July 11, the State filed a supplementary response raising substantive legal arguments and *again* failed to challenge venue. D.E. 28. And on July 16, the State responded to Plaintiffs' motion for an expedited ruling (D.E. 31) and *again* raised substantive issues without contesting this venue. D.E. 35. The County and Federal Defendants likewise responded to the PI Motion without contesting venue. D.E. 12 & 21.

For nearly *four weeks* the State actively litigated this case without objecting to venue. *Cf. Gulf States*, 2024 WL 3553533, at *4 (venue was waived where defendant waited two weeks to invoke it); *Manchester Knitted Fashions*, 967 F.2d at 691–92 (venue can be raised "easily"). Through its conduct—actively and repeatedly engaging the merits in opposition to Plaintiffs' filings without objecting to venue—the State waived a challenge to venue. *Gulf States*, 2024 WL 3553533 at *4; *Barnstead*, 869 F. Supp. at 38–39; *Bautista-Perez*, 681 F. Supp. 2d at 1091–92.

---

[1]   *See also George Washington Univ. v. DIAD, Inc.*, No. CIV. A. 96-301-LFO, 1996 WL 470363, at *1 (D.D.C. Aug. 9, 1996); *TLC Vision (USA) Corp. v. Freeman*, No. 4:12CV01855 ERW, 2013 WL 2181267, at *6 & n.9 (E.D. Mo. May 20, 2013); *Nebraska Data Centers, LLC v. Khayet*, No. 8:17CV369, 2018 WL 2184456, at *3 (D. Neb. May 10, 2018) ; *Bautista-Perez*, 681 F. Supp. 2d at 1091–92.

Notably, the State only objected to venue after the case was reassigned to this Court, D.E. 50, clearly holding back this defense "to find out which way the wind is blowing." *Am. Patriot Ins.*, 364 F.3d at 888. The objection should thus also be rejected based on equitable estoppel. *Id.*

## II.     Venue in this District is Proper.

In any event, venue in this District is proper because Plaintiff Friends of the Everglades resides in this District and "a substantial part of the events or omissions giving rise" to Plaintiffs' claims occurred here. 28 U.S.C. § 1391(b)(2) & (e)(1)(B)–(C).

A district court evaluates venue based on factual allegations in the complaint, which are taken as true unless controverted. *Reyes v. JA & M Developing Corp.*, 2012 WL 3562024, at *3 (S.D. Fla. 2012). Plaintiffs need only establish "a prima facie showing of venue." *Home Ins. Co. v. Thomas Indus., Inc.*, 896 F.2d 1352, 1355 (11th Cir. 1990). If the plaintiff meets this "light" standard, then the burden shifts to the defendant to show why venue is improper. *Canal Ins. Co. v. Yelder*, 2010 WL 2640241, at *1 (M.D. Ala. June 22, 2010); *Goodwyn, Mills & Cawood, Inc. v. Black Swamp, Inc.*, 956 F. Supp. 2d 1323, 1327 (M.D. Ala. 2012).[2]

### A.     Plaintiff Friends of the Everglades Resides in the Southern District of Florida.

In cases involving a federal defendant, venue is proper in the district where "the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1)(C). A plaintiff entity with capacity to sue is deemed to reside "in the judicial district in which it maintains its principal place of business." *Id.* § 1391(c)(2). Moreover, "the plaintiff's choice of forum should rarely be disturbed," *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1947), particularly where plaintiff chooses its home venue. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981).

Here, Plaintiff Friends of the Everglades is a Florida non-profit organization with members, directors, and an office in Miami-Dade County, Florida. D.E. 1 ¶ 8; *see also* Friends of the Everglades, Contact Us, https://www.everglades.org/contact/ (last visited July 23, 2025).

---

[2] Moreover, "[v]enue is not a jurisdictional prerequisite and its presence or absence does not affect a court's authority to adjudicate." *Harris Corp. v. Nat'l Iranian Radio & Television*, 691 F.2d 1344, 1349 (11th Cir. 1982). Accordingly, a court may address a request for injunctive relief despite a pending motion to dismiss or transfer based on venue (neither of which have been filed in this case). *See Arval Serv. Lease S.A. v. Clifton*, No. 3:14-CV-1047-J-39MCR, 2014 WL 12614422, at *1 (M.D. Fla. Nov. 21, 2014) (addressing motion for preliminary injunction before deciding venue issue because of the "urgency of the issues raised"); *Southern Visions, LLP v. Red Diamond, Inc.*, No. 1:18-CV-04566, 2018 WL 8221528, at *5 (N.D. Ga. Dec. 10, 2018) (ruling on injunction motion despite also finding that venue was improper).

