UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
No. 25-cv-22896-JEM

FRIENDS OF THE EVERGLADES, INC., et al.

    Plaintiffs,

v.

KRISTI NOEM, et al.,

    Defendants.

_____

## FEDERAL DEFENDANTS' SUPPLEMENTAL RESPONSE ON VENUE

### INTRODUCTION

The Southern District of Florida is an improper venue for this suit. Plaintiffs' claims, at their core, allege that Defendants decided to "construct a mass migrant detention center" without conducting the environmental analyses required by NEPA. ECF No. 1, at ¶ 3. But the temporary detention center is in Ochopee,[1] which is in the Middle District of Florida, not the Southern District. ECF No. 50 at 3. All the activities that Plaintiffs allege harm their interests—construction, paving, detention—occurred in the Middle District, not in the Southern District. And all the relevant decision-making occurred in either the Middle District or the Northern District of Florida.

As Defendant Kevin Guthrie's ("FDEM") Supplemental Response shows, Count IV (against Miami-Dade County) does not make venue proper in this District. *See* ECF No. 50 at 3 n.2. But even if this Court disagrees and finds that Count IV makes venue proper, it should at a minimum sever Counts I-III—for which venue in this District is clearly improper—and either

---

[1] *See* Dade-Collier Training and Transition Airport (TNT), https://www.miami-air-port.com/dade_collier.asp.

1

dismiss those claims or transfer them to the Middle District. In the alternative, the Court should transfer this case to the Middle District because that is where the temporary center is located and where all the activities that Plaintiffs challenge occurred. *See* 28 U.S.C. § 1404(a).

## STANDARD OF REVIEW

In actions against federal agencies or officials, venue is proper "in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1). If defendants are not federal agencies or officials, then a "civil action may be brought in":

(1) A judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) A judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) If there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendants is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)-(3).

## ARGUMENT

There is no dispute that the challenged detention facility and construction activities are in Collier County. The Court should transfer this case to the Middle District of Florida because venue is improper in this District, or at a minimum, because the interest of justice supports the transfer and the case could have been brought in the Middle District. If the Court finds that venue is proper in this Court for Count IV, it should sever Counts I-III and either dismiss those claims or transfer them to the Middle District where venue is proper.

2

**I.      The Southern District of Florida is an improper venue for this case.**

Venue is improper in this forum under both 28 U.S.C. §§ 1391(b) or 1391(e)(1)(b). Compl. ¶ 7, ECF No. 1. Section 1391(b) has three provisions, none of which make venue proper here. Section 1391(b)(1) states that venue is proper in "[a] judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." This provision does not apply to this case because Federal Defendants Kristi Noem and Todd Lyons are not residents of Florida. *See, e.g.*, *Trujillo v. Garland*, No. 22-CV-23980-SCOLA/GOODMAN, 2023 WL 2374445, at *6 (S.D. Fla. Mar. 6, 2023) (collecting cases); *Rogers v. Civ. Air Patrol*, 129 F. Supp. 2d 1334, 1338 (M.D. Ala. 2001) ("[T]he official residence of the Secretary is either in the District of Columbia or the Eastern District of Virginia.").

Section 1391(b)(2) states that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." There is no question that a substantial part of the property at issue—the temporary detention center—is *not* located in the Southern District. ECF No. 50 at 3 (all buildings and pavement at the temporary detention center are in Collier County, which is in the Middle District); ECF No. 50-1 ¶¶ 2-5 (declaring the same). Nor is there any question that a substantial part of the events or omissions giving rise to Plaintiffs' claims *did not* occur in the Southern District. Plaintiffs cannot escape the substantiality component of § 1391(b)(2) by claiming that the temporary center will have environmental impacts in this District because "the dispute at the heart of this case" is whether the proper procedure was followed regarding the construction and operation of the temporary detention center. *See Rogers*, 129 F. Supp. 2d at 1339. Because the temporary detention center is not located in the Southern District, and because Plaintiffs have "not made this court aware of any significant activity that took place

3

within this judicial district, prior to the filing of Plaintiff[s'] Complaint, which gave rise to Plaintiff[s'] cause of action," venue is not proper in this District under Section 1391(b)(2).[2]

Section 1391(b)(3) does not make venue proper either because it only applies "[i]f there is no district in which an action may otherwise be brought as provided in this section." And as explained below, this case could be brought in the Middle District, so § 1391(b)(3) does not apply.

Nor do any of the three provisions in § 1391(e)(1)—the venue statute for federal defendants—confer venue. Section 1391(e)(1)(A) states that venue is proper in a judicial district where "a defendant in the action resides." "[T]he term 'a defendant' in section 1391(e)(1) refers only to a federal officer or agency defendant in the case, and not to 'any' defendant, including a non-federal one." *Rogers*, 129 F. Supp. 2d at 1338. Because neither of the Federal Defendants reside in this judicial district, § 1391(e)(1)(A) does not make venue proper.

