**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 25-22896-CV-WILLIAMS**

FRIENDS OF THE EVERGLADES, INC., *et al.*,

    Plaintiffs,

v.

KRISTI NOEM, *et al.*,

    Defendants.

_____/

## ORDER

**THIS MATTER** is before the Court on Plaintiffs' Motion for Expedited Discovery (DE 55) ("***Motion***"). Defendant Guthrie filed a Response in Opposition (DE 56). For the reasons set forth below, the Motion (DE 55) is **GRANTED IN PART**.

**I.   BACKGROUND**

On June 27, 2025, Plaintiffs Friends of the Everglades, Inc., and Center for Biological Diversity (together, "***Plaintiffs***") filed a suit for declaratory and injunctive relief, claiming, among other things, that Secretary of Homeland Security Kristi Noem and Acting Director of the United States Immigration and Customs Enforcement ("***ICE***") Todd Lyons (together, "***Federal Defendants***"), Executive Director of the Florida Division of Emergency Management ("***FDEM***") Kevin Guthrie, and Miami-Dade County, together approved, funded, constructed, and operate a federal detention center known as "Alligator Alcatraz" at the Dade-Collier Training and Transition Airport ("***TNT***") in violation of the National Environmental Policy Act ("***NEPA***") and other federal, state, and local law. (DE 1). The same day, Plaintiffs filed an Expedited Motion for Temporary Restraining Order ("***TRO***") and Preliminary Injunction ("***PI***") (DE 5), which they later altered in their Renewed

Motion for TRO (DE 40). The Court has set a hearing on Plaintiffs' motions for injunctive relief on August 6, 2025. (DE 54). Plaintiffs filed the instant Motion for Expedited Discovery (DE 55) on July 24, 2025, requesting an order compelling responses to certain document requests and interrogatories from Defendant Guthrie and the Federal Defendants, and compelling Defendant Guthrie to permit a site visit to TNT. (DE 55-1–5). Plaintiffs argue the limited discovery will shed light on the Defendants' contentions that federal agencies have not controlled the construction and operation of the detention center on TNT, and "thereby assist the Court in evaluating the issues" to be discussed during the August 6, 2025 hearing. Defendants counter, most notably, that it would be prejudicial to impose on Defendants, on such a short timeline, such broad, unilateral discovery obligations as Plaintiffs request. (DE 56 at 3–5).

## II.   LEGAL STANDARD

"Control over the course of discovery and scheduling is committed to the 'broad discretion' of the court." *TracFone Wireless, Inc. v. SCS Supply Chain LLC*, 330 F.R.D. 613, 615 (S.D. Fla. 2019) (quoting *Johnson v. Bd. of Regents*, 263 F.3d 1234, 1269 (11th Cir. 2001)). "Pursuant to [Federal] Rule [of Civil Procedure] 26(d) and (f), federal courts in their discretion may allow parties to conduct expedited discovery in advance of a Rule 26(f) conference where 'good cause' for such discovery is shown." *Id.* (citations omitted). In turn, "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Ca. 2002).

### III. DISCUSSION

Having reviewed Plaintiffs' requests and Defendant Guthrie's response, the Court finds that several easily gathered documents can greatly improve the Court's understanding of the issues to be discussed at the August 6, 2025 hearing. Particularly, any agreements governing the relationship between state and federal authorities in their construction and operation of the detention center at TNT would bear heavily on several of the core, contested issues that will determine Plaintiffs' likelihood of success on the merits. Specifically, the agreements may illuminate whether the project is, at minimum, "a Federal and State partnership or joint venture sufficient to trigger NEPA obligations," (DE 40 at 4), as Plaintiffs argue, or whether the project "was approved by the *State* and is being built [and operated] by the *State*," as Defendants respond. (DE 16 at 8). *See Courthouse News Serv. v. Harris*, No. ELH-22-548, 2022 WL 3577255, at *6, (D. Md. Aug. 18, 2022) (compelling "narrowly tailored" expedited discovery "relevant to a preliminary injunction determination"); *Mullane v. Almon*, 339 F.R.D. 659, 663 (N.D. Fla. 2021) ("Because of the expedited nature of injunctive proceedings, expedited discovery is more likely to be appropriate when a plaintiff is seeking a preliminary injunction."). Additionally, the results of any environmental impact study pertaining to TNT would aid the Court in quantifying the project's potential environmental harms, which motivate Plaintiffs' request for injunctive relief.

The Court is also cognizant of the burden that expedited discovery obligations may place on Defendants as they prepare for a fast-approaching evidentiary hearing in this case. To balance the interests of the Parties, the Court is compelling Defendants to produce only the requested agreements and most recent environmental impact study,

and reserves ruling on Plaintiffs' remaining discovery requests, including a site visit. These written materials comprise "specific, limited, and identifiable pieces of information," which should be readily accessible to Defendants, and without which "the suit cannot reasonably proceed[.]" *Mullane*, 339 F.R.D. at 663.

## IV.  CONCLUSION

For the reasons set forth above, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion for Expedited Discovery (DE 55) is **GRANTED IN PART**.

2. On or before **August 4, 2025, at 5:00 p.m.**, Defendants shall jointly produce the following to Plaintiffs:

    a. Any agreements between ICE, the U.S. Department of Homeland Security ("**DHS**"), the Federal Emergency Management Agency ("**FEMA**"), or both, and the FDEM, or any other state or local government office, pursuant to section 287(g) or any other provision of the Immigration and Nationality Act, applicable to the use of the Dade-Collier Training and Transition Airport as a detention center.

    b. A copy of any Intergovernmental Service Agreements ("**IGSA**"), Memorandum of Understanding, or the like, among FDEM and ICE or DHS or FEMA related to the TNT site.

    c. A copy of any IGSA between ICE and any other state or local government office related to the TNT site

    d. A copy of any Basic Ordering Agreements ("**BOA**") between ICE and FDEM.

    e. A copy of any BOAs between ICE and any other state or local government office.

    f. The most recent environmental impact study or similar survey in the possession of any Defendant, pertaining to the TNT site.

**DONE AND ORDERED** in Chambers in Miami, Florida, on this <u>28th</u> day of July, 2025.

_____
KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE