**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:25-cv-22896-KMW**

FRIENDS OF THE EVERGLADES, INC., a Florida not-for-profit corporation, and CENTER FOR BIOLOGICAL DIVERSITY, a 501(c)(3) nonprofit organization,

        Plaintiffs,

vs.

KRISTI NOEM, in her official capacity as Secretary of the UNITED STATES DEPARTMENT OF HOMELAND SECURITY; TODD LYONS, in his official capacity as Acting Director of the UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; KEVIN GUTHRIE, in his official capacity as Executive Director of the Florida Division of Emergency Management; and MIAMI-DADE COUNTY, a political subdivision of the State of Florida,

        Defendants.

and

THE MICCOSUKEE TRIBE OF INDIANS,

        Proposed Intervenors.

**PLAINTIFFS' REPLY TO FEDERAL DEFENDANTS' SUPPLEMENTAL
<u>RESPONSE ON VENUE</u>**

Plaintiffs hereby reply to the Federal Defendants' Supplemental Response on venue (D.E. 60), filed July 25, 2025. The Federal Defendants' belated objection to venue in the Southern District of Florida fails for the same reasons stated in Plaintiffs' Reply to Defendant Guthrie's Supplemental Response on Venue (D.E. 61), including waiver. The Federal Defendants' requests for severance and/or transfer should also be rejected for failing to satisfy the applicable criteria.

### I. The Federal Defendants Have Waived Any Venue Challenge.

As shown in Plaintiffs' Reply to Defendant Guthrie's Supplemental Response on Venue, an objection to venue is subject to waiver based on conduct, including by a defendant's failure to raise the objection in response to a motion for injunctive relief, as occurred here. D.E. 61 at 1–3. The waiver rule is strictly applied. *Id.* at 1–2.

Here, the Federal Defendants submitted their opposition to Plaintiffs' motion for injunctive relief on July 3, 2025, and did not challenge venue. *See* D.E. 21. Nor did the Federal Defendants expressly object to venue at the Court's July 21, 2025, status conference. *Cf.* D.E. 60 at 11 (Federal Defendants noting only that Florida raised venue objection at status conference). In fact, the Federal Defendants did not contest venue for *four weeks*, when they easily could have done so. *Gulf States Reg'l Ctr., LLC v. Jaddou*, No. 23-CV-1354, 2024 WL 3553533, at *4 (E.D. La. July 25, 2024) (venue was waived where defendant waited two weeks to invoke it); *Manchester Knitted Fashions, Inc. v. Amalgamated Cotton Garment & Allied Indus. Fund*, 967 F.2d 688, 691–92 (1st Cir. 1992) (venue can be raised "easily").

Through their conduct of actively engaging with the merits in opposition to Plaintiffs' injunctive relief motion, and participating in the status conference on that motion, without asserting improper venue, the Federal Defendants plainly waived any challenge to venue. *Gulf States*, 2024 WL 3553533, at *4; *Barnstead Broad. Corp. v. Offshore Broad. Corp.*, 869 F. Supp. 35, 38–39 (D.D.C. 1994); *Bautista-Perez v. Holder*, 681 F. Supp. 2d 1083, 1091–92 (N.D. Cal. 2009).

Notably, like the State, the Federal Defendants only objected to venue *after* this case was reassigned to this Court, D.E. 50, clearly holding back on this defense "to find out which way the

1

wind is blowing." *Am. Patriot Ins. Agency, Inc. v. Mut. Risk Mgmt., Ltd.*, 364 F.3d 884, 887–88 (7th Cir. 2004). The objection should thus also be rejected based on equitable estoppel. *Id.*

II.     **Venue in the Southern District of Florida is Proper.**

As shown in Plaintiffs' Reply to the State's Supplemental Response on Venue, once Plaintiffs establish a prima facie showing of venue, the burden shifts to the Defendants to prove that venue is improper. D.E. 61 at 3. Additionally, because venue is not jurisdictional, the Court may address a request for injunctive relief despite a pending venue challenge. *Id.* at 3 n.2.

