U.S. v. Secretary, Florida Dept. of Corrections, Not Reported in F.Supp.2d (2012)
2012 WL 6626818

2012 WL 6626818
Only the Westlaw citation is currently available.
United States District Court,
S.D. Florida.

UNITED STATES of America, Plaintiff,
v.
SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS, et al., Defendants.

No. 12–22958–CIV.
|
Dec. 19, 2012.

**Attorneys and Law Firms**

Michael J. Songer, U.S. Department of Justice, Washington, DC, for Plaintiff.

Susan A. Maher, Office of Attorney General, Tallahassee, FL, for Defendants.

*ORDER DENYING MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE*

PATRICIA A. SEITZ, District Judge.

***1** THIS MATTER is before the Court on Defendant's Motion to Dismiss or, in the Alternative, to Transfer Venue [DE–9] and the United States' response [DE–11]. Defendants have not filed a reply. The United States' complaint alleges that Defendants have violated the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc (RLUIPA), by failing to provide kosher meals to Jewish prisoners in Defendants' custody. The United States seeks declaratory and injunctive relief. Defendant, Kenneth Tucker, Secretary of the Florida Department of Corrections (FDOC), moves to dismiss this case, pursuant to Federal Rule of Civil Procedure 12(b)(3), or to transfer venue to the Northern District of Florida, pursuant to 28 U.S.C. § 1404(a). Because venue is proper in the Southern District of Florida and Defendants have not shown that the United States' choice of forum is outweighed by other considerations, the Motion is denied.

**I. Factual Background**
The United States alleges that Defendants violate RLUIPA on a daily basis by refusing to provide kosher meals to hundreds of prisoners who observe the religious practice of kashruth. As a result the prisoners' core religious beliefs are violated. Keeping kosher is a central tenant of Judaism and other religious traditions observed by prisoners incarcerated in Defendant's facilities.

In the past, Defendants offered kosher meals. However, in late 2007, Defendants discontinued their kosher food program. Since 2010, Defendants have voluntarily provided kosher meals to approximately one dozen prisoners per day through their pilot kosher program at one facility, the South Florida Reception Center. This pilot program accommodates only a small fraction of the 250 prisoners previously enrolled in Defendants' statewide kosher program.

The United States alleges that Defendants' policies force prisoners with a religious basis for consuming kosher meals to violate their core religious beliefs on a daily basis. This burden on the prisoners is not necessary to achieve any compelling state interest. Thus, Defendants are in violation of RLUIPA. The complaint gives thirteen examples of individual prisoners who have been denied kosher meals by Defendants and have, thus, been forced to consumer non-kosher food and violate their religious beliefs. Of these thirteen, ten are housed in facilities located in the Southern District of Florida.

**II. Analysis**

*A. Venue is Proper in the Southern District of Florida*
Defendants move to dismiss the complaint under Rule 12(b)(3) because venue is improper in the Southern District of Florida. Defendants assert that they do not "reside" in this district, that the real actions at issue in this matter occurred outside this district, and that there is another district in which this case could be brought. Under 28 U.S.C. § 1391(b), venue is proper in:

(1) a judicial district in which any defendant resides, if

Exhibit 1

all defendants are residents of the State in which the district is located;

**\*2** (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Thus, Defendants maintain that, under the statute, venue does not lie in the Southern District of Florida. Defendants are incorrect.

The events giving rise to the United States' claim are the denials of kosher meals to prisoners who request them. As set out in the complaint, several prisoners in the Southern District of Florida have been denied kosher meals. Thus, harm has occurred in the Southern District of Florida. While Defendants assert that the events giving rise to the claim occurred in Tallahassee, Florida, where the policy decision not to provide kosher meals was made, the policy decision alone does not give rise to the claim; a claim only exists if someone has been harmed by the policy decision. Here, harm has clearly occurred in the Southern District of Florida. Thus, venue is appropriate in the Southern District of Florida under § 1391(b)(2). *See Jenkins Brick Co. v. Bremer,* 321 F.3d 1366, 1372 (11th Cir.2003); *Mobile Diagnostic Imagining, Inc. v. Gormezano,* 2012 WL 3244664, \*2 (S.D.Fla.2012) (noting that courts have held "that substantial events occurred within a venue when harm or injury was suffered in that venue"); *Sanchez v. Pingree,* 494 F.Supp. 68, 70 (S.D.Fla.1980) (holding that although state statute was administered in the Northern District of Florida, venue was proper in the Southern District of Florida because plaintiffs suffered their injuries from the administration of the statute in the Southern District). Accordingly, Defendants' motion to dismiss for lack of venue is denied.

