**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:25-cv-22896-KMW**

FRIENDS OF THE EVERGLADES, INC., a Florida not-for-profit corporation, and CENTER FOR BIOLOGICAL DIVERSITY, a 501(c)(3) nonprofit organization,

        Plaintiffs,

vs.

KRISTI NOEM, in her official capacity as Secretary of the UNITED STATES DEPARTMENT OF HOMELAND SECURITY; TODD LYONS, in his official capacity as Acting Director of the UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; KEVIN GUTHRIE, in his official capacity as Executive Director of the Florida Division of Emergency Management; and MIAMI-DADE COUNTY, a political subdivision of the State of Florida,

        Defendants.

and

THE MICCOSUKEE TRIBE OF INDIANS,

        Plaintiff/Intervenors.

**PLAINTIFFS' OBJECTIONS AND RESPONSES TO**
**DEFENDANT FDEM'S FIRST SET OF REQUESTS**
**FOR PRODUCTION OF DOCUMENTS**

Plaintiffs ("Plaintiffs"), through undersigned counsel, hereby serve their Responses and Objections to Defendant FDEM'S First Set of Requests for Production of Documents ("Defendant" or "FDEM") First Set of Document Requests, served on July 29, 2025, as follows:

Exhibit 1

## **GENERAL OBJECTIONS**

1. The following General Objections are hereby made and incorporated in each response to each item of the request, whether or not expressly incorporated in each individual response.

2. Plaintiffs object to the requests to the extent they seek to impose obligations beyond those set forth in the Federal Rules of Civil Procedure.

3. Plaintiffs object to the requests to the extent they seek privileged information or documents, including, but not limited to, information and documents protected by the attorney/client privilege, the work product doctrine, the self-evaluation or the self-critical analysis privilege, or any other applicable privilege, rule of privacy, or confidentiality, immunity, protection or restriction that makes such information otherwise non-discoverable. The production, inadvertently or otherwise, of any document or information subject to such privilege, protection, or doctrine will not constitute or be deemed to constitute a waiver of any privilege or other immunity from production.

4. Plaintiffs object to the requests to the extent they seek information unrelated to the issues raised in this action and are not reasonably calculated to lead to the discovery of admissible evidence.

5. Plaintiffs object to the requests to the extent they are unduly burdensome and oppressive, require an unreasonable investigation by Plaintiffs, or fail to comply with the proportionality requirements of the Federal Rules of Civil Procedure.

6. Plaintiffs object to the requests to the extent they are not reasonably limited in time or scope.

**Exhibit 1**

7.      Plaintiffs object to the requests to the extent they are vague or ambiguous, and to the extent they fail to describe the information or documents sought with reasonable particularity or unreasonably require Plaintiffs to speculate as to the nature or scope of the information or documents sought.

8.      Plaintiffs object to the requests to the extent they mischaracterize facts and/or assume disputed facts that are not in evidence.

9.      Plaintiffs object to the requests to the extent they require Plaintiffs to provide information that is publicly available or otherwise is as equally accessible to Defendant as it is to Plaintiffs.

10.     In accordance with Federal Rules of Civil Procedure, Plaintiffs hereby advise Defendant that they are withholding documents prepared in anticipation of litigation or for trial that reflect either privileged attorney-client communications or the mental impressions, conclusions, opinions or legal theories of their counsel.  Such documents include electronic mail and legal memoranda reflecting attorney-client communications concerning the factual and legal bases for the litigation, documents reflecting counsel's analysis of the merits of the litigation, and drafts of pleadings and related papers filed in connection with the litigation.

11.     Plaintiffs object to the requests to the extent they seek documents not in their possession, custody, or control.  Any statement that Plaintiffs will make documents available for inspection should not be construed as indicating that Plaintiffs have in their possession, custody, or control any documents responsive to the request, but only that he will search for and produce such responsive, non-privileged documents that are within his possession, custody, or control.

12.     Plaintiffs will respond to the requests based on information available as of the date hereof and reserves the right to supplement his objections or responses to any of the requests

Exhibit 1

pursuant to all appropriate rules, laws, statutes and regulations. Plaintiffs further object because they have not yet obtained full discovery in this matter, and anticipate discovering facts and information in the possession of Defendant, or available from other sources after obtaining sufficient threshold information.

