UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
No. 25-cv-22896-KMW

FRIENDS OF THE EVERGLADES, INC., et al.

    Plaintiffs,

v.

KRISTI NOEM, et al.,

    Defendants.

_____/

**DEFENDANT FDEM'S EMERGENCY MOTION TO
STRIKE PLAINTIFFS' EXPERT DILLON N. REIO**

Defendant FDEM moves this Court to strike Plaintiffs' expert Dillon N. Reio from the preliminary injunction hearing on August 6, 2025, and in support states as follows.[1]

**INTRODUCTION**

Nearly thirty-five days after Plaintiffs filed their motion for preliminary injunction, after the parties fully briefed that motion, and after multiple supplements were filed, Plaintiffs disclosed for the first time—five days before the hearing—that they intend to present testimony from previously undisclosed expert witness, Dillon N. Reio. DE 81. Plaintiffs did not, however, serve any expert report or any other statement of the opinion of the newly disclosed witness until three days before the hearing—on a Sunday at 6 p.m.—when Plaintiffs served a 25-page report two days after the disclosure deadline of August 1, 2025. *See* DE 87. These ambush tactics violate Federal Rule of Civil Procedure 26(a)(2)(B) and unduly prejudice FDEM. Because of Plaintiffs' belated

---

[1] As FDEM will explain at the hearing, all of Plaintiffs' experts are improper because they have not been deposed or subjected to *Daubert* testing. FDEM moves to exclude this expert in limine for the additional reason that his late-breaking disclosure has prejudiced FDEM.

1

disclosure, FDEM cannot meaningfully prepare for cross-examination of the expert witness or otherwise address the testimony he may give with testimony from FDEM's own experts. The Court should thus preclude Plaintiffs from offering the opinion of their newly disclosed expert witness at the preliminary injunction hearing and afford any other appropriate relief to prevent prejudice to FDEM.

## ARGUMENT

### A. Rule 26's Disclosure Requirements Apply to This Hearing

Federal Rule of Civil Procedure 26(a)(2)(B) requires that the disclosure of an expert witness be "accompanied by a written report [] prepared and signed by the witness." Fed. R. Civ. P. 26(a)(2)(B). That written report must include, among other things, "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; [and] (iii) any exhibits that will be used to summarize or support them." *Id.*; *see Cedant v. United States*, 75 F.4th 1314, 1319–20 (11th Cir. 2023) (expert "reports and disclosures must include the specified components [of Rule 26(a)] '*[u]nless otherwise stipulated or ordered by the court*'"). Typically, these disclosures are served well in advance of the relevant proceeding, which makes eminent sense, as it prevents one party from being "sandbagged" at the last minute. *Monopoly Hotel Grp., LLC v. Hyatt Hotels Corp.*, 291 F.R.D. 684, 690 (N.D. Ga. 2013); *see also Combee v. Shell Oil Co.*, 615 F.2d 698, 701 (5th Cir. 1980) ("The Federal Rules of Civil Procedure are designed to avoid surprise and thus to facilitate a proper ruling on the merits of each case."); *Capitol Fed. Sav. Bank v. E. Bank Corp.*, 2007 WL 7309743, at *4–5 (D. Mass. Dec. 3, 2007), *report and recommendation adopted*, WL 8188855 (D. Mass. Apr. 17, 2008) ("[S]cheduling orders also serve to avoid a trial, or in this case a preliminary injunction hearing, 'by ambush.'").

2

Requiring parties to exchange expert reports in advance of an evidentiary hearing is particularly important given that expert analysis is often complex, and a primary purpose of the expert disclosure rule is to "narrow the issues for trial." *Garcia v. Scottsdale Ins. Co.*, 2019 WL 1318090, at *2 (S.D. Fla. Mar. 22, 2019). As the Eleventh Circuit has explained, expert testimony is "uniquely powerful" and "often cannot be rebutted without expert testimony from the other side." *Cedant*, 75 F.4th at 1319 (11th Cir. 2023); *see also Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008) (expert-disclosure rules are "intended to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses" (quotes omitted)).

While the parties are preparing for a preliminary injunction hearing rather than a trial, concerns about "sandbagging," "ambush," and narrowing issues in dispute are just as applicable. As one federal district court put it, "[a]n expedited request for a preliminary injunction is not an excuse to withhold material parts of an expert witness's opinion." *Democracy N. Carolina v. N. Carolina State Bd. of Elections*, 2020 WL 4288103, at *10 (M.D.N.C. July 27, 2020). Indeed, courts have long recognized the importance of disclosing expert reports in advance of preliminary injunction hearings. *See Jindal v. U.S. Dep't. of Educ.*, 2015 WL 2405950, at *3 (M.D. La. May 18, 2015) (granting Defendant's Motion to Exclude Late Disclosed Witness Testimony and excluding expert from testifying at preliminary injunction hearing); *Atlanta Attachment Co. v. Leggett & Platt, Inc.*, 2006 WL 8432432 (N.D. Ga. Mar. 30, 2006) (analyzing compliance with Rule 26(a)(2)(B) in the context of preliminary injunction proceedings); *Spurlock v. Fox*, 2010 WL 3807167, at *6 (M.D. Tenn. Sept. 23, 2010) ("[T]he compressed timeline for preliminary injunction proceedings does not permit parties to deviate indiscriminately from Rule

3

26[a](2)(B)."); *TWTB, Inc. v. Rampick*, 152 F. Supp. 3d 549, 559-60 (E.D. La. 2016) (analyzing compliance with Rule 26(a)(2)(B) in the context of preliminary injunction proceedings).

