# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

FRANCISCO BRITO MATOM,

    Petitioner,

v.                                          Case No. 2:25-cv-648-JES-NPM

MATTHEW MORDANT, Warden,
GARRETT RIPA, Miami Field Office
Director, U.S. Immigration and
Customs Enforcement ("ICE"), KRISTI
NOEM, Secretary, Department of
Homeland Security ("DHS"), and
PAMELA BONDI, United States
Attorney General,

    Respondents.
_____/

## Motion to Dismiss

Respondents Matthew Mordant, Garrett Ripa, Kristi Noem, and Pam Bondi (all official capacities) move to dismiss because the Court lacks subject-matter jurisdiction.[1] Fed. R. Civ. P. 12(b)(1). Specifically, ICE moves to dismiss for lack of facial and factual jurisdiction. Separately, Petitioner Francisco Brito Matom cannot show that his detention is unlawful. For either reason, the Court must deny the writ and dismiss this action.

---

[1] ICE is an agency within DHS. This Motion refers to all Respondents as ICE without differentiation for ease of reference.

<span style="color:red">Exhibit 1</span>

## Background

This is an immigration habeas case. Brito Matom is a Guatemalan citizen and national. (Doc. 1 at 3). In 2005, he entered the United States. (*Id.*). Brito Matom did so without inspection. (Ex. 1 at 2).[2]

In December 2024, United States Citizenship and Immigration Services ("USCIS") received Brito Matom's I-589, Application for Asylum and Withholding of Removal. (Ex. 2); (Doc. 1 at 12). The same day, Brito Matom's biometrics appointment was scheduled. (Ex. 3). That appointment was later canceled. (Ex. 4).

USCIS rescheduled Brito Matom's biometrics appointment for mid-January 2025. (Ex. 5). Brito Matom was a no-show for that appointment. (Ex. 4).

On July 8, border patrol agents encountered Brito Matom during a traffic stop as part of a largescale immigration operation. (Ex. 1 at 2). He identified himself as "a Guatemalan national who was illegally present in the United States." (*Id.*). At that point, agents took Brito Matom into custody. (*Id.*).

That same day, an agent prepared Brito Matom's I-213, Record of Deportable/Inadmissible Alien. (*Id.*). When asked, Brito Matom relayed he did "not claim fear if returned to his home country of Guatemala." (*Id.* at 3). For the I-213 disposition, Brito Matom "was processed for WA/NTA." (*Id.*). In this context, that acronym means a warrant of arrest ("WA") and notice to appear ("NTA"). (*Id.* at 1).

---

[2] ICE offers extrinsic documents. Given the expedited briefing schedule, 28 U.S.C. § 2243, ICE provides its best understanding of the facts based on documents now available. ICE will supplement with relevant documents as they become available for the Court to review.

2

Exhibit 1

A day later (on July 9), ICE apparently issued the WA and NTA:

```
Received: (Subject and Documents)  (Report of Interview)
Officer: ANTHONY SIMONE
on:  July 9, 2025                              (time)
Disposition: Warrant of Arrest/Notice to Appear
Examining Officer:   PORTER, AARON
```

(Ex. 1 at 1). Counsel tried to get copies of those documents. But ICE was not able to retrieve them before the expedited response deadline. As stated above, ICE will supplement this response once it has copies of the WA, NTA, and/or any other relevant documentation.

Since approximately that time, Brito Matom has been detained at "Alligator Alcatraz." (Doc. 1 at 1). He is pending a determination on removability. (Ex. 1 at 1); 8 C.F.R. § 1003.14(a). The immigration judge ("IJ") just scheduled him for a custody redetermination hearing—i.e., bond hearing—which will occur on August 19. (Ex. 6).

**Legal Standard**

Over the years, this Court stated the motion to dismiss standard many times:

> Rule 12 (b)(1) of the Federal Rules of Civil Procedure provides for dismissal of an action if a court lacks subject matter jurisdiction, whether as a facial or factual challenge. In a facial challenge, a court must consider the allegations of the plaintiff's complaint as true and merely look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction. By contrast, a factual attack challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered.

*Clements v. Glass*, No. 2:24-cv-197-JES-NPM, 2025 WL 1068822, at *2 (M.D. Fla. Apr. 8, 2025) (Steele, J.) (cleaned up).

3

Exhibit 1

The Court has power to grants writs of habeas corpus where (among other instances) petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "The burden rests on the person in custody to prove his detention is unlawful." *Benito Vasquez v. Moniz*, No. 25-11737-NMG, 2025 WL 1737216, at *1 (D. Mass. June 23, 2025).

