## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 25-cv-22896-KMW

FRIENDS OF THE EVERGLAD.E.S, INC., et al.,

                Plaintiffs,

vs.

KRISTI NOEM, *et al.* in her official capacity
as Secretary of the UNITED STATES
D.E.PARTMENT OF HOMELAND SECURITY;
TODD LYONS, in his official capacity as Acting
Director of the UNITED STATES IMMIGRATION
AND CUSTOMS ENFORCEMENT; KEVIN
GUTHRIE, in his official capacity as Executive
Director of the Florida Division of Emergency
Management; and MIAMI-DAD.E. COUNTY, a
political subdivision of the State of Florida;

                Defendants,

and

THE MICCOSUKEE TRIBE OF INDIANS OF
FLORIDA,

                Plaintiff/Intervenors.

## PLAINTIFFS AND PLAINTIFF/INTERVENOR'S
## MOTION TO STRIKE LATE-FILED DECLARATIONS

Pursuant to Fed. R. Civ. P. 12(f), Plaintiffs and Plaintiff/Intervenor the Miccosukee Tribe

of Indians of Florida hereby move to strike the declaration of Garrett Ripa (D.E. 138-1), filed in

support of Defendants Kristi Noem and Todd Lyons' (the "Federal Defendants") Expedited

Motion to Stay Preliminary Injunction Pending Interlocutory Appeal (D.E. 138), and the

declarations of Ian Gadea-Guidicelli (D.E. 137-2) and Joseph C. Harrison (D.E. 137-1), filed in

support of Defendant Kevin Guthrie's (the "State Defendant," with the Federal Defendants, "Defendants") Expedited Motion to Stay Preliminary Injunction (D.E. 137).[1]  In support of this motion, Plaintiffs and Plaintiff/Intervenor state as follows.

## **Introduction**

Over the course of a four-day evidentiary hearing conducted over two weeks, this Court provided Defendants with ample opportunity to present any and all evidence that they wished in opposition to Plaintiffs' Motion for Preliminary Injunction. (D.E. 5, the "PI Motion.") Defendants availed themselves of this opportunity when and as they saw fit. From the time the PI Motion was filed, through the close of the evidentiary hearing on the PI Motion on August 13, 2025, Defendants filed no less than nine declarations including four declarations from Mr. Gadea-Guidicelli. (D.E. 21-1, 86-1, 120-1 & 116-1.) In response to the Court's July 30 order requiring Defendants to identify witnesses that they intended to call at the hearing (D.E. 73), Federal Defendants provided notice that they intended to call Mr. Santiago Fuentes as their sole witness. (D.E. 91.) The State Defendant provided notice that it intended to call Messrs. Gadea-Guidicelli and David Kerner. (D.E. 90.) The Court later granted a continuation of the hearing when Defendants claimed that their witnesses could not be available to continue the following day. (8/6/2025 hr'g tr. at 198:1–9; 247:20–248:1; 248: 12–25; 327:11–24; 331:11–24.)

Rather than present these witnesses, however, on the morning that Defendants were to begin their evidentiary presentation in opposition to the PI Motion, the Federal Defendants advised that they would not call any witnesses, and instead filed a declaration from Mr. Fuentes. (D.E. 117

---

[1] Plaintiffs and Plaintiff/Intervenor are separately responding in opposition to the motions to stay and hereby incorporate by reference the arguments in the opposition to the stay request regarding the late-filed declarations.  Should the Court decline to strike the late-filed declarations, they should be accorded no more weight than they are due as set forth in the Opposition.

& 118.) The State Defendant similarly announced that Mr. Gadea-Guidicelli, despite his many declarations, would not testify live. Instead, the State filed yet another declaration from Mr. Gadea-Guidicelli. (D.E. 116.) This notwithstanding that on the first day of the hearing, the State Defendant's counsel insisted that the State "would object to [the introduction of] declaration[s or] sworn testimony, without [an] ability to cross." (8/6/25 hr'g tr. at 16:12-14.) The Federal Defendants' counsel similarly requested the opportunity either to depose or cross-examine witnesses who provided declarations. (8/6/25 hr'g tr. at 333:9–21.) Their vociferous complaints about reliance on declarations notwithstanding, Defendants largely yanked their witnesses and relied on lawyer-drafted declarations that were not probed through cross-examination.

