UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| FRIENDS OF THE EVERGLADES, INC., et al.,<br><br>Plaintiffs,<br>v.<br><br>MARKWAYNE MULLIN, et al.<br><br>Defendants. | Case No. 1:25-cv-22896-KMW |

**MOTION OF SOUTHEASTERN YEARLY MEETING OF THE RELIGIOUS SOCIETY OF FRIENDS (QUAKERS) FOR LEAVE TO FILE AMICUS CURIAE BRIEF**

Southeastern Yearly Meeting of the Religious Society of Friends ("SEYM") respectfully asks the Court for leave to file the amicus curiae brief attached as **Exhibit 1**, in support of Plaintiffs and Intervenor-Plaintiff. In support, SEYM states:

1. SEYM is the regional body of Quakers whose Monthly Meetings and Worship Groups span Florida and coastal Georgia and South Carolina. Many of its members live in South Florida, worship in communities near Big Cypress National Preserve, drink water drawn from the Everglades aquifer, and have joined prayer vigils outside the facility at issue, led by Betty Osceola of the Miccosukee Tribe of Florida. SEYM decided to seek leave to file through its own months-long process of communal discernment, undertaken with the knowledge and welcome of members of the Tribe.

2. This Court has inherent authority to permit an amicus curiae to appear. *See In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006). Whether and how an amicus may participate rests in the Court's discretion. *See Resort Timeshare Resales, Inc. v. Stuart*, 764 F. Supp. 1495, 1500-01 (S.D. Fla. 1991). Leave is appropriate where the brief is "timely and useful," *U.S. v. Santiago-Ruiz*, No. 17-60022-CR, 2017 WL 11454398, at *2 (S.D. Fla. Dec. 4,

2017), and will contribute to the Court's understanding of the matter, *see Conservancy of Sw. Fla. v. U.S. Fish & Wildlife Serv.*, No. 2:10-cv-106, 2010 WL 3603276 (M.D. Fla. Sept. 9, 2010).

3. The proposed brief is useful for reasons the parties' filings cannot fully supply. It presents the history of the TNT Site itself: the 1968-1970 jetport fight, the Leopold Report, and the public process that halted construction, helped inspire the National Environmental Policy Act, and led Congress to create the nation's first national preserve with protected tribal rights. It also presents three centuries of shared values among Quakers, the Miccosukee Tribe, and citizen conservation groups, bearing on why the public participation that Congress guaranteed matters, and what is lost when it is bypassed. SEYM is uniquely positioned to offer this perspective as a faith community with deep roots in the region and a long tradition of environmental stewardship and friendship with Native peoples.

4. The proposed brief supports both the environmental Plaintiffs and the Intervenor-Plaintiff Tribe, does not repeat the parties' legal arguments, and addresses the claims in the Amended and Supplemental Complaint [DE 162], including the new Endangered Species Act counts.

5. The motion is timely and will cause no delay. The Amended and Supplemental Complaint was filed on August 12, 2026, responsive pleadings have not yet been filed, and no briefing schedule will be disturbed. SEYM seeks no argument time and no party status, and it will make no further filings unless the Court requests them.

6. Two earlier requests to appear as amicus in this case failed for reasons of timing. The Court denied the Florida Immigrant Coalition's motion without prejudice during the compressed schedule surrounding the emergency motions in July 2025. [DE 36]; [DE 54]. It later denied another movant's request as moot because the preliminary injunction motion it addressed had already been decided. [DE 125]; [DE 143]. SEYM files at neither extreme. The Court is now

proceeding on the Amended and Supplemental Complaint: at the August 14, 2026 status conference, the Court anticipated forthcoming Rule 12 motions and directed the parties to propose a briefing schedule by August 26, 2026, and summonses have since issued on the complaint. [DE 163]; [DE 165]. Granting leave now places the brief before the Court ahead of that briefing and disturbs no schedule.

7. Nor must an amicus brief attach to a pending motion. The Court's authority to accept an amicus is inherent, and the appellate rule applied here by analogy times an amicus filing to the principal filing of the party it supports. Fed. R. App. P. 29(a)(6). In a district court, that filing is the operative complaint. SEYM files now, before responsive pleadings, so that its brief is available to the Court whenever the parties' disputes are ready for decision, and any party remains free to respond to it.

8. The proposed brief complies with Local Rule 5.1. Consistent with Federal Rule of Appellate Procedure 29(a)(4)(E), applied by analogy: no counsel for any party wrote the proposed brief in whole or in part; no party or counsel for a party contributed money intended to fund its preparation or submission; and no person other than SEYM, its members and attenders, and its counsel contributed such money. SEYM is a nonprofit religious body with no parent corporation, and no publicly held corporation owns any interest in it.

**WHEREFORE**, SEYM respectfully asks the Court to grant leave to file the amicus curiae brief attached as **Exhibit 1**.

**CERTIFICATE OF CONFERRAL UNDER LOCAL RULE 7.1(a)(3)**

I certify that counsel for the movant conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues raised in the motion. Counsel conferred by email with counsel of record for all parties on August 17, 2026.

Plaintiffs had not responded at the time of filing. Intervenor-Plaintiff had not responded at the time of filing, but see ¶1, *supra*. The Federal Defendants oppose. Defendant Guthrie opposes the motion. Defendant Miami-Dade County requested and reviewed copies of the brief and this motion, but had not responded at the time of filing. Newly added Defendants Burgum, Fenton, and Nesvik have not yet appeared through counsel, and therefore conferral with them was not possible. [DE 165].

Respectfully submitted,

Dated: August 19, 2026
Miami, Florida

**DUNTON GALLAGHER LEGAL PLLC**

***/s/ Clyde Dunton-Gallagher***
**CLYDE S. DUNTON-GALLAGHER, ESQ.**
Florida Bar No. 122012
3390 Mary Street, Suite 116
Coconut Grove, Florida 33133
Tel: +1 424 259 3334
csdg@pm.me
csdg_service@pm.me
clyde@tutanota.com
*Counsel for Amicus Curiae,*
*Member of the Miami Friends Meeting of the Religious Society of Friends*