**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25-cv-22896-KMW**

FRIENDS OF THE EVERGLADES, INC., a Florida 501(c)(3) not-for-profit corporation, and CENTER FOR BIOLOGICAL DIVERSITY, a 501(c)(3) nonprofit organization,

Plaintiffs,

vs.

MARKWAYNE MULLIN, in his official capacity as Secretary of the UNITED STATES DEPARTMENT OF HOMELAND SECURITY; *et. al.,*

Defendants.

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED AND SUPPLEMENTAL COMPLAINT**

Plaintiffs Friends of the Everglades, Inc. and Center for Biological Diversity (collectively, "Plaintiffs"), pursuant to Federal Rules of Civil Procedure 15(a)(2) and 15(d), respectfully move for leave to file the proposed Second Amended and Supplemental Complaint attached as Exhibit A (the "SASC"). The proposed SASC does not add a new cause of action or materially change the nature of this case. It preserves the same six counts asserted in the operative Amended and Supplemental Complaint (DE 162), while updating the pleading to account for continuing events at the TNT Site, facts newly confirmed after the operative pleading was prepared, changes in the official-capacity defendants, and additional factual detail supporting Plaintiffs' existing NEPA and APA claim. Leave should be freely granted under Rule 15, and leave is appropriate here.

## I. FACTS

1. Plaintiffs filed this action on June 27, 2025, challenging, among other things, Defendants' opening of a mass immigration detention facility at the Dade-Collier Training and

Transition Airport (the "TNT Site") without the environmental review and consultation required by federal law. After a four-day evidentiary hearing, the Court entered a preliminary injunction on August 21, 2025. DE 131. Defendants appealed, and on September 4, 2025, a divided panel of the U.S. Eleventh Circuit Court of Appeals stayed both the injunction and further merits proceedings. The Court of Appeals later vacated the preliminary injunction and remanded for further proceedings. During the stay and appeal, the factual record continued to develop, the facility operated for nearly a year, federal funds were awarded and partially disbursed, and Defendants began what they currently describe as demobilization of the facility.

2. On August 12, 2026, shortly after proceedings resumed, Plaintiffs filed their Amended and Supplemental Complaint. DE 162. That pleading added facts and claims based on events occurring during the appellate stay, including FEMA's funding actions, FEMA's failure to complete lawful consultation under Section 7 of the Endangered Species Act, and the U.S. Fish and Wildlife Service's illegal concurrence concerning the effects of FEMA's action.

3. On August 14, 2026, the Court held a status conference and subsequently directed the parties to endeavor to propose a joint scheduling order by August 26, 2026. On August 17, 2026, Plaintiffs notified Defendants that they intended to amend the complaint by August 21, 2026.

4. The proposed SASC does not add any new parties or assert new claims. It was prepared shortly after the operative pleading and incorporates developments and factual refinements bearing directly on the same project, the same agency actions, the same environmental harms, and the same requested declaratory and equitable relief. It continues to assert six counts: (1) NEPA and APA violations against the Division, DHS, ICE, and FEMA (the Division was party to Count I in Plaintiff's original complaint and is named again in Count I of the SASC); (2) APA violations against DHS, ICE, and FEMA; (3) ultra vires action against the Division; (4) violation of the Miami-Dade County Code and Comprehensive Development Master Plan against the County; (5) ESA violations against FEMA; and (6) APA and ESA violations against FWS.

5. The proposed SASC adds allegations regarding current conditions at the site based on a site visit that occurred after the Amended and Supplemental Complaint was prepared. This includes allegations regarding continued use of heavy-equipment, particulate emissions, debris and aggregate piles left on site, concrete footers and foundations, more than twenty acres of pavement, altered drainage, fill and asphalt piles, trenches, rebar, and invasive species delivered to the site via fill brought on site. The SASC also substitutes the current officeholders for official-capacity defendants and conforms the prayer for relief to the presently alleged conditions, including ongoing demobilization and purported remediation. Such substitutions are procedural and do not alter the substance of the claims. *See* Fed. R. Civ. P. 25(d).

## II. LEGAL STANDARD

"Rule 15(a) of the Federal Rules of Civil Procedure provides that a court should freely grant leave to amend when justice so requires." *Thomas v. Rowe*, No. 25-81180-CV, 2025 WL 3039835, at *4 (S.D. Fla. Sept. 29, 2025), appeal dismissed sub nom. Thomas v. Judge, No. 25-13588-J, 2025 WL 4057067 (11th Cir. Nov. 4, 2025) (Williams, J.). The Supreme Court has explained that leave should be granted absent a substantial reason such as undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Rule 15(a) severely restricts the district court's freedom, directing that leave to amend shall be freely given when justice so requires." *Shipner v. Eastern Air Lines, Inc.*, 868 F.2d 401, 406–407 (11th Cir. 1989), *quoted in Thomas*, 2025 WL 3039835, at *4; *see also Loggerhead Turtle v. Cnty. Council of Volusia Cnty.*, 148 F.3d 1231, 1257 (11th Cir. 1998).

