**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25-cv-22896-KMW**

FRIENDS OF THE EVERGLADES, INC., a Florida 501(c)(3) not-for-profit corporation, and CENTER FOR BIOLOGICAL DIVERSITY, a 501(c)(3) nonprofit organization,

Plaintiffs,

vs.

MARKWAYNE MULLIN, in his official capacity as Secretary of the UNITED STATES DEPARTMENT OF HOMELAND SECURITY; DAVID J. VENTURELLA, in his official capacity as Acting Director of the UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; CAMERON HAMILTON, in his official capacity as Administrator for the FEDERAL EMERGENCY MANAGEMENT AGENCY; DOUG BURGUM, in his official capacity as Secretary of the Interior; BRIAN NESVIK, in his official capacity as Director of the U.S. Fish and Wildlife Service; Jared Perdue, in his official capacity as Acting Executive Director of the Florida Division of Emergency Management; and MIAMI-DADE COUNTY, a political subdivision of the State of Florida,

Defendants.

and

THE MICCOSUKEE TRIBE OF INDIANS OF FLORIDA,

Intervenor-Plaintiff.

**<u>FDEM'S RESPONSE TO PLAINTIFFS' PROPOSED SCHEDULE</u>**

After the Parties jointly agreed to delay discussing scheduling until the operative complaints were filed, Doc. 175, the Court ordered the Parties to "jointly submit a proposed case schedule on or before August 31, 2026," Doc. 177. Consistent with that order, FDEM, the Federal Defendants, and the County provided their positions on the case schedule to Plaintiffs. Still, at 7:39 p.m. on the filing day, Plaintiffs rejected Defendants' position on the schedule, refused to include it in a joint filing, and insisted that they would file unilaterally.

FDEM objects to Plaintiffs' unilateral filing. FDEM's position on the schedule is as follows:

| | |
|---|---|
| October 2, 2026 | Defendants shall respond to the Amended Complaints. |
| October 9, 2026 | The Parties shall file motions to amend pleadings or join Parties. |
| October 23, 2026 | Plaintiffs shall respond to any motions to dismiss. |
| November 7, 2026 | Defendants shall file any replies on the motions to dismiss. |

Among other defenses, FDEM intends to raise both sovereign immunity and venue objections to the amended complaints. When a party raises those kinds of objections, the caselaw holds that the appropriate schedule is one that resolves the threshold issues first and does not proceed beyond that stage. *E.g.*, *Howe v. City of Enter.*, 861 F.3d 1300, 1302 (11th Cir. 2017) ("[T]he part of the order requiring the parties to develop their Rule 26(f) report before the court ruled on the immunity defenses is also inconsistent with … decisions which establish that immunity is a right not to be subjected to litigation beyond the point at which immunity is asserted."); *Doe 1 v. United States*, 2025 WL 4740618, at *3 (S.D. Fla. Oct. 1, 2025) ("The Eleventh Circuit has squarely held that a district court abuses its discretion by requiring a Rule 26(f) report before immunity is resolved.").

That caselaw is applicable here for two reasons. *First*, because sovereign immunity is an immunity from suit, it is erroneous to proceed to discovery before the immunity question is decided. *See Bouchard Transp. Co. v. Fla. Dept. of Envtl. Prot.*, 91 F.3d 1445, 1449 (11th Cir. 1996) (explaining that sovereign immunity is a "right not to participate in this litigation" and so a district court errs by proceeding to other litigation stages before deciding immunity). Indeed, the Eleventh Circuit has specifically held that it is improper to require a party to submit a case-scheduling report before its immunity defense is resolved. *See Howe*, 861 F.3d at 1302.

*Second*, because venue goes to the Court's adjudicative power, venue should also be decided before proceeding to merits discovery. *See Tradex Glob. Master Fund SPC Ltd. v. Palm Beach Cap. Mgmt., LLC*, 2009 WL 10664410, at *1 (S.D. Fla. Nov. 24, 2009) (staying discovery because "venue issue is a threshold legal issue that is case-dispositive").

In short, the proper course is to decide the motions to dismiss and then, if there is anything left of the suit against FDEM, set a schedule for discovery.

In any event, FDEM objects to Plaintiffs' proposed schedule. Plaintiffs have proposed—at most—214 days from the scheduling order to the close of discovery. That is on the low end of the standard track discovery plan. But here, the preliminary-injunction hearing itself took four trial days. And since then, Plaintiffs have added more Defendants and claims. This case is thus better suited for the complex track, requiring between 270 and 365 days to complete discovery. *See* Loc. R. 16.1(a)(2).

Dated: August 31, 2026

Respectfully submitted,

s/ *Jesse Panuccio*
Jesse Panuccio (FBN 31401)
Evan Ezray (FBN 1008228)
David Costello (FBN 1004952)
**BOIES SCHILLER FLEXNER LLP**
401 East Las Olas Blvd., Suite 1200

Fort Lauderdale, FL 33301
jpanuccio@bsfllp.com

*Counsel for Jared Perdue, in his official capacity as Acting Executive Director of the Florida Division of Emergency Management*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2026, the foregoing was filed with the Clerk of Court using CM/ECF, which will serve a Notice of Electronic Filing on all counsel of record.

s/ *Jesse Panuccio*
Jesse Panuccio