**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**No. 25-cv-22896-JEM**

FRIENDS OF THE EVERGLADES, INC., *et al*.

Plaintiffs,

and

MICCOSUKEE TRIBE OF INDIANS OF FLORIDA

Plaintiff-Intervenor,

v.

MARKWAYNE MULLIN, *et al.*,

Defendants.

---

**FEDERAL DEFENDANTS' MOTION TO TRANSFER VENUE**

**INTRODUCTION**

If this Court decides that is has jurisdiction to hear this challenge to a detention facility closed months ago—which does not—this case should be transferred to the Middle District of Florida. Plaintiffs' and Plaintiff-Intervenor's claims, at their core, allege that Defendants have a "joint project to build and operate a mass immigration detention center" without conducting the environmental analyses required by National Environmental Policy Act ("NEPA") and in violation of the Endangered Species Act ("ESA"), National Historic Preservation Act ("NHPA"), National Park Service Organic Act, and the Administrative Procedure Act ("APA"). Dkt. No. 171 ¶¶ 1, 231-54; Dkt. No. 178 ¶¶ 50-84. But the temporary detention center at issue was in Ochopee,[1] which is in the Middle District of Florida, not the Southern District. Dkt. No. 50 at 3. All the physical operational activities and events that Plaintiffs and Intervenor allege harm their interests—construction, paving, detention—occurred in the Middle District, not in the Southern District. And none of the relevant decision-making occurred in the Southern District.

---

[1] *See* Dade-Collier Training and Transition Airport (TNT), https://www.miami-airport.com/dade_collier.asp.

This Court previously ruled on this issue, finding that venue was proper in the Southern District and that Federal Defendants had waived any venue challenge, and declining to transfer venue to the Middle District on a discretionary basis. *Friends of the Everglades, Inc. v. Sec'y of the U.S. Dep't of Homeland Sec.*, 796 F. Supp. 3d 1234, 1256-67 (S.D. Fla. 2025). In vacating this Court's decision on venue and on Plaintiffs' Motion for Preliminary Injunction, the Eleventh Circuit remanded the venue issue to this Court while holding that "[t]he district court erroneously concluded that the officials had waived their venue objection by conduct." *See Friends of the Everglades, Inc. v. Sec'y of the U.S. Dep't of Homeland Sec.*, 174 F.4th 822, 834 (11th Cir. 2026). The Court then advised that Defendant Kevin Guthrie ("FDEM") and Federal Defendants were permitted to object to venue on remand, which Federal Defendants assert here and in their concurrently filed Motion to Dismiss. *Id*.

In Federal Defendants' concurrently filed Motion to Dismiss, Defendants argue that venue is improper in this District. In the alternative, Federal Defendants maintain that the Court should use its discretion to transfer this case to the Middle District of Florida in the interest of justice and for judicial efficiency. The Court should transfer this case to the Middle District because that is where the epicenter of all operational activities were temporarily located and where all on-the-ground activities that Plaintiffs challenge occurred. *See* 28 U.S.C. § 1404(a).

## STANDARD OF REVIEW

Under 28 U.S.C. § 1404(a), the Court may use its discretion to transfer a civil action to a different district: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

In actions against federal agencies or officials, venue is proper "in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1). If defendants are not federal agencies or officials, then a "civil action may be brought in":

> (1) A judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) A judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) If there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)-(3).

## ARGUMENT

There is no dispute that the challenged detention facility and construction activities were exclusively or nearly exclusively in Collier County. The Court should transfer this case to the Middle District of Florida because venue is improper in this District, as argued in Defendants' concurrently filed motion to dismiss, or at a minimum, because the interest of justice supports the transfer and the case could have been brought in the Middle District.

### I. Venue in the Southern District is Improper.

As argued in Federal Defendants' concurrently filed Motion to Dismiss, venue is improper in this District under 28 U.S.C. §§ 1391(b)(1)-(3), 1391(e)(1)(b). The Court should thus dismiss the case or, at a minimum, transfer the case to the Middle District. But even if this Court finds that venue is proper in the Southern District, it should still transfer the case to the Middle District on a discretionary basis, as argued below, because the interest of justice supports the transfer and the case could have been brought in the Middle District.

### II. The Court should transfer the case to the Middle District of Florida in the interest of justice.

Even if the Court finds that venue is proper in this District for all four claims, the Court should use its discretion to transfer this case to the Middle District of Florida under 28 U.S.C. § 1404(a) because the case might have been brought in the Middle District and the interest of justice weighs toward transfer.

