IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-CV-22896-KMW

FRIENDS OF THE EVERGLADES, INC. et al.,

Plaintiffs,

v.

MARKWAYNE MULLIN et al.,

Defendants.
_______________________________________/

**DEFENDANT MIAMI-DADE COUNTY'S RESPONSE**
**TO FEDERAL DEFENDANTS' MOTION TO TRANSFER VENUE**[1]

Defendant Miami-Dade County responds to the Federal Defendants' Motion to Transfer Venue (DE 186) as follows.

First, the County's pending motion to dismiss (DE 187) makes plain that Plaintiffs' sole claim against the County, Count IV (asserted against the County alone), never should have been filed in the first place: the claim fails to state a claim for multiple reasons, requests an impermissibly indefinite injunction, and has also been rendered moot. Dismissal of Count IV would remove the County as a defendant in this action, and with the County no longer a defendant in this action, the venue calculus could change considerably. The County thus

[1] The Notice of Court Practices and Procedures states: "the Parties shall file joint motions and consolidated responses and replies unless there are clear conflicts of position. If conflicts of position exist, the Parties must explain the conflicts in their separate filings." The County's position clearly conflicts with (1) the State and Federal Defendants' positions, because the County opposes transfer of this entire case to the Middle District of Florida, and (2) Plaintiffs' position, because the County would not oppose severance of all counts except Count IV and transfer of those other counts to the Middle District.

contends the Court should dismiss the County before the Court conducts any venue analysis.

If, however, the Court is inclined to rule on venue before ruling on the County's motion to dismiss, or if the Court does not grant the County's motion to dismiss, the County contends that the Federal Defendants have failed to justify a transfer of this entire case—or at least transfer of Count IV against the County—to the Middle District of Florida. The Federal Defendants proclaim that "[t]he Middle District, the counties and local governments therein, and residents of the Middle District . . . have a compelling interest in seeing that the claims regarding the center are decided locally." (DE 186 at 5). It's a puzzling proclamation, as no counties or local governments from the Middle District of Florida are parties to this case or have attempted to join or intervene in this case. Indeed, none of the operative complaint's allegations place them or their residents any more at issue than the counties, local governments, or residents of the Southern District of Florida, and certainly not more than Miami-Dade County, which owns the property at issue in this case and is a defendant in this case. Recognizing this, the Federal Defendants go on to insist "the resolution of this case . . . will have the *greatest* impact on the people and local governments of the Middle District." (*Id.* (italics in original)). But those italics don't accomplish anything—we're still left to wonder what exactly makes this case so exclusively "compelling" for the Middle District of Florida.

Perhaps the Federal Defendants will have more to say in their reply. At bottom, though, the County has no objection to any of Plaintiffs' other claims being transferred to the Middle District of Florida, so long as Count IV is not.

Dated October 29, 2026

Respectfully submitted,

GERALDINE BONZON-KEENAN
Miami-Dade County Attorney
Stephen P. Clark Center
111 NW 1st Street, Suite 2810
Miami, Florida 33128

By: /s/ Christopher J. Wahl
David M. Murray (FBN 291330)
Christopher J. Wahl (FBN 122453)
Monica Rizo Perez (FBN 28319)
Assistant County Attorneys
dmmurray@FlyMIA.com
wahl@miamidade.gov
monica.rizo@miamidade.gov
kgriffin@FlyMIA.com
victor.rodriguez3@miamidade.gov
madalis.gonzalez@miamidade.gov
(305) 375-5151
Attorneys for Miami-Dade County