Plaintiff's principal place of business is in Stuart, also in this District. Ex. 1. No "real property is involved in the action" for purposes of venue because the action does not involve "disputes over real property interests." *Earth Island Inst. v. Quinn*, 56 F.Supp.3d 1110, 1116 (N.D. Cal. 2014) (rejecting argument in NEPA challenge that "real property" was involved in case based on project's impacts on a particular area of land); *see also Western Watersheds Project v. Schneider*, 2019 WL 4863483, at *2–3 (D. Id. Oct. 2, 2019) (for purposes of venue, "real property" is not "involved" in challenges under NEPA); *Natural Res. Def. Council, Inc. v. Tennessee Val. Auth.*, 340 F. Supp. 400, 406 (S.D.N.Y. 1971), *rev'd on other grounds*, 459 F.2d 255 (2d Cir. 1972) ("real property" in venue provision refers to legal property interests). Venue is therefore proper in the Southern District of Florida.

**B.    A Substantial Part of the Events or Omissions Giving Rise to Plaintiffs' Claims Occurred in this District.**

Venue is also proper in "any" district where "a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391(b)(2) & (e)(1)(B). Under this prong, Section 1391 "contemplates some cases in which venue will be proper in two or more districts." *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003). The Court "is not required to weigh the events" that occurred in one district versus another or "choose which venue is more proper." *Goodwyn*, 956 F. Supp. 2d at 1326.  Rather, venue is proper in "***any***" district where a "substantial part of the events or omissions giving rise to" a claim occurred, even if the same may be said as to other districts. *Id.*

1.    <u>Plaintiffs Allege Substantial Events and Omissions in this District.</u>

Plaintiffs allege that the State and Federal Defendants violated NEPA, 42 U.S.C. § 4321 *et seq.*, by commandeering property owned by Miami-Dade County, and located in ***both*** Collier and Miami-Dade Counties, to construct and operate a mass immigration detention center without evaluating the environmental impacts on ecologically sensitive areas that surround and are adjacent to or near the site, including the Big Cypress National Preserve and the Everglades. D.E. 1 ¶¶ 1–3, 9–12, 16, 21–33, 43, 58, 61, 68, 73, 75–79.

Plaintiffs further allege that the State acted *ultra vires* by commandeering property owned by Miami-Dade County to construct an immigration detention center without lawful authority, without completing required environmental reviews, and without consulting with affected local governments, which include Miami-Dade County. *Id.* ¶¶ 80–87.  Lastly, Plaintiffs allege that

despite raising concerns about adverse environmental impacts, Miami-Dade County unlawfully acquiesced in these actions. *Id.* ¶¶ 44, 88–94. These allegations, which the Court must accept as true, suffice to establish a prima facie showing that venue is "plausibly proper." *Goodwyn*, 956 F. Supp. 2d at 1326–27 (internal citations omitted).

Plaintiffs' complaint, and the supplemental evidence submitted to date, demonstrate that a substantial part of the events and omissions that gave rise to these claims occurred in the Southern District. Indeed, Plaintiffs' claims were set in motion by Defendant Guthrie's notice to Miami-Dade County that FDEM was commandeering ecologically sensitive property partially located in, and entirely owned by the County. *See* D.E. 1 ¶ 2 (Miami-Dade County owns site within ecologically sensitive area that serves as habitat for endangered and threatened species); D.E. 1 ¶ 37 & D.E. 12-3 (Defendant Guthrie letter of intent to Miami-Dade stating that FDEM intended "to secure long-term ownership" of the Dade-Collier Training and Transition Airport ("TNT Site") along with "associated land, facilities, and rights-of-way" in order "to support statewide emergency operations"); D.E. 12-5 (Defendant Guthrie notice to Miami-Dade County that FDEM would immediately begin to utilize the Site "to assist the federal government with immigration enforcement," citing the Governor's declaration of an immigration emergency).