The same goes for § 1391(e)(1)(B) because "a substantial part of the events or omissions giving rise to the claim" *did not* occur in the Southern District, and the Southern District *does not* contain "a substantial part of property that is the subject of the action." *Id*.

Last, § 1391(e)(1)(C) does not confer venue. Plaintiffs' suit centers on the temporary detention center, which is a collection of buildings and pavement on real property. ECF No. 50-1 ¶¶ 2-3 (declaring the same). Thus, real property is a central component of this action, so it is

---

[2] As FDEM explains, Count IV does not make venue proper. ECF No. 50 at 3 n.2. First, even as to Miami-Dade County, the acts or omissions Plaintiffs challenge did not substantially occur in this District. Instead, Miami-Dade explains that it made no decisions relevant to the temporary detention center, so all the relevant decisions were made outside this District in either the Middle or Northern District. *Id.*; ECF No. 12 at 6-9. Second, even if Count IV could be proper in this District against Miami-Dade County, it does not make this District the proper venue for Counts I-III against the Federal Defendants and FDEM. 14D WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 3807 (4th ed.) ("[V]enue must be proper for *each party*." (emphasis added))).

irrelevant under § 1391(e)(1)(C) whether any Plaintiff resides in the Southern District. 14D Wright & Miller, Federal Practice & Procedure § 3815 (4th ed.)

In sum, venue is improper in the Southern District of Florida under both §§ 1391(b) and 1391(e)(1). The Court should either dismiss this case for improper venue under Federal Rule of Civil Procedure 12(b)(3) or transfer the case to the Middle District.

## II.     Alternatively, the Court should sever Counts I-III and dismiss those claims or transfer them to the Middle District of Florida.

If the Court finds that Count IV—brought only against Miami-Dade County—makes venue proper in this District, it should sever Counts I-III and either dismiss them or transfer them to the Middle District. Count IV is the only claim that names Miami-Dade County. Compl. ¶¶ 88-94. But even if the Court finds that Miami-Dade County's location in this District makes venue proper for Count IV, that does not make venue proper for the remaining three claims against the Federal Defendants and FDEM. *See Burger King Corp. v. Thomas*, 755 F. Supp. 1026, 1029 (S.D. Fla. 1991) ("When multiple claims are pled, venue must be proper for each claim."); *see also N. Am. Med. Corp. v. Axiom Worldwide, Inc.*, No. 1:06-CV-1678-JTC, 2009 WL 10673377, at *2 (N.D. Ga. Jan. 14, 2009) ("'Generally, when multiple causes of action are joined, venue must be established for each separate cause of action.'" (quoting 17 Moore's Federal Practice, § 110.05 (3d ed. 2008))). For the reasons above, venue is improper in the Southern District for Counts I-III, so the Court should either dismiss those claims or transfer them to the Middle District.

Even if it were not mandatory to dismiss or transfer Counts I-III, Rule 21 "authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons … [such as where] they arise from different factual situations." *Khanna v. State Bar of Cal.*, No. C-07-2587 EMC, 2007 WL 2288116, at *2 (N.D. Cal. Aug. 7, 2007); *see also Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968). Rule 21 can also be used "to sever claims of

5

parties, otherwise permissibly joined, for purposes of convenience, to avoid prejudice, or to promote the expeditious resolution of the litigation." *Ferger v. C.H. Robinson Worldwide*, Inc., No. C06-174RSL, 2006 WL 2091015, at *1 (W.D. Wash. July 25, 2006). Severance is appropriate where there are "legal and factual differences" between the various claims. *Delce v. Amtrak & Rescoe Holdings, Inc.*, 180 F.R.D. 316, 319 (E.D. Tex. 1998). Further, "where claims are more properly tried in another forum, severance is the judicial tool of choice." *Id.* While the Middle District is the most appropriate forum for the entire case, as discussed above, it is without question the most appropriate forum for Counts I-III.

### III.  Alternatively, the Court should transfer the case to the Middle District of Florida in the interest of justice.

Even if the Court finds that venue is proper in this District for all four claims, the Court should use its discretion to transfer this case to the Middle District of Florida under 28 U.S.C. § 1404(a) because the case might have been brought in the Middle District and the interest of justice weighs toward transfer.

#### a. Venue is proper in the Middle District of Florida.

Venue is proper in the Middle District of Florida because "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(e)(1). The Middle District is a proper venue under both alternatives.