A.  **Plaintiff Friends of the Everglades Resides in This District.**

Venue in this District is proper as to the Federal Defendants because Plaintiff Friends of the Everglades resides here, and there is no real property involved in the action. D.E. 61 at 3–4; 28 U.S.C. § 1391(e)(1)(C). Citing no authority, the Federal Defendants argue that § 1391(e)(1)(C) is inapplicable because real property is involved in this action. D.E. 60 at 4–5. That is incorrect. As Plaintiffs have shown, for venue purposes, real property is *not* "involved in the action" where, as here, an action does not involve "disputes over real property interests." D.E. 61 at 4 (citing cases).

B.  **A Substantial Part of the Events or Omissions Giving Rise to Plaintiffs' Claims Occurred in this District.**

Plaintiffs have also shown that a substantial part of the events or omissions giving rise to their claims occurred in this District. *See* D.E. 61 II.B. at 4–10; 28 U.S.C. § 1391(e)(1)(B). The Federal Defendants' reliance on *Rogers v. Civil Air Patrol*, 129 F. Supp. 2d 1334, 1338 (M.D. Ala. 2001), to argue otherwise is misplaced. *Rogers* involved a constitutional challenge to a national defense appropriations act. *Id.* at 1335. The court ruled that future conduct in the district under the challenged statute did not confer venue "because the gravamen of the complaint" was that the statute was unconstitutional, which should be challenged where the federal defendant resides or where the act was passed and signed. *Id.* at 1339.

Here, by contrast, Plaintiffs do not challenge a Congressional act or even a statewide policy. *See* D.E. 61 at 6–7. They challenge Defendants' failure to comply with NEPA before

2

undertaking the construction and operation of a mass detention center in the heart of the Everglades, which would adversely impact ecosystems and species in the Southern District of Florida. Venue here is not based not on where *future* activities might occur, but rather on past events in this District—beginning with the notice to Miami-Dade County that the State was commandeering its property, followed by Miami-Dade's acquiescence in that action—and omissions in this District including the failure to consider impacts to sensitive ecosystems and endangered species, and the failure to afford notice and comment to members of the community, in the Southern District. D.E. 61 at 4–10.

That venue may be proper in more than one district—and the State Defendant has itself suggested several, including the Middle or Northern District of Florida and the District for the District of Columbia, D.E. 50 at 4—does not defeat the propriety of venue here. *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003); D.E. 61 at 4. *See also Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432 (2d Cir. 2005)(citing *Jenkins* and holding that "Section 1391(b)(2) does not restrict venue to the district in which the 'most substantial' events or omissions giving rise to a claim occurred. ... Rather, … § 1391(b)(2) "contemplates that venue can be appropriate in more than one district" and "permits venue in multiple judicial districts as long as a "substantial part" of the underlying events took place in those districts.'") (quoting *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005)).

As with Defendant Guthrie, the Federal Defendants' myopic reliance on the precise location of most of the construction to date fails. Venue based on where a substantial part of property is located applies "only to suits involving property disputes or in rem actions." *Steen v. Murray*, 770 F.3d 698, 704 (8th Cir. 2014). That is not the case here.[1]

---

[1] The Federal Defendants' reliance on FDEM's argument that venue is not proper based on Plaintiffs' allegations against Miami-Dade County, D.E. 60 at 4 n.2, fails for the same reasons argued in Plaintiffs' Reply to Defendant Guthrie's Supplemental Response on Venue, D.E. 61 at 7–8 & n.4. Venue in this District is also proper under 28 U.S.C. § 1391(e)(1)(A), because Miami-Dade County is a defendant in the action. See 28 U.S.C. § 1391(e)(1)(A) (venue proper against

### III. The Administration of Justice Disfavors Severance.

Relying on *Burger King Corp. v. Thomas*, 755 F. Supp. 1026, 1028–29 (S.D. Fla. 1991), the Federal Defendants argue that even if venue is proper, the Court should sever and transfer Counts I–III from Count IV, the claim against Miami-Dade County. D.E. 60 at 5–6. But as the court in *Burger King* noted, a plaintiff's "choice of forum will not be disturbed unless Defendants make a clear and convincing showing that venue should be changed." *Burger King*, 755 F. Supp. at 1030 (citation omitted). The Federal Defendants have not made such a showing.