### B. Transfer to the Northern District of Florida is Not Appropriate

As an alternative to dismissal, Defendants seek to have this matter transferred to the Northern District of Florida, pursuant to 28 U.S.C. § 1404(a). Section 1404(a) permits a district court to transfer venue "[f]or the convenience of parties and witnesses, in the interest of justice" to any district court where the case might have been brought. Neither party disputes that this case could have been brought in the Northern District of Florida. Plaintiff, however, disputes Defendants' contention that the Northern District is more convenient.

Under § 1404(a), the burden is on the movant to establish that the suggested forum is more convenient. *In re Ricoh,* 870 F.2d 570, 573 (11th Cir.1989). The movant must establish that a balance of factors weigh in favor of transfer. Those factors are: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *Manuel v. Convergys Corp.,* 430 F.3d 1132, 1135 n. 1 (11th Cir.2005).

**\*3** Defendants argue that the majority of witnesses are not in the Southern District, that Plaintiff's choice of forum is not entitled to deference, that the policy involved was made in Tallahassee, and that the physical evidence is likely found in Tallahassee. Thus, Defendants assert that the factors weigh in favor of transfer. In response, the United States maintains that its choice of forum is entitled to deference, many key witnesses are in the Southern District, many of the facts and documents are here, and this district is convenient for the parties and counsel. Weighing the factors that are relevant in this matter leads to the conclusion that Defendants have not shown that transfer to the Northern District of Florida is appropriate.

#### i. Location of the Witnesses

Defendants argue that many of FDOC's policy makers will be witnesses and that they reside in the Northern District. Defendant has identified the following potential witnesses: the Assistant Secretary for Institutions, Director of Operations and Support, Chief of Security Operations, staff from the Food Services Office, staff from the Budget Office, staff from the Classification Office, staff from the Chaplaincy Services office, staff from the Security Threat Group office, staff from the Support Services office, and staff from the Facility Services Office. Defendants, however, have not identified what these potential witnesses are likely to testify about or why their testimony is relevant. Defendants further argue that while the prisoners who are referred to in the

Exhibit 1

complaint currently reside in institutions in the Southern District there are no assurances that those prisoners will continue to reside in the Southern District of Florida.

In response, the United States contends that the prisoners are likely to be witnesses because they will be necessary to establish that the FDOC's policy substantially burdens religious exercise. Additionally, officials at the Aleph Institute in Miami, who have corresponded with Jewish prisoners throughout FDOC, are also likely witnesses as to this issue. The United States argues that none of Defendants' listed witnesses will be able to testify as to whether the policy imposes a substantial burden. The United States also argues that key witnesses regarding whether FDOC has a compelling government interest in not providing kosher meals are located in the Southern District. Specifically, the people involved with the pilot kosher program at the South Florida Reception Center, such as the warden, chaplain, and food service director, and the people who were involved in formulating and implementing the pilot kosher program, such as a rabbi from the Aleph Institute who resides in south Florida and several people from the South Bay Correctional Institute in south Florida. Several other witnesses involved in the pilot program reside in the Middle District of Florida.

Thus, it appears that the location of the witnesses factor, at a minimum, is neutral. However, the Court finds that this factor weighs in favor of the Southern District of Florida because the burden is on the Defendants to show that this factor favors transfer. Defendants have merely identified potential witnesses but have failed to identify the substance of their testimony or to explain the relevance of their testimony. The United States, on the other hand, has identified numerous specific witnesses and set forth why their testimony is relevant to the issues in this suit. Furthermore, Defendants have not shown that transferring venue would do anything other than shift the burden from one set of witnesses to another. Because the burden is on the Defendants to establish that transfer is appropriate, the Court finds that this factor weighs in favor of venue in the Southern District of Florida.