13. Plaintiffs object to the requests to the extent they seek "all" information concerning certain subjects, and to the extent they seek redundant or duplicative information.

14. As discovery in this action is ongoing, Plaintiffs reserve the right to amend and/or supplement their response to these requests.

15. Plaintiffs object to the requests to the extent they seek electronic information that is not readily accessible and available.

16. The foregoing General Objections shall be considered as made to the extent applicable in response to each of the requests as if the General Objections were fully set forth in each such response, including those responses which also set forth specific objections.

17. Plaintiffs' responses to the requests are made without in any way waiving or intending to waive, but rather, to the contrary, preserving and intending to preserve the right to raise all questions as to competence, relevance, materiality, privilege and admissibility as evidence for any purpose.

18. To the extent Plaintiffs objected to the requests below, this confirms Plaintiffs' good-faith effort to engage in reasonable discussions with Defendant to narrow or resolve discovery issues between the parties without judicial intervention.

Exhibit 1

**SPECIFIC RESPONSES AND OBJECTIONS**

**REQUEST FOR PRODUCTION NO. 1:**

Produce all documents in your possession that identify the sighting of a panther, bonneted bat, snail kite, wood stork, or Eastern indigo snake within a three-mile radius of the Dade-Collier Training and Transition Airport within the past five years.

**OBJECTION AND RESPONSE:** Plaintiffs object on the basis that the request is vague and ambiguous as to the nature of "documents" sought. The vast request for "all documents" is likewise overly broad, and not proportionate to the needs in this case where Plaintiffs allege that impacts to species such as those identified in this request should have been evaluated prior to construction and operation of the detention center at the Everglades Jetport site. Notwithstanding all objections, Plaintiffs are producing documents in their possession that are responsive to the requests, and thus the documents are already available.

**REQUEST FOR PRODUCTION NO. 2:**

Produce all documents in your possession showing that any declarants who are also Plaintiffs' members or employees, or any witnesses who you intend to call at the August 6, 2025 preliminary-injunction hearing who are also Plaintiffs' members or employees, have visited an area within five miles of the Dade-Collier Training and Transition Airport between June 2022 to present.

**OBJECTION AND RESPONSE:** Plaintiffs object on the basis that the request is vague and ambiguous as to the nature of "documents" sought. The vast request for "all documents" is likewise overly broad. Notwithstanding all objections, Plaintiffs are producing documents in their possession that are responsive to the requests, and thus the documents are already available.

**REQUEST FOR PRODUCTION NO. 3:**

Produce all documents that Dr. Christopher W. McVoy, Dr. Robert A. Frakes, and Randy S. Kautz consulted or relied upon to prepare their declarations.

**OBJECTION AND RESPONSE:** Plaintiffs have produced documents in their possession that are responsive to this requests which include their public filings and documents produced via sharefile links provided on August 1 and August 3. In addition, the literature cited by Dr. Robert A. Frakes and Mr. Randy Kautz are publicly available publications. The CV of Dr. Christopher W. McVoy likewise identifies publications he authored that are publicly available. Therefore, Plaintiffs object to the extent the documents are already available through public sources.

Dated:   August 4, 2025

Exhibit 1

Respectfully submitted,

| | |
|---|---|
| EARTHJUSTICE<br>4500 Biscayne Boulevard, Suite 201<br>Miami, Florida  33137<br>Telephone:  (305) 440-5432<br><br>By:       s/   Tania Galloni<br>   Tania Galloni, Fla. Bar No. 619221<br>   tgalloni@earthjustice.org<br>   Dominique Burkhardt, Fla. Bar No. 100309<br>   dburkhardt@earthjustice.org<br>   Alisa Coe, Fla. Bar No. 10187<br>   acoe@earthjustice.org<br><br>*Counsel for Friends of the Everglades* | COFFEY BURLINGTON, P.L.<br>2601 South Bayshore Drive, Penthouse One<br>Miami, Florida  33133<br>Telephone:  (305) 858-2900<br><br>By:       s/   Paul J. Schwiep<br>   Paul J. Schwiep, Fla. Bar No. 823244<br>   PSchwiep@CoffeyBurlington.com<br>   Scott Hiaasen, Fla. Bar No. 103318<br>   SHiaasen@CoffeyBurlington.com<br>   YVB@CoffeyBurlington.com<br>   LPerez@CoffeyBurlington.com<br>   service@CoffeyBurlington.com<br><br>*Counsel for Plaintiffs* |