*Democracy N. Carolina v. N. Carolina State Bd. of Elections* is instructive. There, plaintiffs moved on an expedited basis for a preliminary injunction and submitted incomplete expert reports, which they later sought to supplement in a reply brief containing additional expert declarations. 2020 WL 4288103, at *10. The court struck the belated declarations, explaining that Rule 26 is "designed to afford opposing parties ***a reasonable opportunity*** to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *Id.* at *7, *15 (emphasis added). The "clear purpose of [the Rule] is to prevent unfair surprise by eleventh hour filings," and the court held that admitting additional, previously undisclosed expert opinions would "constitute[] unfair surprise." *Id.* at *7, *10, *15. The same considerations apply forcefully here, where Plaintiffs have not just belatedly disclosed an expert opinion but did so after full briefing, after the exhibit disclosure deadline, and ***three days before the hearing***.

**B.     The Court Should Exclude the Opinions Of Plaintiffs' Newly Disclosed Expert**

Under Federal Rule of Civil Procedure 37(c)(1), the default sanction for failure to comply with Rule 26's requirements is that "the party is not allowed to use that information or witness to supply evidence ***on a motion, at a hearing,*** or at a trial." Fed. R. Civ. P. 37(c)(1) (emphasis added); *see also Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc.*, 389 F.3d 1339, 1349 (11th Cir. 2004) (district courts have "wide latitude" to exclude inadequate or untimely expert witness reports). When, as here, a party does not timely disclose expert reports, the opinions may not be used in a subsequent proceeding unless the failure to meet the deadline "was substantially justified or is harmless." *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 718 (11th Cir. 2019) (quoting Fed. R. Civ. P. 37(c)(1)); *see also Finch v. Owners Ins. Co.*, 2017 WL 6045449, at *2 (S.D. Ga. Dec. 6,

2017); *De Fernandez v. Seaboard Marine, Ltd.*, 2022 WL 2869730, at *3 (S.D. Fla. July 21, 2022) ("Prejudice generally occurs when late disclosure deprives the opposing party of a meaningful opportunity to perform discovery and depositions related to the documents or witnesses in question."). Plaintiffs have not provided any explanation for why they acted in blatant disregard of Rule 26's requirements—nor could they.

Plaintiffs filed their Complaint over a month ago, and cannot argue that any new issues have been raised to necessitate this belated disclosure. Nevertheless, five days before the hearing, Plaintiffs disclosed Reio—without any advance notice, any summary of expected opinions, or any written declaration, let alone the "significant pretrial disclosure requirements" required by Rule 26(a)(2)(B). *See Cedant*, 75 F.4th at 1320. And Reio was never identified in any prior filing—not their motion, reply, or any of their many supplements. Then, with ***three days*** before the hearing, on a Sunday at 6 p.m., Plaintiffs served Reio's twenty-five-page expert report. This eleventh-hour disclosure is contrary to the rules and deprives FDEM of a reasonable opportunity to prepare cross-examination or retain a rebuttal expert. Thus, permitting the Plaintiffs' new expert to testify will severely prejudice FDEM.

The bottom line is this: Plaintiffs' disclosure violation is precisely the type of litigation by ambush and surprise that Rule 26 was meant to eliminate. And this Court should not countenance such unfair tactics—especially because there is no justification for the failure of the disclosure here. Rule 37's default sanction is appropriate, and the Court should bar Plaintiffs' new expert from offering his opinions in the upcoming preliminary injunction hearing.

## **CONCLUSION**

For the foregoing reasons, this Court should exclude the newly disclosed expert testimony of Dillon N. Reio at the upcoming preliminary injunction hearing. In the alternative, if the Court

does not exclude the testimony, FDEM respectfully requests that the Court minimize the prejudice arising from the failure to disclose by holding over the examination of Reio for at least a week and permitting Defendants to supplement their exhibit list and witness list to meet Reio's testimony. *See Taylor v. Mentor Worldwide LLC*, 940 F.3d 582, 593 (11th Cir. 2019) ("Rule 37 gives a trial court discretion to decide how best to respond to a litigant's failure to make a required disclosure under Rule 26.").

## CERTIFICATE OF GOOD FAITH CONFERRAL

Counsel for the movant has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, including by email on August 5, 2025. Plaintiffs' counsel indicated by email on August 5, 2025, that they oppose the requested relief.

Dated: August 5, 2025

Respectfully submitted,

James Uthmeier
  *Attorney General of Florida*
Jeffrey Paul DeSousa (FBN 110951)
  *Acting Solicitor General*
Nathan A. Forrester (FBN 1045107)
  *Chief Deputy Solicitor General*
Robert S. Schenck (FBN 1044532)
  *Assistant Solicitor General*
**Office of the Attorney General**
The Capitol, PL-01
Tallahassee, FL 32399
jeffrey.desousa@myfloridalegal.com

s/ *Jesse Panuccio*
Jesse Panuccio (FBN 31401)
Evan Ezray (FBN 1008228)
**BOIES SCHILLER FLEXNER LLP**
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida 33301
jpannucio@bsfllp.com

*Counsel for Kevin Guthrie, in his official capacity as Executive Director of the Florida Division of Emergency Management*

## CERTIFICATE OF SERVICE

I certify that on August 5, 2025, I electronically filed this document with the Clerk of Court using the Court's CM/ECF system, which will send a notice of docketing activity to all parties who are registered through CM/ECF.

*/s/ Jesse Panuccio*