## Discussion

Brito Matom lodges two express challenges: his detention violates (1) the Fifth Amendment due process clause and (2) 8 U.S.C. § 1229a. These claims fail.

**A.     Lack of Jurisdiction**

Federal courts have limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They "possess only that power authorized by Constitution and statute." *Id.* (citations omitted).

In the context of immigration habeas cases related to removal proceedings—like here—the Immigration and Nationality Act ("INA") divests this Court's jurisdiction. 8 U.S.C. § 1252(g). As discussed, the Court lacks jurisdiction over Brito Matom's claims—which challenge his detention pending a removal determination.

There is no jurisdiction to review "any cause or claim . . . arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." 8 U.S.C. § 1252(g). This provision bars habeas review in federal courts when the claim arises from "discrete acts of commencing proceedings, adjudicating cases, and executing removal orders." *Reno v. American-Arab Anti-Discrimination Committee* (*AADC*), 525 U.S. 471, 483 (1999) (cleaned up). These

Exhibit 1

activities "represent the initiation or prosecution of various stages in the deportation process" that Congress had "good reason" to withhold from judicial review. *Id.*

When construing § 1252(g), one must limit the application "to just those three specific actions" listed. *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018). In doing so, "courts must focus on the action being challenged." *Canal A Media Holding, LLC v. USCIS*, 964 F.3d 1250, 1258 (11th Cir. 2020). At bottom, § 1252(g) bars review if the conduct "to commence proceedings, adjudicate cases, or execute removal orders is the basis of the claim." *Gupta v. McGahey*, 709 F.3d 1062, 1065 (11th Cir. 2013).

The law is clear:

> Securing an alien while awaiting a removal determination constitutes an action taken to commence proceedings.

*Gupta v. McGahey*, 709 F.3d 1062, 1065 (11th Cir. 2013); *see also Alvarez v. ICE*, 818 F.3d 1194, 1203 (11th Cir. 2016) ("Because [alien] challenges the methods that ICE used to detain him prior to his removal hearing, these claims are foreclosed by § 1252(g) and our decision in *Gupta*."); *Johnson v. U.S. Attorney General*, 847 F. App'x 801, 802 (11th Cir. 2021). "By its plain terms, [§ 1252(g)] bars us from questioning ICE's discretionary decisions to commence removal—and thus necessarily prevents us from considering whether the agency should have used a different statutory procedure to initiate the removal process." *Alvarez*, 818 F.3d at 1203. So § 1252(g) strips habeas jurisdiction over petitions challenging detention pending removal proceedings.

ICE detained Brito Matom to secure him "while awaiting a removal determination." *Gupta*, 709 F.3d at 1065. Under *Gupta*'s binding interpretation of

5

Exhibit 1

§ 1252(g), the Court plainly has no jurisdiction. *Id.* ICE decided to commence proceedings against Brito Matom related to removal. And Congress specifically stripped the Court's jurisdiction to review that discretionary decision.

The Court, therefore, lacks subject-matter jurisdiction and must dismiss.

**B.    Lawful Detention**

Even if the Court disagrees with the above, it must still dismiss. Brito Matom's detention is lawful and mandatory. He cannot argue otherwise.

"An alien present in the United States who has not been admitted . . . shall be deemed for purposes of this chapter an applicant for admission." 8 U.S.C. § 1225(a); *DHS v. Thuraissigiam*, 591 U.S. 103, 140 (2020). "As relevant here, applicants for admission fall into one of two categories, those covered by § 1225(b)(1) and those covered by § 1225(b)(2)." *Jennings*, 583 U.S. at 287. "Section 1225(b)(1) applies to aliens initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation." *Id.* "Section 1225(b)(2) is broader. It serves as a catchall provision that applies to all applicants for admission not covered by § 1225(b)(1)." *Id.*

"Both § 1225(b)(1) and § 1225(b)(2) authorize the detention of certain aliens." *Id.* Under § 1225(b)(1), aliens are removed under an expedited process subject to a possible asylum interview. *Id.* "If an immigration officer determines after that interview that the alien has a credible fear of persecution, the alien shall be detained for further consideration of the application for asylum." *Id.* (cleaned up). Under § 1225(b)(2), the "alien shall be detained for a proceeding under section 1229a" after

6

Exhibit 1

"the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). "Read most naturally, §§ 1225(b)(1) and (b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded." *Jennings*, 583 U.S. at 297.