Now, more than one week after the hearing concluded, and with the Court having entered a preliminary injunction (D.E. 131), Defendants are improperly seeking to pad the record by introducing additional, untested declarations under circumstances where no opportunity for cross-examination exists, and without any explanation for why this evidence was not introduced ***during*** the four-day hearing. Defendants appear to offer these declarations to argue that the balance of the equities tilts in their favor and to argue—for the first time in nearly two months since the PI Motion was filed—that the bond Plaintiffs requested (and the Court imposed) was inadequate. By this stratagem, Defendants have denied Plaintiffs an opportunity to challenge and respond to this belatedly proffered evidence during the hearing, and denied the Court an opportunity to evaluate the credibility of these witnesses in considering Plaintiffs' PI Motion. This is improper and the Court should exercise its discretion to strike these late-filed declarations.

## LEGAL STANDARDS

A motion to stay a preliminary injunction, like a motion for reconsideration, "should not be used to relitigate matters, submit new evidence, or 'raise arguments which could, and should,

have been made before the judgment issued.'" *Newspaper, Newsprint, Mag. & Film Delivery Drivers, Helpers, & Handlers, Int'l Bhd. of Teamsters, Loc. Union No. 211 v. PG Publ'g Co.*, No. 2:19-CV-1472-NR, 2019 WL 9101872, at *3 (W.D. Pa. Dec. 27, 2019) (quoting *O'Donnell v. Harris Cty.*, 260 F. Supp. 3d 810, 815 (S.D. Tex. 2017); *see also Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003)(in context of motion for reconsideration). In the analogous context of a motion for reconsideration, courts refuse to consider "new facts or issues that were not presented to the court in the context of the matter previously decided." *Williaman v. Erie Satellite Office of the Bureau of Alcohol*, No. 13-229, 2014 WL 11474846, at *1 (W.D. Pa. July 28, 2014) (all internals omitted). To allow otherwise would be to give the moving party "a second bite at the apple." *See Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995) (rejecting appeal of an adverse ruling on a motion for reconsideration as "a classic attempt at a 'second bite at the apple'" where movant "failed in its first effort to persuade the [district] court to dismiss" on certain grounds and then "simply changed theories and tried again").

District courts are vested with discretion to reject additional evidence presented after an evidentiary hearing under Rule 65 has concluded. *Trial Laws. Coll. v. Gerry Spence Trial Laws. Coll. at Thunderhead Ranch*, 23 F.4th 1262, 1274 (10th Cir. 2022). In exercising this discretion, a trial court should consider "the timing of the new evidence, its character, and the potential prejudice to the opposing party." *Id.* (citing *Smith v. Rogers Galvanizing Co.*, 148 F.3d 1196, 1197 (10th Cir. 1998)). *See also Riley v. Jordan*, No. 1:25-CV-00044-KWR-KK, 2025 WL 1697091, at *3 (D. N.M. June 16, 2025) (declining to consider declaration submitted in support of motion to stay a preliminary injunction and stating, "Defendant has not explained why she could not have made these arguments or advanced this evidence in her original Response to the Motion for a Preliminary Injunction).

For example, in *Maxwell Techs., Inc. v. Nesscap, Inc.*, No. 06-2311, 2007 WL 9723323 (S.D. Cal. June 1, 2007), the court entered a preliminary injunction in a patent infringement case after hearing. The defendant moved to stay the preliminary injunction and sought expedited briefing on its stay request. In support of the motion to stay, the defendant introduced new evidence and argued that the evidence warranted vacatur of the finding that the plaintiff demonstrated a substantial likelihood of success on the merits. The court rejected the defendant's "attempt to introduce evidence that was in their possession at the time the [preliminary injunction] motion was pending." *Id.* at n.3.

Similarly, in *dmarcian, Inc. v. dmarcian Eur. BV*, No. 1:21-CV-00067-MR, 2021 WL 3561182, at *3 (W.D.N.C. Aug. 11, 2021), *aff'd,* 60 F.4th 119 (4th Cir. 2023), and *modified sub nom. dmarcian, Inc. v. DMARC Advisor BV*, No. 1:21-CV-00067-MR, 2024 WL 5188766 (W.D.N.C. Dec. 20, 2024), the court, after a hearing, entered a preliminary injunction in a copyright infringement matter. The defendant appealed and moved in the trial court for a stay pending the appeal. In support of the stay motion, the defendant presented additional declarations in support of its position that the court lacked personal jurisdiction. The plaintiff moved to strike the additional declarations which the court granted in part, explaining:

> After an appeal has been filed, a district court reviewing a motion to stay a preliminary injunction generally is "not permitted to examine new evidence" that was available to the party at the briefing stage. *Graveline v. Johnson*, No. 18-12354, 2018 WL 4184577, at *3 (E.D. Mich. Aug. 30, 2018) (citation omitted); *see also Maxwell Techs., Inc. v. Nesscap, Inc.*, No. 06-2311, 2007 WL 9723323, at *3 (S.D. Cal. June 1, 2007) (explaining that evidence attached to a motion for a stay would not be considered "because the evidence presented in Defendants' declarations was available at the time the preliminary injunction was pending"). This general rule has several justifications. First, allowing a party to reargue its position by providing supplemental evidence would allow a party to essentially re-litigate that which has already been ruled upon and thus would create the prospect of endless litigation. *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995). Second, jurisdiction generally passes to the appellate court after an appeal has been taken, and arguments that were not advanced or properly preserved in the district court are typically considered to have been waived on appeal. *Rosenzweig v. Azurix Corp.*, 332 F.3d

854, 863–64 (5th Cir. 2003). Third, requiring parties to present the entire available factual record when moving for or opposing a preliminary injunction promotes diligence and preserves judicial resources that would otherwise be expended combing through multiple rounds of briefing.

For those reasons, ***the Court will not consider any supplemental evidence that the Defendant "simply overlooked or forgot the first time around**.*" *Newspaper, Newsprint, Mag. & Film Delivery Drivers, Helpers, & Handlers, Int'l Bhd. of Teamsters, Loc. Union No. 211 v. PG Publ'g Co.*, No. 2:19-CV-1472-NR, 2019 WL 9101872, at *3 (W.D. Pa. Dec. 27, 2019).

*dmarcian, Inc.*, 2021 WL 3561182, at *3 (emphasis added).

## ARGUMENT

Here, each of the late-filed declarations submitted in support of the Defendants' stay motions purport to present supplemental evidence to "backfill" and pad the appellate record. These late filed declarations could and should have been presented in the context of the preliminary injunction hearing. Defendants have not argued, much less actually demonstrated, that this information was not available to present before the Court ruled. Review of the declarations demonstrates that all the purported "facts" included were available for presentation during the hearing but Defendants either forgot or strategically elected not to present such evidence prior to the Court's ruling, prejudicing both Plaintiffs and the Court.

First, the declaration of Mr. Harrison purportedly addresses the efforts of the Florida Highway Patrol ("FHP") in immigration enforcement. The Court, however, has already heard from Mr. Harrison's boss David Kerner (8/12/25 hr'g tr. at 194:9-11), who serves as the Executive Director of the Florida Department of Highway Safety and Motor Vehicles, with ultimate responsibility over FHP. (8/12/25 hr'g tr. at 180-81.) Mr. Kerner, like Mr. Harrison, spoke to FHP's role in connection with its 287(g) Agreements with ICE. (*Compare* Harrison decl. ¶ 3 *with* 8/12/25 hr'g tr. at 183.) Mr. Kerner, like Mr. Harrison, testified regarding the Governor's declared "state of emergency" pertaining to immigration. (*Compare* Harrison decl. ¶ 3 *with* 8/12/25 hr'g tr. at

190.) Mr. Kerner, like Mr. Harrison, testified regarding capacity at detention facilities. (*Compare* Harrison decl. ¶ 5 *with* 8/12/25 hr'g tr. at 195.) Mr. Kerner sought to present testimony, as Mr. Harrison does, regarding anecdotal stories about detainees' criminal histories, without presenting any actual data. (*Compare* Harrison decl. ¶ 4 *with* 8/12/25 hr'g tr. at 199-201.) Significantly, Mr. Kerner testified that he reviews statistics, "particularly in the immigration space," of arrests but that data was never presented to the Court. (8/12/25 hr'g tr. at 200:10.) The State Defendant may not attempt to shore up the appellate record through the declaration of Mr. Harrison, who was not made available for cross-examination, when the "head" of FHP already provided testimony on these topics, and the State Defendant has presented no reason why the information in the Harrison declaration is "new" or was unavailable at the time of the hearing. The declaration should be stricken.

Mr. Gadea-Guidicelli is a frequent paper flyer in this Court having presented five declarations including the latest (D.E. 137-2), although he was a last-minute scratch from the State Defendant's live witness presentation, depriving Plaintiffs of an opportunity to cross-examine him, or for the Court to assess his credibility. In his latest declaration, Gadea-Guidicelli purports to address the costs of complying with the Court's preliminary injunction. As a preliminary matter, Mr. Gadea-Guidicelli provides no data, invoices, or other foundational evidence to support his bare and conclusory estimated costs, a matter that could have been explored had he been called as a witness in open court. Further, Defendants did not oppose Plaintiffs' request for a nominal $100 bond in their PI Motion—a request that was supported by case law upholding a minimal bond in an environmental case such as this one. (D.E. 5, at 13.) The State Defendant's opposition to the PI Motion did not address the bond requirement at all (D.E. 16), and neither did the Federal Defendants' opposition. (D.E. 21.) Nor did Defendants raise an objection to the proposed bond

amount during the four-day preliminary injunction hearing. Once again, a motion to stay a preliminary injunction should not be used to backfill evidence the defendant "simply overlooked or forgot the first time around." *Newspaper*, 2019 WL 9101872, at *3. Information regarding the purported cost of complying with the requested preliminary injunction was available to the State Defendant all along, and a declaration to add evidence now is improper.