Rule 15(d) separately authorizes a supplemental pleading setting out "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Supplementation promotes judicial economy by allowing a court to resolve the entire controversy in one action rather than requiring a separate lawsuit over later events. *See Harris v.*

*Garner*, 216 F.3d 970, 984 (11th Cir. 2000) (en banc). The Court may permit supplementation even if the original pleading is defective. Fed. R. Civ. P. 15(d).

## III. ARGUMENT

Here, Plaintiffs have acted promptly. The operative pleading was filed on August 12, 2026, and the proposed SASC was prepared within days as Plaintiffs continued to receive and evaluate information concerning the ongoing demobilization, the condition of the TNT Site, the federal funding and consultation process, and the agencies' consideration of impacts on Big Cypress National Preserve. Several allegations concern conditions observed as recently as August 19, 2026. There has been no undue delay, much less bad faith or a dilatory motive.

The unusual procedural history independently supports leave. Merits proceedings were stayed by the Court of Appeals at Defendants' request while the facility was constructed, operated, and federally funded. Plaintiffs could not amend or advance their claims during that stay. Although Plaintiffs had earlier requested to visit the site, only this past week were they allowed a limited site inspection. Rule 15(d) exists for precisely this circumstance: material events occurring during litigation should be addressed in the existing action when they concern the same dispute.

Nor would the proposed amendment disrupt an established case schedule. The Court has yet to enter any scheduling order under Rule 16. No Defendant has answered. To the extent any additional response or record supplementation is required, that limited burden is the ordinary consequence of an amendment and does not constitute undue prejudice. *See Loggerhead Turtle*, 148 F.3d at 1257.

## IV. CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court grant this Motion and permit Plaintiffs to file the proposed Second Amended and Supplemental Complaint attached as Exhibit A.

EARTHJUSTICE
4500 Biscayne Boulevard, Suite 201
Miami, Florida 33137

COFFEY BURLINGTON, P.L.
2601 South Bayshore Drive, Penthouse One
Miami, Florida 33133

Telephone: (305) 440-5432

By: s/ Tania Galloni
Tania Galloni, Fla. Bar No. 619221
tgalloni@earthjustice.org
Dominique Burkhardt, Fla. Bar No. 100309
dburkhardt@earthjustice.org
Alisa Coe, Fla. Bar No. 10187
acoe@earthjustice.org

*Counsel for Friends of the Everglades*

Telephone: (305) 858-2900

By: s/ Paul J. Schwiep
Paul J. Schwiep, Fla. Bar No. 823244
PSchwiep@CoffeyBurlington.com
Scott Hiaasen, Fla. Bar No. 103318
SHiaasen@CoffeyBurlington.com
YVB@CoffeyBurlington.com
LPerez@CoffeyBurlington.com
service@CoffeyBurlington.com

*Counsel for Plaintiffs*

CENTER FOR BIOLOGICAL DIVERSITY
Post Office Box 2155
St. Petersburg, FL 33731
Telephone: (727) 755-6950

By: s/ Elise Pautler Bennett
Elise Pautler Bennett, Fla. Bar No. 106573
ebennett@biologicaldiversity.org
Jason Alexander Totoiu, Fla. Bar No. 871931
jtotoiu@biologicaldiversity.org

*Counsel for Center for Biological Diversity*

## CERTIFICATE OF SERVICE AND CONFERRAL

I HEREBY CERTIFY that on August 21, 2026, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the Service List below via transmission of Notice of Electronic Filing generated by CM/ECF. I certify that I attempted to confer with counsel for Defendants to obtain their agreement to the relief requested herein prior to filing this motion by zoom on Monday, August 17, 2026 and via email, which explained the amendments to the Amended and Supplemental Complaint, sent on August 21, 2026, and that they advised they take no position until they had seen the proposed SASC.

Dated: August 21, 2026

**EARTHJUSTICE**
4500 Biscayne Boulevard, Suite 201
Miami, Florida 33137
Telephone: (305) 440-5432

By: /s/ Tania Galloni
Tania Galloni, Fla. Bar No. 619221
tgalloni@earthjustice.org
Dominique Burkhardt, Fla. Bar No. 100309
dburkhardt@earthjustice.org

*Counsel for Friends of the Everglades*

**CENTER FOR BIOLOGICAL DIVERSITY**
Elise Pautler Bennett, Fla. Bar No. 106573
ebennett@biologicaldiversity.org
Jason Alexander Totoiu, Fla. Bar No. 871931
jtotoiu@biologicaldiversity.org
Post Office Box 2155
St. Petersburg, Florida 33731
Telephone: (727) 755-6950

*Counsel for Center for Biological Diversity*

**COFFEY BURLINGTON, P.L.**
2601 South Bayshore Drive
Penthouse One
Miami, Florida 33133
Telephone: (305) 858-2900

By: /s/ Paul J. Schwiep
Paul J. Schwiep, Fla. Bar No. 823244
PSchwiep@CoffeyBurlington.com
Scott Hiaasen, Fla. Bar No. 103318
SHiaasen@CoffeyBurlington.com

*Counsel for All Plaintiffs*