#### A. Venue is proper in the Middle District of Florida.

Venue is proper in the Middle District of Florida because "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[,]" in the Middle District. 28 U.S.C. § 1391(e)(1). The Middle District is a proper venue under both alternatives, and this Court agrees. *See Friends of the Everglades,*

*Inc.*, 796 F. Supp. 3d at 1266 (finding that venue is appropriate in the Middle District under § 1391(e)(1)).

**B. The interest of justice supports transfer.**

In considering whether to transfer a case in the interest of justice under 28 U.S.C. § 1404(a), the Court evaluates both the convenience of the parties and public interest considerations. NEPA cases, like this one, are resolved on an Administrative Record and therefore these convenience factors do not play a significant role for purposes of the venue analysis. *Ctr. for Biological Diversity v. Kempthorne*, No. C-07-0894 EDL, 2007 WL 2023515, at *5 (N.D. Cal. July 12, 2007). Contrary to this Court's prior ruling on the issue, multiple courts have found that "[i]n APA cases, as here, . . . the convenience of witnesses and the ease of access to sources of proof—'are neutral with respect to transfer' when the 'case will be decided on the basis of the administrative record.'" *Ctr. for Biological Diversity v. Nesvik*, No. 1:26-cv-2053 (JDB), 2026 WL 2169022, at *7 (D.D.C. July 28, 2026) (quoting *Pres. Soc. of Charleston v. U.S. Army Corps of Eng'rs*, 893 F. Supp. 2d 49, 56 (D.D.C. 2012)); *see also Stewart v. Azar*, 308 F. Supp. 3d 239, 248 (D.D.C. 2018) ("[T]he convenience of witnesses and the ease of access to sources of proof are not likely to be relevant [in APA cases]." (quoting *Oceana, Inc. v. Pritzker*, 58 F. Supp. 2d 2, 4 (D.D.C. 2013) (Mem.)).

And, contrary to this Court's prior analysis on the issue, the Court is still limited to the Defendant agency's not-yet-prepared Administrative Record in assessing Plaintiffs' claims against Federal Defendants. *See Dallas Safari Club v. Bernhardt*, 518 F. Supp. 3d 535, 538-541 (D.D.C. 2021) (ruling that the Court was limited to review of the Administrative Record in an APA case even though plaintiffs there challenged agency *in*action, finding that "[n]othing in the statutory text [of the APA] distinguishes the scope of record review based on whether the claim is directed at agency action or inaction. And nowhere does the text even hint at extra-record review occurring as a matter of course when agency action is alleged to be 'unlawfully withheld . . . .'"). Thus, the convenience of witnesses and the ease of access to sources of proof are irrelevant to this case, as the Court's review is limited to the Administrative Record (despite Plaintiffs' challenge to the agency's inaction regarding NEPA).

The public interest considerations that the Court considers under 28 U.S.C. § 1404(a) are "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case

in a forum that is at home with the law." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 62 n.6 (2013) (citation omitted). This is not a diversity case, so the last factor is inapplicable. But the middle factor—the local interest—weighs heavily in favor of transfer because that interest of justice is best served when localized controversies are decided in local forums. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981); *Carter v. Rudinplay, Inc.*, No. 18-0117-WS-B, 2018 WL 2107608, at *8 (S.D. Ala. May 7, 2018) (transferring a case from Alabama to New York because "the locus of the controversy is found in New York, not in Alabama"); *see also Nesvik*, 2026 WL 2169022, at *8 ("Perhaps the most important factor in the motion-to-transfer balancing test is the interest in having local controversies decided locally." (quoting *Alaska Wilderness League v. Jewell*, 99 F. Supp. 3d 112, 116 (D.D.C. 2015))). In matters of environmental law and land use decisions, disputes "that are of great importance in the State . . . should be resolved in the forum where the people 'whose rights and interests are in fact most vitally affected by the suit'" are located. *Trout Unlimited v. U.S. Dep't of Agric.*, 944 F. Supp. 13, 19-20 (D.D.C. 1996) (quoting *Adams v. Bell*, 711 F.2d 161, 167 n.34 (D.C. Cir. 1983)); *see also S. Utah Wilderness All. v. Norton*, 315 F. Supp. 2d 82, 88 (D.D.C. 2004) ("Land is a localized interest because its management directly touches local citizens.").

The Middle District, the counties and local governments therein, and residents of the Middle District—where the temporary detention center was located—have a compelling interest in seeing that the claims regarding the center are decided locally. *See Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003) (reasoning that the diversity venue statute with similar language to 28 U.S.C. § 1391(e) "emphasizes the importance of the place where the wrong has been committed"); *Backcountry Against Dumps v. Abbot*, No. Civ. S-10-394 FCD/KJN, 2010 WL 2349194, at *4 (S.D. Cal. June 8, 2010) (transferring a case, in part, because "all land and real property related to" the challenged plan lay outside the district).