Miami-Dade County advised FDEM that use of the parcel for a detention center would require "considerable review and due diligence" and could have "significant long-term impact on our community"—*i.e.*, Miami-Dade County residents. *See* D.E. 12-4 at 1. The County also specifically identified its interests in the restoration of the Everglades, ensuring clean drinking water, and protecting county taxpayer resources. *See* D.E. 1 ¶ 44; D.E. 12-4 at 1; *see also* Ex. 2.

Despite these concerns about impacts to Miami-Dade County, Defendant Guthrie and the Federal Defendants collaborated to develop and operate a mass immigration detention facility on the County's property (D.E. 1 ¶ 3), failed to assess the environmental impacts of the project on Miami-Dade County (D.E. 12-4 at 1 & Ex. 2), including on threatened and endangered species located in the County (D.E. 1 ¶¶ 24, 25), and deprived members of the Miami-Dade community, including Plaintiff Friends (*id.* ¶ 8), the opportunity for notice and comment guaranteed by federal law (*id.* ¶ 16). *See also* Ex. 2. Defendant Miami-Dade County, in turn, acquiesced in the other Defendants' transformation of the site into a mass detention center, contrary to County rules pertaining to aviation, limited use, and environmental protection, and notwithstanding the adverse impacts to County residents. D.E. 1 ¶¶ 88–94; D.E. 12-4 at 1.

It is therefore beyond question that a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in Miami-Dade County, making venue in this District proper. 28 U.S.C. § 1391(b)(2) & (e)(1)(B).

        2.      <u>Defendant Guthrie's Arguments Lack Merit</u>.

Defendant Guthrie argues that Plaintiffs are not likely to succeed on their PI Motion based on improper venue because (1) construction on the mass immigration detention center to date has taken place in Collier County, (2) the related "substantial" decision-making occurred in Tallahassee, Washington, D.C., or on site, and (3) the action depends on a state/federal partnership that presumably involved decisions in Tallahassee or Washington.  D.E. 50 at 3–4.

But Section 1391 "contemplates some cases" where venue may be proper "in two or more districts." *Jenkins Brick Co.*, 321 F.3d at 1371. The Court "is not required to weigh the events" that occurred in one district versus another or to "choose which venue is more proper." *Goodwyn*, 956 F. Supp. 2d at 1326; *accord Hartford Cas. Ins. Co. v. Sany Am., Inc*., 991 F. Supp. 2d 1303, 1307 (N.D. Ga. 2014) (that a substantial part of events giving rise to an action may also have occurred in another district does not render venue improper). Nor is a plaintiff "required to select the venue with the *most* substantial nexus to the dispute."  *Careplus Health Plans, Inc. v. Crespo*, No. 8:05CV2010-T-27MAP, 2006 WL 1382102, at *2 (M.D. Fla. May 19, 2006).  *Accord Morgan v. North MS Med. Ctr., Inc*., 403 F.Supp.2d 1115, 1122 (S.D. Ala. 2005). Rather, venue is proper in "any" district where a "substantial part of the events or omissions giving rise to" a claim occurred, even if the same may said of other districts.  *Jenkins Brick Co.*, 321 F.3d at 1371.

Moreover, it is not the "decision-making about the detention facility" (D.E. 50-1 ¶ 4) that Plaintiffs challenge, but rather Defendants' failure to comply with federal environmental laws. A substantial part of those omissions—the failure to evaluate the environmental impacts of the project on the Big Cypress National Preserve and Everglades ecosystem, including in Miami-Dade County; the failure to provide notice and comment to the affected public, including Plaintiff Friends in the Southern District; and Miami-Dade County's unlawful acquiescence in those actions—occurred in this District.

Because this case does not challenge a statewide policy and involves both actions and omissions in the Southern District, it sharply contrasts with the cases on which Defendant

Guthrie relies.  D.E. 50 at 4.[3]  Nor is this a case where decisionmakers, the project, and the affected community are "all located" in the same district.  *Cf. Pres. Soc'y of Charleston v. U.S. Army Corps of Eng'rs*, 893 F. Supp. 2d 49, 55 (D.D.C. 2012) (transferring NEPA case to District "wherein the project itself, the decisionmakers, and the affected community are all located").

Defendant Guthrie's argument that venue may not be based on where the impacts of a policy are felt (D.E. 50 at 4) is also misplaced.  In *Stanton-Negley*, the plaintiff drug company claimed venue based on where it experienced financial harm from a statewide Medicare program that affected all 42 counties in Pennsylvania.  2008 WL 1881894, at *5.  Here, the failure to assess impacts to the affected environment, including in the Southern District, is a central event that gives rise to Plaintiffs' claim because NEPA requires the study of those impacts.