First, a substantial part of the events or omissions giving rise to the claims occurred in the Middle District because the temporary detention center is in the Middle District. ECF No. 50 at 3 (all buildings and pavement at the temporary detention center are in Collier County, which is in the Middle District); ECF No. 50-1 at 2-5 (declaring the same). Moreover, the alleged agency actions that Plaintiffs challenge—funding and construction of, and authorization for, the temporary

6

detention center—are alleged to have taken place at the temporary detention center in the Middle District.[3] Compl. ¶¶ 64-65, 67, 71, 77, ECF No. 1.

Second, *all* the property that is the subject of the action—save an unpaved runway—is in the Middle District. ECF No. 50 at 3 & n.3 (all buildings and pavement at the temporary detention center are in Collier County, which is in the Middle District, and no part of the detention center lies on the tiny sliver of unpaved runway that is located in Miami-Dade County). In sum, the Middle District is a proper venue for this action because the subject property and the detention facilities are in that district.

  **b. The interest of justice supports transfer.**

In considering whether to transfer a case in the interest of justice under 28 U.S.C. § 1404(a), the Court evaluates both the convenience of the parties and various public interest considerations.[4] The public interest considerations that the Court considers under 28 U.S.C. § 1404(a) are "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 62 n.6 (2013). This is not a diversity case, so the last factor is inapplicable. But the middle factor—the local interest—weighs heavily in favor of transfer because that interest of justice is best served when localized controversies are decided in local forums. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981); *Carter v. Rudinplay, Inc.*, No. 18-0117-WS-B, 2018 WL 2107608,

---

[3] As for the alleged funding and authorization, the receiving location of these actions presumably would be the temporary detention center, located in the Middle District of Florida. There has been no submission of a request for funding to the federal government.

[4] NEPA cases, like this one, are resolved on an Administrative Record and therefore these convenience factors do not play a significant role for purposes of the venue analysis. *Ctr. for Biological Diversity v. Kempthorne*, No. C-07-0894 EDL, 2007 WL 2023515, at *5 (N.D. Cal. July 12, 2007).

at *8 (S.D. Ala. May 7, 2018) (transferring a case from Alabama to New York because "the locus of the controversy is found in New York, not in Alabama"). In matters of environmental law and land use decisions, disputes "that are of great importance in the State … should be resolved in the forum where the people 'whose rights and interests are in fact most vitally affected by the suit'" are located. *Trout Unlimited v. U.S. Dep't of Agric.*, 944 F. Supp. 13, 19-20 (D.D.C. 1996) (quoting *Adams v. Bell*, 711 F.2d 161, 167 n.34 (D.C. Cir. 1983)); *see also S. Utah Wilderness All. v. Norton*, 315 F. Supp. 2d 82, 88 (D.D.C. 2004) ("Land is a localized interest because its management directly touches local citizens.").

The Middle District, the counties and local governments therein, and residents of the Middle District—where the temporary detention center is located—have a compelling interest in seeing that the claims regarding the center are decided locally. *See Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003) (reasoning that the diversity venue statute with similar language to 28 U.S.C. § 1391(e) "emphasizes the importance of the place where the wrong has been committed"); *Backcountry Against Dumps v. Abbot*, No. Civ. S-10-394 FCD/KJN, 2010 WL 2349194, at *4 (S.D. Cal. June 8, 2010) (transferring a case, in part, because "all land and real property related to" the challenged plan lay outside the district).

Plaintiffs may allege impacts from the site that go beyond the Middle District, but the resolution of this case—centered on real property located in the Middle District—will have the *greatest* impact on the people and local governments of the Middle District and should be transferred for this reason. *See, e.g.*, *S. Utah Wilderness All.*, 315 F. Supp. 2d at 88 (transferring claims involving oil and gas leases to the District of Utah and explaining that "[t]he controversy is localized in the sense that it involves Utah lands" and "hence there is a strong local interest in having this case heard in Utah"); *WildEarth Guardians v. U.S. Off. of Surface Mining Reclamation*

*& Enf't*, No. 1:13-cv-518, 2014 WL 503635, at *1 (D. Colo. Feb. 7, 2014) (transferring surface mining claims to Wyoming, New Mexico, and Montana and noting that the "value in having environmental claims litigated *where their impacts resonate most deeply* eclipses any alleged judicial economy in lumping together in one suit and one venue various locally charged claims" (emphasis added)); *WildEarth Guardians v. U.S. Bureau of Land Mgmt.*, 922 F. Supp. 2d 51 (D.D.C. 2013) (transferring claims challenging coal leasing decisions in Wyoming to Wyoming). And this project-specific focus, rather than physically or logically attenuated indirect impacts, is a hallmark of NEPA cases. *See Seven Cnty. Infrastructure Coal. v. Eagle Cnty.*, 145 S. Ct. 1497, 1508 (2025) ("[T]he D.C. Circuit ordered the Board to address the environmental effects of projects separate in time or place from the construction and operation of the railroad line. But NEPA requires agencies to focus on the environmental effects of the project at issue."); *see also Gulf Restoration Network v. Jewell*, 87 F. Supp. 3d 303, 311 (D.D.C. 2015) (finding, in a NEPA case, that "venue is proper in the Southern District of Alabama [under 28 U.S.C. § 1391(e)(1)(B)] because the Project is located there.").