In fact, "[t]he circuit courts that discussed severance and transfer motions . . . have uniformly indicated an aversion to granting such motions at the expense of needless duplication of judicial effort." *Def. Distributed v. Bruck*, 30 F.4th 414, 429 (5th Cir. 2022). "Severance and transfer makes sense only where the administration of justice would be materially advanced and a defendant in one district is not 'so involved' in the transferred controversy that the same issues would have to be litigated twice." *Id.*

Here, the Federal Defendants have articulated no basis for severing the claims and have made no showing that the administration of justice "would be materially advanced" by severance and transfer. The cases on which the Federal Defendants rely are wholly inapposite. *Khanna v. State Bar of Cal.*, No. C-07-2587 EMC, 2007 WL 2288116 (N.D. Cal. Aug. 7, 2007), at *2–3 (severing claim by disbarred lawyer alleging perjury against former clients from claim against state bar alleging violations of due process where former clients had not answered complaint while state bar had agreed to proceed before magistrate and therefore severance served administration of justice and efficiency); *Ferger v. C.H. Robinson Worldwide, Inc.*, No. C06-174 RSL, 2006 WL 2091015, at *1–2 (W.D. Wash. July 25, 2006) (denying severance of sexual harassment claims by

---

federal official in district where "*a defendant* in the action resides"); *Beech Aircraft Corp. v. EDO Corp.*, No. CIV. A. 90-1518, 1991 WL 133551, at *3 (D.D.C. Feb. 15, 1991) (citing *De La Fuente v. ICC,* 451 F. Supp. 867, 870 n.2 (N.D. Ill.1978)) (claim against federal official proper where co-defendant was resident)*; but see Rogers*, 129 F. Supp. 2d at 1338.

4

different plaintiffs involving different facts where plaintiffs alleged pattern and practice by same employer); *Delce v. Amtrak & Resco Holdings, Inc.*, 180 F.R.D. 316, 320–21 (E.D. Tex. 1998) (granting severance of claims for railroad injuries involving different sets of circumstances due to risk of confusion if tried together).[2]  The Court should therefore reject the request.[3]

Where, as here, causes of action logically interconnect and arise out of the same series of events, the administration of justice is served by trying the claims together, and the Court should deny severance. *Tarasewicz v. Royal Caribbean Cruises Ltd.*, No. 14-CIV-60885, 2015 WL 3970546, at *17 (S.D. Fla. June 30, 2015) (denying severance where there "appears to be no good reason to do so" and finding it would be "ironic to dismiss this case for purposes of convenience and then shackle the parties and the foreign tribunal with the inconvenience of parallel and interconnected proceedings").

Moreover, the Federal Defendants' tactical decision to withhold its venue defense until the case was reassigned to this Court, and then urge the Court to delay ruling on preliminary injunctive relief until venue is addressed creates the "implication that the Defendants' move appears to be one of legal gamesmanship to delay this action by beginning the proceedings again in another jurisdiction and to shop for a different forum." *Axiom Worldwide*, 2009 WL 10673377, at *4.

---

[2] The Federal Defendants also cite *N. Am. Med. Corp. v. Axiom Worldwide, Inc.*, No. 1:06-CV-1678-JTC, 2009 WL 10673377, at *2 (N.D. Ga. Jan. 14, 2009), a copyright infringement case that simply stands for the proposition that venue must exist for each claim.