*ii. Locus of Operative Facts*

**\*4** Defendants argue that the policy in question was finally and conclusively made at the FDOC Central Office, in the Northern District of Florida. However, the United States points out that the pilot program was entirely formulated and implemented in the Southern District and ten of the thirteen prisoners identified in the complaint as having been harmed by the policy are located in the Southern District. Thus, this factor does not weigh in favor of either venue.

*iii. Location of Relevant Documents*

Defendants assert that most physical evidence in this case will likely be found at the FDOC Central Office in Tallahassee. While the United States recognizes that documents relevant to FDOC's system wide policies are maintained in Tallahassee, the United States responds that the documents related to the pilot kosher program are located in this district. Both FDOC and the Aleph Institute maintain records related to the pilot kosher program in the Southern District. Further, any grievances filed by the ten prisoners incarcerated in the Southern District, FDOC's responses to the grievances, requests to transfer to the pilot program, and prisoner correspondence with religious figures are primarily maintained in the Southern District. Thus, this factor does not favor either venue.

*iv. Familiarity With Controlling Law*

The United States argues that the Southern District is familiar with the controlling law, RLUIPA. However, a federal court in the Northern District of Florida would be equally familiar with the applicable federal law. Therefore, this factor is neutral.

*v. Convenience of the Parties*

Defendants argue that the convenience of the parties favors transfer to the Northern District because most of the witnesses reside there and the United States has no "residence" in south Florida. Thus, it would be just as convenient for the United States to travel to Tallahassee for trial as it would be for the United States to travel to Miami. The United States argues that the Southern District is as convenient a forum as the Northern District, if not more so, because the United States is represented by the United States Attorney for the Southern District of Florida and the Civil Rights Division of the Department of Justice in Washington, D.C. Further, getting to Tallahassee from Washington, D.C. is more difficult and more expensive, than getting to Miami from Washington, D.C. Additionally, many witnesses are located in the Southern District. Consequently, the Court finds that this

factor weighs slightly against transferring venue.

### vi. Plaintiffs Choice of Forum

Generally, a plaintiff's "choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.,* 74 F.3d 253, 260 (11th Cir.1996). Defendants argue, however, that because the United States does not reside in the Southern District its choice of forum should be given less consideration. However, Defendants have not supported this conclusion with any binding authority or with any authority that involved the United States as plaintiff. Thus, this factor weighs against transfer.

### III. Conclusion

**\*5** Venue is proper in the Southern District of Florida and Defendants have not met their burden of establishing that transfer to the Northern District of Florida is appropriate and in the interest of justice.[1] All of the factors discussed by the parties are either neutral or weigh in favor of this matter remaining in the Southern District of Florida. Even if the Court were to afford less deference to the United States' choice of forum, as urged by Defendants, the remaining factors weigh against transfer. Consequently, Defendants' Motion is denied.

---

[1] Defendants' reliance on this Court's decision in *Prison Legal News v. Tucker,* Case No. 11–24145–CIV–Seitz, is misplaced. In that case, the plaintiff was an out-of-state publisher, not the United States, that was challenging a policy decision made in Tallahassee and the on y actual harm alleged in the complaint was to inmates housed in facilities in the Northern District of Florida Further, while the defendants identified numerous witnesses who resided in the Northern District, the plaintiff did not identify any witnesses it intended to call who resided in the Southern District. Thus, the facts of that case differ considerably from the facts presently before the Court.

Accordingly, it is hereby

ORDERED that Defendants' Motion to Dismiss or, in the Alternative, to Transfer Venue [DE–9] is DENIED. Defendants shall file Answers by **December 31, 2012.**

DONE and ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2012 WL 6626818

End of Document                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

**Exhibit 1**