CENTER FOR BIOLOGICAL DIVERSITY
Elise Pautler Bennett, Fla. Bar No. 106573
ebennett@biologicaldiversity.org
Jason Alexander Totoiu, Fla. Bar No. 871931
jtotoiu@biologicaldiversity.org
Post Office Box 2155
St. Petersburg, FL 33731
Telephone:  (727) 755-6950

*Counsel for Center for Biological Diversity*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 4, 2025, I served the foregoing by Electronic Mail on all counsel of record on the Service List.

       s/   Paul J. Schwiep

Exhibit 1

| Service List | |
|---|---|
| **Nathan A. Forrester**<br>    Chief Deputy Solicitor General<br>nathan.forrester@myfloridalegal.com<br>**Robert S. Schenck**<br>    Assistant Solicitor General<br>robert.schenck@myfloridalegal.com<br>Office of the Attorney General<br>The Capitol, PL-01<br>Tallahassee, Florida  32399-1050<br>Telephone:  (850) 414-3300<br>jenna.hodges@myfloridalegal.com<br>_____<br><br>Boies Schiller Flexner LLP<br>**Jesse Panuccio, Esq.**<br>jpanuccio@bsfllp.com<br>**Evan Ezray, Esq.**<br>eezray@bsfllp.com<br>**David Costello, Esq.**<br>dcostello@bsfllp.com<br>401 East Las Olas Boulevard, Suite 1200<br>Fort Lauderdale, Florida  33301<br>Telephone:  (954) 356-0011<br>jpanuccio@BSFLLP.com<br>ftleserve@bsfllp.com<br><br>*Counsel for Defendant Kevin Guthrie, in his official capacity as Executive Director of the Florida Division of Emergency Management* | HAYDEN P. O'BYRNE<br>United States Attorney<br>**Carlos J. Raurell**<br>    Assistant U.S. Attorney<br>carlos.raurell@usdoj.gov<br>99 Northeast 4th Street<br>Miami, Florida  33132<br>Telephone:  (305) 961-9243<br>melissa.Jiminson@usdoj.gov<br>_____<br><br>ADAM R.F. GUSTAFSON<br>Acting Assistant Attorney General<br>Environment and Natural Resources Division<br>    United States Department of Justice<br>**Peter M. Torstensen, Jr.**<br>    Deputy Assistant Attorney General<br>Environment and Natural Resources Division<br>    United States Department of Justice<br>**Hayley A. Carpenter**<br>    Trial Attorney<br>hayley.carpenter@usdoj.gov<br>Natural Resources Section<br>Ben Franklin Station<br>P.O. Box 7611<br>Washington, D.C. 20044-7611<br>Telephone:  (202) 305-0242<br><br>*Counsel for Kristi Noem, in her official capacity as Secretary, United States Department of Homeland Security, and Todd Lyons, in his official capacity as Acting Director, United States Immigration and Customs Enforcement* |
| GERALDINE BONZON-KEENAN<br>Miami-Dade County Attorney<br>**Christopher J. Wahl**<br>    Assistant County Attorney<br>wahl@miamidade.gov<br>**Monica Rizo Perez**<br>    Assistant County Attorney<br>rizo@miamidade.gov<br>**David M. Murry**<br>    Assistant County Attorney | **Todd R. Friedman, Esq.**<br>todd@toddfriedmanpa.com<br>TODD R. FRIEDMAN, P.A.<br>1101 Brickell Avenue<br>Suite S-700<br>Miami, Florida 33131<br>Telephone:  (786) 536-7190<br><br>*Counsel for The Miccosukee Tribe of Indians* |

7

**Exhibit 1**

| | |
|---|---|
| DMMurray@FlyMIA.com<br>Stephen P. Clark County<br>111 Northwest 1st Street, Suite 2810<br>Miami, Florida  33128<br>Telephone:  (305) 375-5151<br>Victor.Rodriguez3@miamidade.gov<br>Madalis.Gonzalez@miamidade.gov<br>KGriffin@FlyMIA.com<br><br>*Counsel for Miami-Dade County* | |

Exhibit 1