Given its statutory obligation, ICE is detaining Brito Matom under § 1225(b). It is undisputed he illegally entered the country without inspection. *See* 8 U.S.C. § 1325(a); *United States v. Aldana*, 878 F.3d 877, 882 (9th Cir. 2017). Detention in such circumstances is not unlawful; rather, it is statutorily required. 8 U.S.C. §§ 1225(b)(1)(B)(ii), (iii)(IV); 1225(b)(2)(A); *see Chaviano v. Bondi*, No. 25-22451-CIV-DAMIAN, 2025 WL 1744349, at *6-8 (S.D. Fla. June 23, 2025) (holding detention lawful under § 1225(b)(1)); *Pena v. Hyde*, No. 25-11983-NMG, 2025 WL 2108913, at *1-3 (D. Mass. July 28, 2025) (holding detention lawful under § 1225(b)(2)).

Since Brito Matom's detention is lawful, the Court must dismiss.

**C.     Claim Under § 1229a**

Apart from the above, there is a separate issue with Count 2. Brito Matom attempts to bring a cause of action for violation of § 1229a. Yet he fails to allege any facts that could possibly support a claim under that theory. Section 1229a governs the procedural conduct of removal proceedings by an IJ. In Count 2, however, Brito Matom appears to challenge the conditions of his confinement. At this time, removal proceedings have not advanced to the point of triggering the procedural mechanisms specified in § 1229a. So Count 2 is unripe.

To the extent that any allegations in Count 2 could be construed as ripe, those

7

Exhibit 1

matters potentially overlap with a pending class action lawsuit seeking injunctive relief. Specifically, the Southern District is deciding whether to certify a Rule 23(b)(2) class at Alligator Alcatraz related to communication with counsel and access to information about immigration proceedings (among other allegations). *C.M. v. Noem*, No. 1:25-cv-23182 (Docs. 1; 6) (S.D. Fla.). In fact, the parties in *C.M.* are currently litigating a TRO and preliminary injunction. *Id.* (Doc. 5).

If it is certified, Brito Matom may be a member of the *C.M.* class. Class actions, of course, have specific rules related to membership, along with when and how members can opt out. *See generally Juris v. Inamed Corp.*, 685 F.3d 1294, 1329-34 (11th Cir. 2012) (discussing 23(b)(2) classes); *Holmes v. Continental Can Co.*, 706 F.2d 1144, 1152 (11th Cir. 1983). In fact, Rule 23(b)(2) class members have no right to opt out and prosecute an entirely separate case for injunctive or declaratory relief. *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1554 (11th Cir. 1986); *see also Demler v. Inch*, No. 4:19cv94-RH-GRJ, 2020 WL 8182121, at *3-4 (N.D. Fla. Dec. 10, 2020).

In short, if any part of Count 2 is ripe for adjudication, Brito Matom might be required to seek that relief in *C.M.* The class action rules seemingly would not permit him to pursue the same injunctive remedies outside that suit. And with uncertainty surrounding *C.M.*—which is pending a class ruling—this Court should not wade into those ongoing claims.

As explained, the Court should dismiss Count 2 without prejudice. *Crawford v. Bell*, 599 F.2d 890, 892-93 (9th Cir. 1979) (holding court may dismiss "those portions

8

Exhibit 1

of [the] complaint which duplicate the [class action's] allegations and prayer for relief"); *McNeil v. Guthrie,* 945 F.2d 1163, 1165-66 (10th Cir. 1991) (finding individual suits for injunctive relief inappropriate where same class action exists). Alternatively, it should stay that portion of the case pending rulings in *C.M. See Munaf v. Green*, 553 U.S. 674, 693 (2008) ("We have therefore recognized that prudential concerns, such as comity and the orderly administration of criminal justice, may require a federal court to forgo the exercise of its habeas corpus power." (cleaned up)); *see also Cicero v. Olgiati*, 410 F. Supp. 1080, 1099 (S.D.N.Y. 1976) ("Moreover, the very nature of the issue raised requires the consistency of treatment of the subject which Rule 23(b)(2) was intended to assure.").

## Conclusion

For those reasons, the Court must deny the writ and dismiss for lack of subject-matter jurisdiction. Or it must deny and dismiss because detention is lawful.

## Local Rule 3.01(g) Certification

The parties conferred by email. They scheduled a time to confer by to narrow the issues. But Respondents' counsel was in a hearing that ran long—preventing the counsel from conferring. They will speak tomorrow morning. And Respondents will supplement this certification.

**[Intentionally left blank]**

9

Exhibit 1

Date: August 7, 2025

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

_____
Kevin R. Huguelet
Assistant United States Attorney
Florida Bar Number 125690
Kevin.Huguelet@usdoj.gov
2110 First Street, Suite 3-137
Fort Myers, Florida 33901
(239) 461-2237

**(Lead counsel for Respondents)**

Exhibit 1