As noted, the Federal Defendants advised they would call Santiago Fuentes, who serves as the Assistant Field Office Director for DHS with responsibility over the Enforcement and Removal Operations from the ICE field office in Miami, as a live witness. (D.E. 91 & 118-1 ¶ 1.) At 10:01 AM on August 12, 2025—the very moment Defendants were to begin their evidentiary presentation in opposition to the PI Motion—the Federal Defendants filed a declaration from Mr. Fuentes and instead advised the Court that he would not be testifying in person stating, "we think it's more efficient to have the declaration." (8/12/25 hr'g tr. at 177:4-5.) Mr. Fuentes' declaration addresses the 287(g) program, ICE's use of the TNT site, and the relationship between ICE and the State of Florida regarding the TNT site. (*See generally* D.E. 118.)

The new declaration from Mr. Ripa merely seeks to buttress and add to the information from Mr. Fuentes and Director Kerner. Having prepared to cross Mr. Fuentes at the hearing, Plaintiffs reached a limited agreement with Defendants whereby the Court could accept Mr. Fuentes' declaration, giving it whatever weight the Court deemed appropriate, so long as Plaintiffs' cross-examination exhibits were also admitted into evidence. Plaintiffs did not, and do not, consent to the submission of additional material that Defendants could have, but chose not to, present during the hearing. Additionally, the information Federal Defendants attempt to adduce through Mr. Ripa wase already put forward by Director Kerner and considered by this Court. (*See* D.E. 131 at 75–79.) Mr. Ripa works and presumably lives in the Southern District, in Miami.

Defendants have articulated no reason why he could not have been identified as a witness and called at the hearing, which, once again, was continued to accommodate Defendants' witnesses' schedules.

In short, the Federal Defendants have made no showing, nor could they, that the information in the Mr. Ripa declaration was unavailable at the time of the hearing or otherwise is new. "[A] party's failure to present his strongest [injunction] case in the first instance does not entitle him to a second chance …." *Fin. Control Assocs., Inc. v. Equity Builders, Inc.*, 812 F. Supp. 198, 199 (D. Kan. 1993). Where a party has evidence available in advance of a preliminary injunction ruling, but fails to introduce such evidence, a district court does not abuse its discretion in denying introduction of such belated evidence. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 881 (9th Cir. 2009). For this reason, Mr. Ripa's declaration likewise should be stricken.

WHEREFORE, Plaintiffs and Plaintiff/Intervenor respectfully request that the Court strike the late-filed declarations of Garrett Ripa (D.E. 138-1), Ian Gadea-Guidicelli (D.E. 137-2) and Joseph C. Harrison (D.E. 137-1) filed in support of Defendants' motions to stay the Court's preliminary injunction.

Dated:   August 25, 2025

Respectfully submitted,

EARTHJUSTICE
4500 Biscayne Boulevard, Suite 201
Miami, Florida  33137
Telephone:  (305) 440-5432

By:_____s/   Tania Galloni_____
    Tania Galloni, Fla. Bar No. 619221
    tgalloni@earthjustice.org
    Dominique Burkhardt, Fla. Bar No.
    100309

COFFEY BURLINGTON, P.L.
2601 South Bayshore Drive, Penthouse One
Miami, Florida  33133
Telephone:  (305) 858-2900

By:_____s/   Paul J. Schwiep_____
    Paul J. Schwiep, Fla. Bar No. 823244
    PSchwiep@CoffeyBurlington.com
    Scott Hiaasen, Fla. Bar No. 103318
    SHiaasen@CoffeyBurlington.com

dburkhardt@earthjustice.org
Alisa Coe, Fla. Bar No. 10187
acoe@earthjustice.org

*Counsel for Friends of the Everglades*

CENTER FOR BIOLOGICAL DIVERSITY
Elise Pautler Bennett, Fla. Bar No. 106573
ebennett@biologicaldiversity.org
Jason Alexander Totoiu, Fla. Bar No. 871931
jtotoiu@biologicaldiversity.org
Post Office Box 2155
St. Petersburg, FL 33731
Telephone:  (727) 755-6950