Plaintiffs allege impacts that go beyond the Middle District, but the resolution of this case—centered on real property located in the Middle District—will have the *greatest* impact on the people and local governments of the Middle District and should be transferred for this reason. *See, e.g.*, *S. Utah Wilderness All.*, 315 F. Supp. 2d at 88 (transferring claims involving oil and gas leases to the District of Utah and explaining that "[t]he controversy is localized in the sense that it involves Utah lands" and "hence there is a strong local interest in having this case heard in Utah"); *WildEarth Guardians v. U.S. Off. of Surface Mining Reclamation & Enf't*, No. 1:13-cv-

518, 2014 WL 503635, at *1 (D. Colo. Feb. 7, 2014) (transferring surface mining claims to Wyoming, New Mexico, and Montana and noting that the "value in having environmental claims litigated *where their impacts resonate most deeply* eclipses any alleged judicial economy in lumping together in one suit and one venue various locally charged claims" (emphasis added)); *WildEarth Guardians v. U.S. Bureau of Land Mgmt.*, 922 F. Supp. 2d 51 (D.D.C. 2013) (transferring claims challenging coal leasing decisions in Wyoming to Wyoming). And this project-specific focus, rather than physically or logically attenuated indirect impacts, is a hallmark of NEPA cases. *See Seven Cnty. Infrastructure Coal. v. Eagle Cnty.*, 605 U.S. 168, 174 (2025) ("[T]he D.C. Circuit ordered the Board to address the environmental effects of projects separate in time or place from the construction and operation of the railroad line. But NEPA requires agencies to focus on the environmental effects of the project at issue."); *see also Gulf Restoration Network v. Jewell*, 87 F. Supp. 3d 303, 311 (D.D.C. 2015) (finding, in a NEPA case, that "venue is proper in the Southern District of Alabama [under 28 U.S.C. § 1391(e)(1)(B)] because the Project is located there.").

The interest in resolving controversies locally weighs heavily in favor of transfer of venue to the Middle District. *See Jenkins Brick Co.*, 321 F.3d at 1371.

**C. Plaintiffs' choice of forum should not be given deference.**

The Court should not defer to Plaintiffs' choice of venue because their claims have little to no connection with this District. To be sure, a plaintiff's choice of forum often warrants deference. *See, e.g.*, *Bartronics, Inc. v. Power-One, Inc.*, 510 F. Supp. 2d 634, 637 (S.D. Ala. 2007) ("a plaintiff's choice of forum should be honored so long as venue is proper there, *unless substantial countervailing considerations militate to the contrary*" (citations omitted; emphasis added)). But "a plaintiff's choice of forum is entitled to less deference in the § 1404(a) analysis where the locus of operative facts lies elsewhere." *Carter*, 2018 WL 2107608, at *9 (citing *Johnston v. Foster-Wheeler Constructors, Inc.*, 158 F.R.D. 496, 505 (M.D. Ala. 1994) ("Where none of the conduct complained of took place in the forum selected by Plaintiff, the Plaintiff's choice of forum is of minimal value in determining whether to transfer an action.")). "[D]eference to a plaintiff's choice of forum is further diminished 'where there is an insubstantial factual nexus between the case and the plaintiff's chosen forum . . . .'" *Nesvik*, 2026 WL 2169022, at *4 (quoting *New Hope Power Co. v. U.S. Army Corps of Eng'rs*, 724 F. Supp. 2d 90, 95 (D.D.C. 2010)). The Middle District is where all or nearly all challenged, alleged

agency actions and events have taken (or could take) place, so Plaintiffs' choice of a different forum deserves little to no deference.

## III. Alternatively, the Court should sever Counts I-III and dismiss those claims or transfer them to the Middle District of Florida.

If the Court finds that Count IV—brought only against Miami-Dade County—prevents transfer to the Middle District, it should sever Plaintiffs' Counts I-III and V-VI and Plaintiff-Intervenor's entire case and either dismiss them or transfer them to the Middle District. Plaintiffs' Count IV is the only claim that names Miami-Dade County. Dkt. No. 171 ¶¶ 224-30. But even if the Court finds that Miami-Dade County's location in this District makes venue proper and discretionarily appropriate for Count IV, that does not make venue proper for the remaining claims against the Federal Defendants and FDEM. *See Burger King Corp. v. Thomas*, 755 F. Supp. 1026, 1029 (S.D. Fla. 1991) ("When multiple claims are pled, venue must be proper for each claim."); *see also N. Am. Med. Corp. v. Axiom Worldwide, Inc.*, No. 1:06-CV-1678-JTC, 2009 WL 10673377, at *2 (N.D. Ga. Jan. 14, 2009) ("'Generally, when multiple causes of action are joined, venue must be established for each separate cause of action.'" (quoting 17 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE, § 110.05 (3d ed. 2008))). For the reasons above and in Federal Defendants' Motion to Dismiss, venue is improper and discretionarily inappropriate in the Southern District for Plaintiffs' Counts I-III and V-VI and all Plaintiff-Intervenor's claims, so the Court should either dismiss those claims or transfer them to the Middle District.