The location of impacts is relevant to determining whether a particular venue is proper.  *See Nat'l Wildlife Fed'n v. Harvey*, 437 F. Supp. 2d 42, 46 (D.D.C. 2006) (determining venue is proper in the Southern District of Florida in part because impacts to the snail kite population from the management of Lake Okeechobee occurred in Southern Florida); *see also W. Org. of Res. Councils v. U.S. Bureau of Land Mgmt.*, No. 4:20-CV-76, 2021 WL 718857, at *5 (D. Mont. Feb. 24, 2021) ("[T]he unique procedural history of this case ... and the harms in Montana each constitute a substantial part of the events that give rise to the claims in this case"); *C2F, Inc. v. Bee Paper Co.*, No. 08-CV-479, 2008 WL 4791012, at *8 (D. Or. Oct. 28, 2008) ("[W]hen a court considers whether a substantial part of the events giving rise to the claim occurred in the district, the locus of the injury is a relevant factor").

Defendant Guthrie's reliance on the precise location of most of the facility and the construction to date (D.E. 50 at 3 & n.3) is misplaced.  Venue based on where a substantial part of property is located applies "only to suits involving property disputes or in rem actions."  *Steen v. Murray*, 770 F.3d 698, 704 (8th Cir. 2014).

Lastly, for the reasons stated above, venue in this District is proper as to all claims and all Defendants.  *Cf.* D.E. 50 at 4 n.2.  The claims arise from many of the same operative facts, which either originate in Miami-Dade County or fail to consider impacts in Miami-Dade County

---

[3]  *See, e.g., Harvard v. Inch*, 408 F. Supp. 3d 1255, 1261–63 (N.D. Fla. 2019) (venue for challenge to statewide policy was in Tallahassee where state policy was promulgated and enforced); *Stanton-Negley Drug Co. v. Pa. Dep't of Pub. Welfare*, No. 07-1309, 2008 WL 1881894, at *5 (W.D. Pa. Apr. 24, 2008) (venue for challenge to statewide policy was in district where policy was designed, developed, and adopted).

without affording affected members of the public in the Southern District of Florida, including Plaintiff Friends of the Everglades, notice and an opportunity to comment.  Contrary to Defendant Guthrie's representation (D.E. 50 at 4–5), the harms in this District from these substantial events and omissions are a substantial basis for this action and continue unabated until the Court grants relief.[4]

        3.    <u>Failing to Comply with NEPA is a Substantial Omission in this District Giving Rise to Plaintiffs' Claims</u>.

The TNT site physically spans both Miami-Dade and Collier Counties, and is within Big Cypress National Preserve, which is part of the Everglades Ecosystem.  D.E. 1 ¶¶ 21, 27–29. The area immediately surrounding the TNT site—large swaths of which stretch into Miami-Dade and Monroe Counties—are interconnected Everglades wetlands that provide critical habitat for threatened and endangered species and contain significant Miccosukee Tribal sites. *See* D.E. 50-1; D.E. 1 ¶¶ 23-25; D.E. 33.

This adjacent and downstream environment also includes the Western Everglades Restoration Plan ("WERP"), a recent component of the Comprehensive Everglades Restoration Plan ("CERP").

Likewise, threatened and endangered species in the Big Cypress and Everglades ecosystem do not recognize District lines. They move into areas in the Southern District adjacent to and downstream of the TNT site, and their primary habitat extends into Miami-Dade and Monroe Counties. Florida Fish and Wildlife Conservation Commission's data, for example, show that the critically endangered Florida panther use or traverse portions of the TNT site that are in Miami-Dade County. D.E. 1 ¶¶ 24, 25; D.E. 5-2 at 5. This is corroborated by the U.S. Fish and Wildlife Service's data showing primary Panther habitat extending significantly east and south of the TNT site in Miami-Dade and Monroe Counties.  D.E. 38-6 at 22.[5]

In addition, since its operation as a detention facility, the TNT site has emitted bright lights impacting Miami-Dade County. D.E. 24-4.  Prior to being used as a mass immigration detention facility, "the TNT site was historically dark at night."[6]  D.E. 24-

is "light pollution emanating from the Site" (*id*                            -Dade.