The interest in resolving controversies locally weighs heavily in favor of transfer to the Middle District. *See Jenkins Brick Co.*, 321 F.3d at 1371.

  **c. Plaintiffs' choice of forum should not be given deference.**

The Court should not defer to Plaintiffs' choice of venue because their claims have little to no connection with this District. To be sure, a plaintiff's choice of forum often warrants deference. *See, e.g.*, *Bartronics, Inc. v. Power-One, Inc.*, 510 F. Supp. 2d 634, 637 (S.D. Ala. 2007) ("a plaintiff's choice of forum should be honored so long as venue is proper there, *unless substantial countervailing considerations militate to the contrary*" (citations omitted; emphasis added)). But "a plaintiff's choice of forum is entitled to less deference in the § 1404(a) analysis where the locus

9

of operative facts lies elsewhere." *Carter*, 2018 WL 2107608, at *9 (citing *Johnston v. Foster-Wheeler Constructors, Inc.*, 158 F.R.D. 496, 505 (M.D. Ala. 1994) ("Where none of the conduct complained of took place in the forum selected by Plaintiff, the Plaintiff's choice of forum is of minimal value in determining whether to transfer an action.")). The Middle District is where all challenged, alleged agency actions have taken (or could take) place, so Plaintiffs' choice of a different forum deserves little deference.

IV.     **Federal Defendants have not waived their objection to venue.**

Venue can be waived under 28 U.S.C. § 1406(b), but the Federal Defendants have not waived their objection. Under Rule 12, improper venue must be raised in either a responsive pleading or by separate motion before the responsive pleading or it is waived. Fed. R. Civ. P. 12(b), (h)(1). The Federal Rules provide the United States with sixty days to respond to a complaint following service, Fed. R. Civ. P. 12(a)(3), so the time to file a responsive pleading or 12(b)(3) motion has not expired. Thus, any objection to venue in Federal Defendants' responsive pleading or motion filed before the responsive pleading would be timely under the Federal Rules.

Nor have Federal Defendants waived their objection by their conduct in this litigation. The Eleventh Circuit recognizes that a defendant may waive a venue objection by "express waiver, by conduct amounting to waiver as a matter of law, or by failure to interpose a timely and sufficient objection." *Manley v. Engram*, 755 F.2d 1463, 1468 (11th Cir. 1985). Citing *Manley,* the Middle District reasoned that "substantial" participation in the litigation could waive an improper venue defense. *Thursday LLC v. KLHIP Inc.*, No. 8:17-cv-1587, 2018 WL 4216389, at *4 (M.D. Fla. Sept. 5, 2018). There, the Court found waiver where a defendant joined a stipulation filed with the court and participated in a case management conference before raising their objection to venue in a motion to dismiss. *Id*. Federal Defendants have only responded to Plaintiffs' first Motion for

10

Temporary Restraining Order, ECF No. 21, and they participated in the July 21 status conference, where the issue of venue was raised by Florida. This is not "substantial" participation.[5] Thus, Federal Defendants have not waived their objection to venue, either explicitly or implicitly, and the time to raise that objection has not expired.

## CONCLUSION

For these reasons, the Court should dismiss or transfer this entire case to the Middle District of Florida under 28 U.S.C. § 1404(a). Alternatively, it should sever Counts I-III and either dismiss them or transfer them to the Middle District.

Respectfully submitted on July 25, 2025.

>ADAM R.F. GUSTAFSON
>Acting Assistant Attorney General
>
>PETER M. TORSTENSEN, JR.
>Deputy Assistant Attorney General
>
>s/ Hayley A. Carpenter
>HAYLEY A. CARPENTER (CA Bar No. 312611)
>Trial Attorney
>Natural Resources Section
>Environment and Natural Resources Division
>United States Department of Justice
>Ben Franklin Station
>P.O. Box 7611
>Washington, D.C. 20044-7611
>(202) 305-0242
>hayley.carpenter@usdoj.gov
>
>*Counsel for Kristi Noem, in her official capacity as Director of Homeland Security; and Todd Lyons, in his official capacity as*

---

[5] Counsel for Federal Defendants plan to appear in person for the venue hearing on July 30, but this appearance will not amount to "substantial participation" because it will be: in compliance with a Court order, ECF No. 54 ¶ 2; responsive to the Court's expressed preference for in-person hearings; and will occur before Federal Defendants' responsive pleading.

*Acting Director of the United States  
Immigration and Customs Enforcement*

12