[3] Contrary to the Federal Defendants' blanket assertion, the claims against the State, Federal, and County Defendants arise from the same factual scenario and are interconnected. D.E. 61 at 7–8. The foundational event in this case was the State's commandeering of Miami-Dade County property to build a mass detention center in the heart of the Everglades. Plaintiffs' claim against the County relies on its acquiescence to this act. The State's actions and omissions, in turn, have permitted the hasty and reckless construction and operation of the facility pursuant to a partnership with the Federal Defendants, in violation of federal environmental law.

5

## IV. The Interests of Justice Do Not Weigh in Favor of Transfer.

The Federal Defendants alternatively argue that the court should, in its discretion, transfer this case to the Middle District of Florida pursuant to 28 U.S.C. § 1404(a).[4] D.E. 60 at 6. Defendants bear the burden of showing, with evidence, that the proposed transferee court is the more appropriate forum, *Trujillo v. Garland*, No. 22-CV-23980, 2023 WL 2374445, at *3–4 (S.D. Fla. Mar. 6, 2023), something they have failed to do here.

There are nine factors for the Court to assess when determining whether transfer would serve the interests of justice: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (internal citation omitted). The Federal Defendants, however, rely only on one factor: their characterization of the "local interest" in this matter as affecting only the Middle District of Florida, and present no evidence to support that claim. Plaintiffs, on the other hand, have shown there is significant local interest in the Southern District of Florida, which has been and will continue to be adversely affected by the Defendants' actions and omissions.

The Federal Defendants' argument that Plaintiff Friends of the Everglades' choice of forum—its home forum—is not entitled to deference because Plaintiffs' claims have "little to no" connection to this District, D.E. 60 at 9, ignores that core events took place in this District and fundamentally misapprehends NEPA, which specifically requires that the environmental impacts of major federal actions be considered before they are undertaken. D.E. 61 at 4, 7–9. These acts

---

[4] Transfer under § 1404(a) is not a defense to a claim, nor does it provide grounds to deny preliminary injunctive relief.

and omissions give rise to Plaintiffs' claim in this District where the impacts will substantially albeit not exclusively, occur. As a result of these actions and omissions, the impacts of the project are and will continue to be felt here. Plaintiffs' choice of forum is entitled to deference. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955).

Additionally, the Federal Defendants conflate the public interest factors under § 1404(a) with the interest of justice factors. *See* D.E. 60 at 7. The Federal Defendants state that the public interest factors "are" administrative considerations, the local interest in having localized controversies decided at home, and familiarity with the law in diversity cases. *See* D.E. 60 at 7 (citing *Atl. Marine Constr. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 62 n.6 (2013)). While the public interest factors "may include" these considerations, *Atl. Marine Constr.*, 571 U.S. at 62 n.6, courts also assess several other factors to determine whether the interests of justice favor transfer, including the locus of operative facts, the relative ease of access to sources of proof, a forum's familiarity with governing law, and the weight accorded a plaintiff's choice of forum. *See id.; Manuel*, 430 F.3d at 1135 n.1; *Delorenzo v. HP Enter. Servs., LLC*, 79 F. Supp. 3d. 1277, 1281 (M.D. Fla. 2015).

Even if the Court were to focus on the local interest factor, as the Federal Defendants exclusively do, the cases on which the Federal Defendants rely do not establish that this factor "weighs heavily"—or at all—in favor of transfer here, given that the bulk of the Federal Defendants' cases are easily distinguishable from the instant case, and Defendants' arguments could just as easily be applied to the Southern District of Florida. *See* D.E. 60 at 7. In any event, there is intense local interest at play as demonstrated by the Miami-Dade County Mayor's July 25 letter to the State emphasizing the impact of the Site on Miami-Dade County residents, the County's natural resources, drinking supply and obligations to tribal neighbors. D.E. 57-2 at 2.