*Counsel for Center for Biological Diversity*

YVB@CoffeyBurlington.com
LPerez@CoffeyBurlington.com
service@CoffeyBurlington.com

*Counsel for Plaintiffs*

TODD R. FRIEDMAN, P.A.
Todd R. Friedman, Fla. Bar No. 97919
todd@toddfriedmanpa.com
1101 Brickell Avenue, Suite S-700
Miami, Florida 33131
Telephone:  (786) 536-7190

CHRISTOPHER AJIZIAN, P.A.
Christopher Ajizian, Fla. Bar No. 1010170
chris@ajizianlaw.com
1101 Brickell Avenue, Suite S-700
Miami, Florida  33131
Telephone:  (305) 699-5001

*Counsel for The Miccosukee Tribe of Indians*

## CERTIFICATE OF SERVICE AND CONFERENCE

I HEREBY CERTIFY that on August 25, 2025, I electronically filed the foregoing with

the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served

this day on all counsel of record on the Service List below via transmission of Notice of Electronic

Filing generated by CM/ECF.  I further certify that I conferred with counsel for Defendants in a

good faith effort to resolve the issues presented herein by agreement, but counsel for Defendants

opposes the relief requested in this motion.

s/   Paul J. Schwiep

10

| Service List | |
|---|---|
| **Nathan A. Forrester**<br>    Chief Deputy Solicitor General<br>nathan.forrester@myfloridalegal.com<br>**Robert S. Schenck**<br>    Assistant Solicitor General<br>robert.schenck@myfloridalegal.com<br>Office of the Attorney General<br>The Capitol, PL-01<br>Tallahassee, Florida  32399-1050<br>Telephone:  (850) 414-3300<br>jenna.hodges@myfloridalegal.com<br>_____<br><br>Boies Schiller Flexner LLP<br>**Jesse Panuccio, Esq.**<br>jpanuccio@bsfllp.com<br>**Evan Ezray, Esq.**<br>eezray@bsfllp.com<br>**David Costello, Esq.**<br>dcostello@bsfllp.com<br>**Dante C. Ficarelli, Esq.** *(pro hac vice*<br>pending)<br>dficarelli@bsfllp.com<br>401 East Las Olas Boulevard, Suite 1200<br>Fort Lauderdale, Florida  33301<br>Telephone:  (954) 356-0011<br>jpanuccio@BSFLLP.com<br>ftleserve@bsfllp.com<br><br>*Counsel for Defendant Kevin Guthrie, in his*<br>*official capacity as Executive Director of the*<br>*Florida Division of Emergency Management* | HAYDEN P. O'BYRNE<br>United States Attorney<br>**Carlos J. Raurell**<br>    Assistant U.S. Attorney<br>carlos.raurell@usdoj.gov<br>99 Northeast 4th Street<br>Miami, Florida  33132<br>Telephone:  (305) 961-9243<br>melissa.Jiminson@usdoj.gov<br>_____<br><br>ADAM R.F. GUSTAFSON<br>Acting Assistant Attorney General<br>Environment and Natural Resources Division<br>    United States Department of Justice<br>**Peter M. Torstensen, Jr.**<br>    Deputy Assistant Attorney General<br>Environment and Natural Resources Division<br>    United States Department of Justice<br>**Hayley A. Carpenter**<br>    Trial Attorney<br>hayley.carpenter@usdoj.gov<br>**Marissa Piropato**<br>    Deputy Chief<br>Marissa.Piropato@usdoj.gov<br>Natural Resources Section<br>Ben Franklin Station<br>P.O. Box 7611<br>Washington, D.C. 20044-7611<br>Telephone:  (202) 305-0242<br><br>*Counsel for Kristi Noem, in her official*<br>*capacity as Secretary, United States*<br>*Department of Homeland Security, and Todd*<br>*Lyons, in his official capacity as Acting*<br>*Director, United States Immigration and*<br>*Customs Enforcement* |
| GERALDINE BONZON-KEENAN<br>Miami-Dade County Attorney<br>**Christopher J. Wahl**<br>    Assistant County Attorney<br>wahl@miamidade.gov<br>**Monica Rizo Perez**<br>    Assistant County Attorney | |

| | |
|---|---|
| rizo@miamidade.gov<br>**David M. Murry**<br>    Assistant County Attorney<br>DMMurray@FlyMIA.com<br>Stephen P. Clark County<br>111 Northwest 1st Street, Suite 2810<br>Miami, Florida  33128<br>Telephone:  (305) 375-5151<br>Victor.Rodriguez3@miamidade.gov<br>Madalis.Gonzalez@miamidade.gov<br>KGriffin@FlyMIA.com<br><br>*Counsel for Miami-Dade County* | |