Even if it were not mandatory to dismiss or transfer Plaintiffs' Counts I-III and V-VI and all Plaintiff-Intervenor's claims, Rule 21 "authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons . . . [such as where] they arise from different factual situations . . . ." *Khanna v. State Bar of Cal.*, No. C-07-2587 EMC, 2007 WL 2288116, at *2 (N.D. Cal. Aug. 7, 2007) (citation omitted); *see also Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968). Rule 21 can also be used "to sever claims of parties, otherwise permissibly joined, for purposes of convenience, to avoid prejudice, or to promote the expeditious resolution of the litigation." *Ferger v. C.H. Robinson Worldwide, Inc.*, No. C06-174RSL, 2006 WL 2091015, at *1 (W.D. Wash. July 25, 2006). Severance is appropriate where there are "legal and factual differences" between the various claims. *Delce v. Amtrak & Rescoe Holdings, Inc.*, 180 F.R.D. 316, 319 (E.D. Tex. 1998). Further, "where claims are more properly tried in another forum, severance is the judicial tool of choice." *Id.* While the Middle District is

the most appropriate forum for the entire case, as discussed above, it is without question the most appropriate forum for Plaintiffs' Counts I-III and V-VI and all Plaintiff-Intervenor's claims.

**IV. Federal Defendants have not waived their objection to venue.**

Venue can be waived under 28 U.S.C. § 1406(b), but Federal Defendants have not waived their objection and raise it now and in the concurrently filed Motion to Dismiss, at the first opportunity following remand to this Court. *See Friends of the Everglades, Inc.*, 174 F.4th at 834 ("The district court erroneously concluded that the officials had waived their venue objection by conduct . . . . The circumstances here—where Florida and the Secretary were faced with significant and time-sensitive matters immediately once litigation commenced—do not support waiver."). Plaintiffs have been on notice that Federal Defendants dispute venue for over a year, Dkt. No. 60 (supplemental response regarding venue), and venue is not waived where "[p]laintiffs [were] on notice that venue was disputed." *W. Watershed Proj. v. Burgum*, No. 1:18-cv-00187-REP, 2025 WL 3853055, at *7 (D. Idaho Dec. 29, 2025).

**CONFERRAL**

Counsel for Federal Defendants conferred on this motion with counsel for State Defendants, counsel for the County Defendant, counsel for Plaintiffs, and counsel for Plaintiff-Intervenor. Plaintiffs, Plaintiff-Intervenor, and County Defendant oppose the motion. Counsel for State Defendants authorized undersigned counsel to state as follows: "FDEM believes that no federal court has jurisdiction over it in this case because (1) the claims against FDEM are moot, (2) FDEM is immune from the claims against it, and (3) Plaintiffs lack standing. The proper course, therefore, is to dismiss FDEM. If the Court does not do that, then FDEM consents to a transfer."

**CONCLUSION**

For these reasons, the Court should transfer this entire case to the Middle District of Florida under 28 U.S.C. § 1404(a). Alternatively, it should sever Plaintiffs' Counts I-III and V-VI and all Plaintiff-Intervenor's claims and either dismiss them or transfer them to the Middle District.

Respectfully submitted on October 2, 2026.

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General

s/ Hayley A. Carpenter
HAYLEY A. CARPENTER
Trial Attorney
CA Bar No. 312611
JORDAN COHEN
Trial Attorney
CO Bar No. 55298
Natural Resources Section
Energy & Natural Resources Division
United States Department of Justice
Ben Franklin Station
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 305-0242
hayley.carpenter@usdoj.gov

s/ Mark Arthur Brown
MARK ARTHUR BROWN
Sr. Trial Attorney
Florida Bar No. 0999504
U.S. Department of Justice
Energy & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 532-3103
Email: mark.brown@usdoj.gov

JASON REDING QUIÑONES
UNITED STATES ATTORNEY

CARLOS RAURELL
Assistant U.S. Attorney
Florida Bar No. 529893
United States Attorney's Office
Southern District of Florida
99 NE 4th Street, Florida 33132
Telephone: (305) 961-9243
E-mail: carlos.raurell@usdoj.gov

*Counsel for Markwayne Mullin, in his official capacity as Director of Homeland Security; and Todd Lyons, in his official capacity as*

*Acting Director of the United States Immigration and Customs Enforcement*