Because an environmental review under NEPA would substantially involve a review of environmental impacts in the Southern District of Florida, State and Federal Defendants' failure to conduct this review is an operative fact and omission giving rise to Plaintiffs' claims for purposes of venue being proper in this District.  *See* 28 U.S.C. § 1391(b)(2) & (e)(1)(B); *Nat'l Wildlife Fed'n,* 437 F.Supp. 2d at 46 (venue was proper in the Southern District of Florida in part because impacts to the snail kite population occurred in the district).

        4.     <u>Venue in this District is Also Proper in Light of Substantial Events and Omissions Affecting Proposed Intervenor, the Miccosukee Tribe.</u>

Venue here is also supported by the submissions of proposed Intervenor, the Miccosukee Tribe. The Miccosukee people "have lived in and cared for the land now known as Big Cypress National Preserve… since time immemorial." D.E. 33 at 2. Members of the Tribe hunt, fish, trap, gather plants, hold sacred rituals, and lay their deceased to rest in the Preserve.  *Id*.

Today, there are Miccosukee sites of cultural and religious significance located in Miami-Dade County, adjacent to or near the TNT site.  *See* D.E. 33-1; 33-2. Specifically, the Miccosukee Reserved Area is located in Miami-Dade County, downstream of the TNT site. *See*

---

[5] Plaintiffs cite exhibits to D.E. 38 only to show NEPA-related impacts in support of venue.
[6] In 2016, Big Cypress National Preserve was designated a "Dark Sky Park" by DarkSky International (formerly the International Dark Sky Association), with the Preserve representing some of the last dark sky territory in the region.  DarkSky International, Big Cypress National Preserve, https://darksky.org/places/big-cypress-dark-sky-park/ (last visited July 24, 2025).

D.E. 33-1. The Miccosukee Reserved Area is home to the Miccosukee Indian School, Miccosukee Health Department, Miccosukee Tribal Court, and Miccosukee Water and Fire Departments.  D.E. 33 at 9.  Miccosukee tree islands are patches of elevated dry land that provide essential habitat for wildlife and plant species.[7]  Many of the Tribe's tree islands, and points of significance to the Tribe, are located within Miami-Dade, east and south of the TNT site.  *See* D.E. 33-2.

Because there have been no environmental reviews of the mass detention facility, the Tribe's interests in these downstream sites are threatened.  *See* D.E. 33 at 5-10; D.E. 33-3 (map depicting seasonal water flow downstream in the Big Cypress and Everglades area).  Defendants' failure to comply with NEPA to assess impacts to these interests in Miami-Dade County is an omission giving rise to the Tribe's claims, further demonstrating that venue in the Southern District of Florida is proper.  *See* D.E. 33 at 10, 16, 18; 28 U.S.C. § 1391(b)(2) & (e)(1)(B).

## CONCLUSION

For the reasons stated, Defendant Guthrie's belated objection to venue fails because it has been waived. Even if it had not been waived, the objection fails because Plaintiffs have made a *prima facie* showing that venue in this District is proper and Defendant has not met its burden to show otherwise.  Plaintiffs therefore respectfully request that the objection be rejected.

Dated:   July 25, 2025

Respectfully submitted,

| | |
|---|---|
| EARTHJUSTICE | COFFEY BURLINGTON, P.L. |
| 4500 Biscayne Boulevard, Suite 201 | 2601 South Bayshore Drive, Penthouse One |
| Miami, Florida  33137 | Miami, Florida  33133 |
| Telephone:  (305) 440-5432 | Telephone:  (305) 858-2900 |
| | |
| By:_____s/   Tania Galloni_____ | By:_____s/   Paul J. Schwiep_____ |
| Tania Galloni, Fla. Bar No. 619221 | Paul J. Schwiep, Fla. Bar No. 823244 |
| tgalloni@earthjustice.org | PSchwiep@CoffeyBurlington.com |
| Dominique Burkhardt, Fla. Bar No. 100309 | Scott Hiaasen, Fla. Bar No. 103318 |
| dburkhardt@earthjustice.org | SHiaasen@CoffeyBurlington.com |
| Alisa Coe, Fla. Bar No. 10187 | YVB@CoffeyBurlington.com |
| acoe@earthjustice.org | LPerez@CoffeyBurlington.com |
| | service@CoffeyBurlington.com |

---

[7] Native American Fish and Wildlife Society, Miccosukee Tribe Works to Protect the Tree Islands of the Everglades, https://nafws.org/news/miccosukee-tribe-works-to-protect-the-tree-islands-of-the-everglades/ (last visited July 23, 2025).