First, the Federal Defendants rely on cases in which the operative facts, witnesses, and other significant factors were all in one jurisdiction. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 260–61 (1981) (plane crash occurred in Scotland, decedents were Scottish, witnesses were in

7

Scotland, and connections with Scotland were "overwhelming"); *Carter v. Rudinplay, Inc.*, No. 18-0117, 2018 WL 2107608, at *8 (S.D. Ala. May 7, 2018) (dispute concerned agreement negotiated in New York about a play to be staged in New York by a New York production company with major cast members in New York, and bulk of witnesses and evidence were in New York). As Plaintiffs made clear in their reply to State Defendant's venue arguments, these are not the facts here. Rather, key acts and omissions giving rise to Plaintiffs' claim occurred in the Southern District, such as the commandeering of Miami-Dade's property for the detention facility and the failure to study environmental impacts in the Southern District. *See* D.E. 61 at 4–9.

Additionally, the Federal Defendants have not identified any witnesses in the Middle District of Florida. By contrast, Plaintiffs have identified several witnesses who are located in the Southern District of Florida, including: Robert Frakes, D.E. 38-9; Daniella Levine Cava, D.E. 61-2; Christopher McVoy, D.E. 27-1; Jessica Namath, D.E. 47-1; Laura Reynolds, D.E. 24-5; and Eve Samples, D.E. 5-1. Defendants' witnesses to date, on the other hand, appear to be located either in the Northern District of Florida (D.E. 16-1, 50-1) or in the District of Columbia (D.E. 21-1, 21-2). Nor have the Federal Defendants made any argument, much less adduced evidence, showing that the location of relevant documents, the convenience of the parties or witnesses, or trial efficiency would be served by litigating this case elsewhere.

In asserting that "matters of environmental law and land use decisions" should be resolved "where the people whose rights and interests are . . . most vitally affected" are located, D.E. 60 at 8 (internal quotes omitted), the Federal Defendants continue to rely on authority that is inapplicable to the facts of the instant case and/or lend support to Plaintiffs' venue arguments. For instance, in determining that the section 1404(a) factors weighed in favor of transfer to Colorado, the transferring court in *Trout Unlimited v. U.S. Department of Agriculture* found persuasive that plaintiffs challenged a decision by a Forest Service official located in Colorado, directly affecting a reservoir and creek in Colorado, and involved the interpretation of Colorado state law. 944 F. Supp. 13, 19–20 (D.D.C. 1996). Here, the decision to use the TNT Site involves Miami-Dade

8

County, which is in the Southern District of Florida; the Greater Everglades Ecosystem that Plaintiffs allege will be harmed spans several counties and judicial districts, including the Southern District of Florida; and this case does not involve the interpretation of specific, localized law from another district. *Southern Utah Wildnerness Alliance v. Norton* (cited in D.E. 60 at 8) *supports* Plaintiffs' argument that venue is proper in the Southern District of Florida, where the court found that failure to prepare an environmental impact statement or assessment weighed in favor of venue where the impacts of that failure would be felt. 315 F. Supp. 2d. 82, 88–89 (D.D.C. 2004).

The Federal Defendants do not offer a shred of evidence to support their bald assertion that resolution of this case will have the "*greatest*" impact on the people and local governments of the Middle District of Florida. D.E. 60 at 8 (emphasis in original). Nor could they, in light of Plaintiffs' allegations that Federal Defendants *have not even analyzed the environmental impacts of their actions* and Plaintiffs' submissions showing impacts in the Southern District of Florida, including to the Everglades ecosystem, endangered and threatened species found in the Southern District, Miami-Dade County and its residents (as articulated in letters by the County Mayor), interests of the Miccosukee Tribe, and affected members of the public, including Plaintiff Friends of the Everglades and its members.