*Counsel for Friends of the Everglades*

*Counsel for Plaintiffs*

CENTER FOR BIOLOGICAL DIVERSITY
Elise Pautler Bennett, Fla. Bar No. 106573
ebennett@biologicaldiversity.org
Jason Alexander Totoiu, Fla. Bar No. 871931
jtotoiu@biologicaldiversity.org
Post Office Box 2155
St. Petersburg, FL 33731
Telephone:  (727) 755-6950

*Counsel for Center for Biological Diversity*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 25, 2025, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the Service List below via transmission of Notice of Electronic Filing generated by CM/ECF.

s/  Paul J. Schwiep

| Service List | |
|---|---|
| **Nathan A. Forrester** <br>    Chief Deputy Solicitor General <br> nathan.forrester@myfloridalegal.com <br> **Robert S. Schenck** <br>    Assistant Solicitor General <br> robert.schenck@myfloridalegal.com <br> Office of the Attorney General <br> The Capitol, PL-01 <br> Tallahassee, Florida  32399-1050 <br> Telephone:  (850) 414-3300 <br> jenna.hodges@myfloridalegal.com <br><br><br> BOIES SCHILLER FLEXNER LLP <br> **Jesse Panuccio, Esq.** <br> jpanuccio@bsfllp.com <br> **Evan Ezray, Esq.** <br> eezray@bsfllp.com | HAYDEN P. O'BYRNE <br> United States Attorney <br> **Carlos J. Raurell** <br>    Assistant U.S. Attorney <br> carlos.raurell@usdoj.gov <br> 99 Northeast 4th Street <br> Miami, Florida  33132 <br> Telephone:  (305) 961-9243 <br> melissa.Jiminson@usdoj.gov <br><br><br> ADAM R.F. GUSTAFSON <br> Acting Assistant Attorney General <br> Environment and Natural Resources Division <br>    United States Department of Justice <br> **Peter M. Torstensen, Jr.** <br>    Deputy Assistant Attorney General <br> Environment and Natural Resources Division |

11

Case No. 1:25-cv-22896-KMW

| | |
|---|---|
| 401 East Las Olas Boulevard, Suite 1200<br>Fort Lauderdale, Florida  33301<br>Telephone:  (954) 356-0011<br>jpanuccio@BSFLLP.com<br><br>*Counsel for Defendant Kevin Guthrie, in his official capacity as Executive Director of the Florida Division of Emergency Management* | United States Department of Justice<br>**Hayley A. Carpenter**<br>    Trial Attorney<br>hayley.carpenter@usdoj.gov<br>Natural Resources Section<br>Ben Franklin Station<br>P.O. Box 7611<br>Washington, D.C. 20044-7611<br>Telephone:  (202) 305-0242<br><br>*Counsel for Kristi Noem, in her official capacity as Secretary, United States Department of Homeland Security, and Todd Lyons, in his official capacity as Acting Director, United States Immigration and Customs Enforcement* |
| GERALDINE BONZON-KEENAN<br>Miami-Dade County Attorney<br>**Christopher J. Wahl**<br>    Assistant County Attorney<br>wahl@miamidade.gov<br>**Monica Rizo Perez**<br>    Assistant County Attorney<br>rizo@miamidade.gov<br>Monica.Rizo@miamidade.com<br>**David M. Murry**<br>    Assistant County Attorney<br>DMMurray@FlyMIA.com<br>Stephen P. Clark County<br>111 Northwest 1st Street, Suite 2810<br>Miami, Florida  33128<br>Telephone:  (305) 375-5151<br>Victor.Rodriguez3@miamidade.gov<br>Madalis.Gonzalez@miamidade.gov<br>KGriffin@FlyMIA.com<br><br>*Counsel for Miami-Dade County* | **Todd R. Friedman, Esq.**<br>todd@toddfriedmanpa.com<br>TODD R. FRIEDMAN, P.A.<br>1101 Brickell Avenue<br>Suite S-700<br>Miami, Florida 33131<br>Telephone:  (786) 536-7190<br><br>*Counsel for The Miccosukee Tribe of Indians* |