The Federal Defendants' reliance on *Jenkins Brick Co. v. Bremer* fails because in that case, the Eleventh Circuit held that venue may be proper in more than one district. 321 F.3d 1366, 1371 (11th Cir. 2003). *See* D.E. 60 at 8. Similarly, here, the wrongs (events *and* omissions) have occurred in more than one district, and the Court "is not required to weigh the events" that occurred in one district versus another or "choose which venue is more proper." *Goodwyn, Mills & Cawood, Inc. v. Black Swamp, Inc.*, 956 F. Supp. 2d 1323, 1327 (M.D. Ala. 2012).

In *Backcountry Against Dumps v. Abbott*, which the Federal Defendants also cite, the transferor district did not have "any nexus with[] any of the land or habitat at issue." NO. CIV. S-10-394, 2010 WL 2349194, at *4 (S.D. Cal. June 8, 2010). The same cannot be said here, where

9

sensitive ecological areas, and the threatened and endangered species that rely on them, are plainly found in this District. D.E. 61 at 5, 8–10.

The Federal Defendants' reliance on cases where courts have found venue in or transferred cases to where impacts would be felt are similarly unavailing because Plaintiffs' claims arise precisely from the failure to consider impacts in this District, where impacts are being and will continue to be felt. *See, e.g.*, *S. Utah Wilderness All.*, 315 F. Supp. 2d. at 88 (transferring case from D.C. to District of Utah where impacts and consequences of failure to prepare EIS would be felt); *WildEarth Guardians v. U.S. Off. of Surface Mining Reclamation & Enf't.*, 2014 WL 503635, at *1 (D. Colo. Feb. 7, 2014) (severing and transferring challenges to different mining permits to various states and Puerto Rico where impacts would "resonate most deeply"); *WildEarth Guardians v. U.S. Bureau of Land Mgmt.*, 922 F. Supp. 2d. 51, 55 (D.D.C. 2013) (transferring to district where related case already pending and citing local interests such as impacts on local economy); *Gulf Restoration Network v. Jewell*, 87 F. Supp. 3d 303, 316–17 (D.D.C. 2015) (transferring NEPA case from District of Columbia to Alabama where Plaintiff was not a resident of chosen forum and impacts of Gulf oil spill program would not be felt there).

Lastly, the Federal Defendants' reliance on *Seven County Infrastructure Coalition v. Eagle County, Colorado*, is unavailing because Plaintiffs' allegations are not premised on the indirect effects of some future project separate from the one at issue. 145 S. Ct. 1497, 1515–16 (2025). They arise from the direct effects of the detention center itself.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court retain venue in this District.

Dated:  July 29, 2025.

Respectfully submitted,

| EARTHJUSTICE | COFFEY BURLINGTON, P.L. |
|---|---|
| 4500 Biscayne Boulevard, Suite 201 | 2601 South Bayshore Drive, Penthouse One |
| Miami, Florida  33137 | Miami, Florida  33133 |
| Telephone:  (305) 440-5432 | Telephone:  (305) 858-2900 |

By:    s/    Tania Galloni       By:    s/    Paul J. Schwiep
    Tania Galloni, Fla. Bar No. 619221          Paul J. Schwiep, Fla. Bar No. 823244
    tgalloni@earthjustice.org             PSchwiep@CoffeyBurlington.com
    Dominique Burkhardt, Fla. Bar No.       Scott Hiaasen, Fla. Bar No. 103318
    100309                SHiaasen@CoffeyBurlington.com
    dburkhardt@earthjustice.org          YVB@CoffeyBurlington.com
    Alisa Coe, Fla. Bar No. 10187       LPerez@CoffeyBurlington.com
    acoe@earthjustice.org          service@CoffeyBurlington.com

*Counsel for Friends of the Everglades*       *Counsel for Plaintiffs*

CENTER FOR BIOLOGICAL DIVERSITY
Elise Pautler Bennett, Fla. Bar No. 106573
ebennett@biologicaldiversity.org
Jason Alexander Totoiu, Fla. Bar No. 871931
jtotoiu@biologicaldiversity.org
Post Office Box 2155
St. Petersburg, FL 33731
Telephone:  (727) 755-6950

*Counsel for Center for Biological Diversity*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 29, 2025, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the Service List below via transmission of Notice of Electronic Filing generated by CM/ECF.

       s/   Paul J. Schwiep

| Service List | |
|---|---|
| **Nathan A. Forrester**<br>   Chief Deputy Solicitor General<br>nathan.forrester@myfloridalegal.com<br>**Robert S. Schenck**<br>   Assistant Solicitor General<br>robert.schenck@myfloridalegal.com<br>Office of the Attorney General<br>The Capitol, PL-01<br>Tallahassee, Florida  32399-1050<br>Telephone:  (850) 414-3300<br>jenna.hodges@myfloridalegal.com<br>     _____<br><br><br>BOIES SCHILLER FLEXNER LLP<br>**Jesse Panuccio, Esq.**<br>jpanuccio@bsfllp.com<br>**Evan Ezray, Esq.**<br>eezray@bsfllp.com<br>**David Costello, Esq.**<br>dcostello@bsfllp.com<br>401 East Las Olas Boulevard, Suite 1200<br>Fort Lauderdale, Florida  33301<br>Telephone:  (954) 356-0011<br>jpanuccio@BSFLLP.com<br>ftleserve@bsfllp.com<br><br>*Counsel for Defendant Kevin Guthrie, in his official capacity as Executive Director of the Florida Division of Emergency Management* | HAYDEN P. O'BYRNE<br>United States Attorney<br>**Carlos J. Raurell**<br>   Assistant U.S. Attorney<br>carlos.raurell@usdoj.gov<br>99 Northeast 4th Street<br>Miami, Florida  33132<br>Telephone:  (305) 961-9243<br>melissa.Jiminson@usdoj.gov<br>     _____<br><br>ADAM R.F. GUSTAFSON<br>Acting Assistant Attorney General<br>Environment and Natural Resources Division<br>   United States Department of Justice<br>**Peter M. Torstensen, Jr.**<br>   Deputy Assistant Attorney General<br>Environment and Natural Resources Division<br>   United States Department of Justice<br>**Hayley A. Carpenter**<br>   Trial Attorney<br>hayley.carpenter@usdoj.gov<br>Natural Resources Section<br>Ben Franklin Station<br>P.O. Box 7611<br>Washington, D.C. 20044-7611<br>Telephone:  (202) 305-0242<br><br>*Counsel for Kristi Noem, in her official capacity as Secretary, United States Department of Homeland Security, and Todd Lyons, in his official capacity as Acting Director, United States Immigration and Customs Enforcement* |

| | |
|---|---|
| GERALDINE BONZON-KEENAN<br>Miami-Dade County Attorney<br>**Christopher J. Wahl**<br>    Assistant County Attorney<br>wahl@miamidade.gov<br>**Monica Rizo Perez**<br>    Assistant County Attorney<br>rizo@miamidade.gov<br>Monica.Rizo@miamidade.com<br>**David M. Murray**<br>    Assistant County Attorney<br>DMMurray@FlyMIA.com<br>Stephen P. Clark County<br>111 Northwest 1st Street, Suite 2810<br>Miami, Florida  33128<br>Telephone:  (305) 375-5151<br>Victor.Rodriguez3@miamidade.gov<br>Madalis.Gonzalez@miamidade.gov<br>KGriffin@FlyMIA.com<br><br>*Counsel for Miami-Dade County* | **Todd R. Friedman, Esq.**<br>todd@toddfriedmanpa.com<br>TODD R. FRIEDMAN, P.A.<br>1101 Brickell Avenue<br>Suite S-700<br>Miami, Florida 33131<br>Telephone:  (786) 536-7190<br><br>*Counsel for The Miccosukee Tribe of Indians* |